# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 15-cv-02184-REB

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## ORDER REASSIGNING CASE TO CIVIL DOCKET

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion To Reassign Case To Civil Docket** [#16][1] filed November 20, 2015. The defendant filed a response [#18] and does not oppose the motion. The motion is granted.

In its complaint [#1], the plaintiff, Prison Legal News (PLN), seeks declaratory and injunctive relief concerning alleged censorship of its magazine, *Prison Legal News*, by officials of the defendant, the Federal Bureau of Prisons. Allegedly, the improper censorship takes place at the United States Penitentiary, Administrative Maximum (Ad Max or Supermax) in Florence, Colorado. In its complaint, PLN asserts a claim for violation of the First Amendment of the Constitution of the United States, a claim for violation of the Due Process Clause of the Fifth Amendment and a claim for violations of the Administrative Procedure Act (APA). These claims concern the allegedly improper censorship of the PLN at Ad Max.

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

When the complaint was filed, this case was assigned to the AP docket of the court as a case challenging an action or final decision of an administrative agency. D.C.COLO.LAPR 1.1(c). PLN contends correctly that this is a mixed case. One claim concerns the APA, however, two claims do not. In that circumstance, PLN contends, it is improper to assign this case to the AP docket. Concerning its constitutional claims, PLN argues it is entitled to discovery, the opportunity to file a motion for summary judgment, and, possibly, a trial of those claims. The local rules of this court concerning the AP docket either do not permit or strictly limit such procedures in AP cases. Factually and, likely, legally, the APA claim is tied closely if not inextricably to the other two claims asserted by PLN. The APA claim is not readily severable from the other two claims. Rather, it would be most efficient for all three claims to be decided at the same time by the same judge. The defendant agrees it is appropriate to assign this case to the civil docket of this court rather than to the AP docket.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion To Reassign Case To Civil Docket** [#16] filed November 20, 2015, is granted; and

2. That the clerk of the court is directed to remove this case from the AP docket and to reassign this case to a merits judge under D.C.COLO.LCivR 40.1(b).

Dated June 9, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

2