# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 15-cv-02184-RM-NYW**

PRISON LEGAL NEWS,
a project of the Human Rights Defense Center,

    *Plaintiff*,

        v.

FEDERAL BUREAU OF PRISONS,

    *Defendant*.

_____

### JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STAY DISCOVERY [DOCS. 31, 34]
_____

    Plaintiff Prison Legal News ("PLN") and Defendant Federal Bureau of Prisons ("BOP"), through undersigned counsel, jointly move for an order pursuant to D.C.COLO.LCivR 6.1 to extend the deadlines for PLN to oppose BOP's Motion to Dismiss (Doc. 31) and Motion to Stay Discovery (Doc. 34). The parties respectfully request the Court extend the time for these oppositions to be filed by 90 days each to allow the parties to conduct limited jurisdictional discovery related to the Motion to Dismiss. The parties are working cooperatively on an agreement for such discovery.

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

    The parties have conferred and have agreed to jointly seek the extensions requested herein.

## MOTION

PLN filed its complaint on October 1, 2015.  Doc. 1.  The complaint alleges violations of the First and Fifth Amendments to the U.S. Constitution, as well as violations of the Administrative Procedure Act, related to the censorship of PLN's publication *Prison Legal News* at the United States Penitentiary – Administrative Maximum Facility in Florence, Colorado ("ADX").  *Id.* at 1.

On November 30, 2015, while a motion to reassign the case from the AP docket to the civil docket was pending, PLN and BOP jointly moved to extend the deadlines for the parties to file a Joint Case Management Plan and for BOP to respond to the complaint.  Doc. 17.  The parties requested that the deadline for BOP's response to the complaint be extended to a date fourteen days after the Court issued an order on PLN's motion to reassign.  *See id.*  On June 13, 2016, after the Court granted the motion to reassign (Doc. 20 at 2), the Court issued an order granting, in part, the parties' joint motion for an extension of deadlines.  Doc. 23.  On June 22, 2016, BOP filed a motion seeking to extend the time to respond to the complaint by thirty additional days.  *See* Doc. 24.  PLN did not oppose this motion, *see id.*, based in part on its understanding that BOP would not oppose a similar extension for PLN's opposition to the motion to dismiss.  On June 24, 2016, this Court granted the unopposed motion to extend.  Doc. 29.

BOP filed its Motion to Dismiss on July 27, 2016.  Doc. 31.  BOP contends that certain claims in PLN's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  BOP also asserts that other aspects of PLN's complaint fail to state a claim upon which relief may be granted and should therefore be

dismissed pursuant to Rule 12(b)(6).  Doc. 32.  In support of its motion, BOP submitted a thirteen-page declaration, along with an additional sixty pages of exhibits.

PLN served discovery requests on BOP, including discovery related to BOP's jurisdictional arguments, on August 4, 2016.  BOP moved to stay discovery pending resolution of the motion to dismiss on August 5, 2016.  Doc. 34.  The Court has scheduled oral argument on the Motion to Dismiss for September 29, 2016, Doc. 33, and the Court reset the Scheduling Conference for October 13, 2016.  Doc. 36.  Both dates would be affected by this extension.  *See* NYW Civ. Practice Standard 6.1.

Under Local Civil Rule 7.1(d) and Federal Rule of Civil Procedure 6, PLN's response to BOP's Motion to Dismiss is currently due on August 22, 2016.  PLN has not previously requested an extension of time for this deadline.  *See* NYW Civ. Practice Standard 6.1.  Under Local Civil Rule 7.1(d) and Federal Rule of Civil Procedure 6, PLN's response to BOP's Motion to Stay Discovery is due on August 31, 2016.  PLN has not previously requested an extension of time for this deadline.  *See* NYW Civ. Practice Standard 6.1.

There is good cause for the Court to extend the deadlines for PLN to respond to BOP's motions to dismiss and stay discovery.  *See id.*  The Tenth Circuit contemplates limited jurisdictional discovery in response to a 12(b)(1) motion to dismiss:  "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citing *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).  Here, **the parties have agreed that jurisdictional discovery is appropriate to allow PLN to respond to BOP's Motion to Dismiss**, and the parties are working cooperatively toward an agreement for such discovery.

3

The requested extension will allow time for BOP to respond to PLN's jurisdictional-related discovery requests and for PLN to analyze such discovery and incorporate it into its opposition to the Motion to Dismiss.  The BOP will respond to PLN's requests for discovery in a timely manner that will allow PLN to meet the deadlines for responding to the BOP's motions requested herein, and will provide its objections and responses within the time prescribed by the rules or within the time allowed by any reasonable request for an extension.[1]  PLN also contemplates taking one or more depositions, and the parties will work to agree on the appropriate number of depositions, as well as the scheduling of those depositions.[2]

By allowing time for this discovery, the requested extension would make the briefing on BOP's Motion to Dismiss more efficient for the parties and the Court.  In addition, the extension would allow the parties a greater opportunity to seek agreement on jurisdictional discovery, thereby conserving the resources of both the Court and the parties.

Undersigned counsel for the parties certify that they will serve this motion on representatives of their respective clients.  *See* D.C.COLO.LCivR 6.1(c).

WHEREFORE, the parties respectfully request that the Court issue an order extending to November 15, 2016 the deadline for PLN to respond to BOP's Motion to Dismiss (Doc. 31) and extending to November 25, 2016 the deadline for PLN to respond to BOP's Motion to Stay Discovery (Doc. 34).  A proposed order is attached.

---

[1] In an email to BOP dated August 11, 2016, PLN identified its jurisdictional-related interrogatories and requests for productions as Interrogatory Nos. 1, 2, 3, 7, 11, 13, 15, and Requests for Production Nos. 1, 4, 5, 6, 10, 11, 12, 21, 22 and 24.  The BOP reserves its right to assert all appropriate objections to PLN's discovery requests, as well as to object to the number of depositions requested by PLN, to the extent the parties are unable to agree on that number.

[2] The parties reserve all rights to file motions to compel or for protective orders to the extent the parties are unable to agree on discovery issues.

Respectfully submitted August 16, 2016

                                        <u>*s/ Steven D. Zansberg*</u>

Lance Weber
Sabarish Neelakanta
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Email:
lweber@humanrightsdefensecenter.org
sneelakanta@humanrightsdefensecenter.org

*Of Counsel:*

Elliot Mincberg
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle NW
Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Email: elliot_mincberg@washlaw.org

Steven D. Zansberg
Levine Sullivan Koch & Schulz LLP
1888 Sherman Street, Suite 370
Denver, CO 80203
Telephone: (303) 376-2409
FAX: (303) 376-2401
E-mail: szansberg@lskslaw.com

Peter A. Swanson
Stephen W. Kiehl
Matthew S. Shapanka
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
FAX: (202) 662-6291
E-mail: pswanson@cov.com
       skiehl@cov.com
       mshapanka@cov.com

David M. Shapiro
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, IL 60611
Telephone: (312) 503-0711
Email: david.shapiro@law.northwestern.edu

*Attorneys for Plaintiff Prison Legal News*

5

ROBERT C. TROYER
Acting United States Attorney

*s/ Susan Prose*
Susan Prose
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Email: susan.prose@usdoj.gov

*Attorney for Defendant*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

Susan Prose
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
1225 17th Street, Suite 700
Denver, CO 80202
Susan.Prose@usdoj.gov

*Counsel for Defendant Federal Bureau of Prisons*

                                              *s/ Stephen Kiehl*
                                              Stephen Kiehl

                                              *Attorney for Plaintiff Prison Legal News*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 15-cv-02184-RM-NYW**

PRISON LEGAL NEWS,
a project of the Human Rights Defense Center,

    *Plaintiff*,

        v.

FEDERAL BUREAU OF PRISONS,

    *Defendant*.

___

**ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STAY DISCOVERY**
___

The Court, having reviewed the Joint Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Motion to Stay Discovery, hereby GRANTS the motion. It is ORDERED that:

1. The deadline for Plaintiff Prison Legal News to respond to Defendant Bureau of Prison's Motion to Dismiss is extended by 90 days, to November 15, 2016.

2. The deadline for Plaintiff Prison Legal News to respond to Defendant Bureau of Prison's Motion to Stay Discovery is extended by 90 days to November 25, 2016.

DATED this ___ day of _____, 2016.

                                              BY THE COURT:

                                              _____
                                              NINA Y. WANG
                                              United States Magistrate Judge