IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02184-RM-NYW

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

**DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the Federal Bureau of Prisons ("BOP") respectfully moves for entry of a protective order regulating the use and disclosure of documents and materials produced in connection with the discovery process in this case. Counsel for Prison Legal News ("PLN") and the BOP have worked collaboratively to reach an agreement on the terms of the proposed Stipulated Protective Order attached to this motion at Exhibit 1. Undersigned counsel is authorized to represent that PLN does not oppose entry of the Stipulated Protective Order.

As background, PLN alleges violations of the First and Fifth Amendments to the U.S. Constitution, as well as the Administrative Procedure Act, related to the rejection of certain issues of PLN's publication *Prison Legal News* at the United States Penitentiary – Administrative Maximum in Florence, Colorado ("ADX"). Doc. 1 at 1. The BOP has moved to dismiss all claims in the complaint. Doc. 32. The BOP argues that PLN's complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See id.* The parties have agreed to engage in limited jurisdictional discovery related to the BOP's motion to dismiss. *See* Doc. 37 at

3. Discovery is proceeding at this time.

There is good cause for the Court to enter the attached proposed Stipulated Protective Order.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … specifying terms, including time and place or the allocation of expenses for the disclosure or discovery[.]").  Based on the discovery requests that PLN has served as of the date of this motion, the BOP anticipates that the discovery to be produced in this case may implicate sensitive law-enforcement information and information concerning inmates who are not parties to this case.[1]  The BOP has an interest in insuring that this information is not subject to widespread dissemination, nor is widespread dissemination necessary for PLN to effectively pursue its claims in this case.

The Stipulated Protective Order details the limits on the use of such information, both during the case and after its termination.  The Stipulated Protective Order also provides a mechanism for the parties to object to the designation of protected information, which includes a mandatory conferral process before the issue is raised with the Court.  *See* Ex. 1 at ¶¶ 12, 13.  These provisions will minimize the necessity for judicial intervention in dealing with discovery materials.  *See Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).  Entry of the proposed Stipulated Protective Order will promote the efficient litigation of this case.  The order does not prejudice or compromise the rights of either party.

WHEREFORE, the Federal Bureau of Prisons respectfully requests that this Court enter the Stipulated Protective Order attached to this motion.

---

[1] By agreeing to the entry of a Protective Order, the BOP does not waive any proper objections to PLN's discovery requests.

Respectfully submitted September 21, 2016.

        ROBERT C. TROYER
        Acting United States Attorney

        s/ *Susan Prose*
        Susan Prose
        Assistant United States Attorney
        1225 Seventeenth Street, Suite 700
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0404
        E-mail: susan.prose@usdoj.gov

        Counsel for the Federal Bureau of Prisons

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on September 21, 2016, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

    Steven D. Zansberg
    Lance Weber
    Sabarish Neelakanta
    Peter A. Swanson
    Matthew S. Shapanka
    Elliot Mincberg
    David M. Shapiro
    Stephen William Kiehl


                                          <u>s/ *Susan Prose*</u>
                                          Susan Prose
                                          United States Attorney's Office