# Exhibit 1
# Proposed Stipulated Protective Order

*Prison Legal News v. Federal Bureau of Prisons*,
No. 15-cv-02184-RM-NYW

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-NYW

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Stipulated Protective Order ("Protective Order") to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials and/or information, including, without limitation, documents produced, including electronic discovery, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. Documents, materials, and/or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (both categories collectively referred to as "PROTECTED Information"), shall be information that is confidential and implicates the personal privacy of inmates; the personal privacy of staff and employees; prison security and safety; and/or law enforcement techniques.  PROTECTED

Information shall not be disclosed or used for any purpose except the litigation of this case. The protections granted by this Protective Order shall not be waived.

3. If Defendant produces to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production.

4. The subset of PROTECTED Information that implicates the personal privacy of inmates or the personal privacy of staff or employees shall be designated as PROTECTED by marking it as "CONFIDENTIAL."

5. The subset of PROTECTED Information marked "CONFIDENTIAL" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

   a. Attorneys actively working on this case;

   b. Persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. Employees of the Department of Justice and the Federal Bureau of Prisons, with a need to have access to such document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Federal Bureau of Prisons employee from having access to Federal Bureau of Prisons records to which such employee would normally have access in the regular course of his or her employment;

   d. The parties;

    e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    f. Witnesses or court reporting personnel during depositions;

    g. The Court, and necessary Court staff, pursuant to Paragraphs 11, 12, and 13; and

    h. Other persons by written agreement of the parties.

6. The subset of PROTECTED Information pertaining to the law enforcement sensitive and official-use only records of the Federal Bureau of Prisons or other highly sensitive materials produced by either party shall be designated as PROTECTED by marking it as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

7. The subset of PROTECTED Information marked "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a. Attorneys actively working on *and* who have entered an appearance in this case;

    b. Attorneys or staff employed at a law office of an attorney described in Paragraph 7(a);

    c. Employees of the Department of Justice and the Federal Bureau of Prisons, with a need to have access to such document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Federal Bureau of Prisons employee from having access to Federal Bureau of Prisons records to which such employee would normally have access in the regular course of his or her employment;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    e. Court reporting personnel during depositions;

    f. The Court, and necessary Court staff, pursuant to Paragraphs 11, 12, and 13; and

    g. Other persons by written agreement of the parties.

8. Any reproduction of PROTECTED Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

9. Prior to disclosing any PROTECTED Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) to any person listed in Paragraphs 5(e), 5(f), or 5(h), or 7(d), 7(e), or 7(g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

10. Whenever a deposition involves the disclosure of PROTECTED Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate

depositions, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. In the event that a party desires to use PROTECTED information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) as an exhibit to a Court document, the PROTECTED information shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

12. If additional disclosure is needed of PROTECTED Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), counsel for the party seeking disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within thirty (30) days, either party may file an appropriate motion with the Court. Said motion may attach the disputed PROTECTED Information as an exhibit to the motion, consistent with Paragraph 11 of this Protective Order.

13. A party may object to the designation of PROTECTED Information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information) by giving written notice to the counsel for the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within fourteen (14) days after

the time the written notice is received, it shall be the obligation of the party designating the PROTECTED Information to file an appropriate motion requesting that the Court determine whether good cause exists for the disputed information to be treated as PROTECTED and subject to the terms of this Protective Order.  Said motion may attach the disputed PROTECTED Information as an exhibit to the motion, consistent with Paragraph 11 of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as PROTECTED under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as PROTECTED.

14. Unless other arrangements are agreed upon, all PROTECTED information (including "CONFIDENTIAL" and "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information), whether electronic or physical, shall be immediately returned to the producing party within 30 days of the conclusion of the case, or shall be destroyed or deleted.  Where PROTECTED Information is destroyed or deleted, the party shall promptly provide an affidavit confirming the destruction or deletion.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of PROTECTED Information pursuant to this Protective Order.

15. This Protective Order shall not be enforceable against individuals who do not receive PROTECTED Information pursuant to this Order.

16. This Protective Order is limited to documents and information exchanged in the course of discovery in the above-captioned case.  This Order does not apply to any documents or

information that is or becomes publicly available or that is obtained by either party outside the course of discovery in the above-captioned case (whether or not such documents and information were also exchanged during discovery in this case).

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard. The Court shall retain jurisdiction to enforce this Protective Order even after the case has concluded.

DATED this ____ day of September 2016.

BY THE COURT:

_____
NINA Y. WANG
United States Magistrate Judge

Approved as to form and content:

s/ *Stephen W. Kiehl*_____
Steven D. Zansberg
Levine Sullivan Koch & Schulz LLP
1888 Sherman Street, Suite 370
Denver, CO 80203
Telephone: (303) 376-2409
FAX: (303) 376-2401
E-mail: szansberg@lskslaw.com

Peter A. Swanson
Stephen W. Kiehl
Matthew S. Shapanka
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001

ROBERT C. TROYER
Acting United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-01100
Fax: (303) 454-0404
E-mail: susan.prose@usdoj.gov
Counsel for the Federal Bureau of Prisons

7

Telephone: (202) 662-6000
FAX: (202) 662-6291
E-mail: pswanson@cov.com
skiehl@cov.com
mshapanka@cov.com

David M. Shapiro
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, IL 60611
Telephone: (312) 503-0711
Email: david.shapiro@law.northwestern.edu

Lance Weber
Sabarish Neelakanta
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Email: lweber@humanrightsdefensecenter.org
sneelakanta@humanrightsdefensecenter.org

*Of Counsel:*

Elliot Mincberg
Washington Lawyers' Committee for Civil Rights
& Urban Affairs
11 Dupont Circle NW
Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Email: elliot_mincberg@washlaw.org

*Attorneys for Plaintiff Prison Legal News*

8