# Exhibit C



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary –*
*Administrative Maximum*

*P.O. Box 8500*
*Florence, Colorado 81226*

August 6, 2015

Mr. Peter A. Swanson, Esq.
Covington & Burling LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001-4956

Re: Rejection of *Prisoner Legal News* at ADX Florence

Dear Mr. Swanson:

This is in response to your letter dated June 30, 2015, addressed to Sally Q. Yates, Deputy Attorney General, United States Department of Justice, regarding issues related to a rejection of an edition(s) of *Prison Legal News* at the United States Penitentiary – Administrative Maximum (ADX) in Florence, Colorado.  Your letter was forwarded to me for response.

In your letter, you state that, since January 2010, ADX Florence staff have rejected at least twelve issues of *Prison Legal News* in their entirety, but "given the prison's uneven record of providing rejection notices . . . it may well have rejected more."  You also state that, to the extent rejection notices have been provided, the "issues were rejected because they contained information about ADX inmates or staff members" which were part of federal court filings or otherwise in the public record.  Specifically, you reference one edition of *Prison Legal News*, from July 2013, that was purportedly rejected because it included an article about an ADX inmate.  You state that the article contents was publicly available information and should not have been subject to censorship or rejection.  You claim that the "persistent pattern of unjustified censorship" of *Prison Legal News* violates your client's rights under the First Amendment, the Fifth Amendment, and the Administrative Procedures Act.  You request the government to "commit to immediately stop censoring" *Prison Legal News* at ADX Florence.

Pursuant 28 C.F.R. § 540.70 and Program Statement 5266.10, <u>Incoming Publications</u>, the Federal Bureau of Prisons permits an inmate to subscribe to or to receive publications without prior approval and has established procedures to determine if an incoming publication is detrimental to the security, discipline, or good order of the institution or if it might facilitate criminal activity.  Enumerated categories of rejections are found at 28 C.F.R. § 540.71(b)(1)-(7).

In accordance with 28 C.F.R. § 540.71(d) & (e), when a publication is found to be unacceptable, the Warden shall promptly advise the inmate in writing of the decision and the reasons for it.  The notice must contain reference to the specific article(s) or

Mr. Swanson, Esq.
Page 2
August 6, 2015

material(s) considered objectionable.  The Warden shall permit the inmate an opportunity to review this material for purposes of filing an appeal under the Administrative Remedy Program, with certain exceptions.  The Warden shall provide the publisher or sender of an unacceptable publication a copy of the rejection letter.  The publisher/sender shall be advised that he may obtain an independent review of the rejection by writing to the Regional Director within 20 days of receipt of the rejection letter.  The Warden shall return the rejected publication to the publisher or sender of the material unless the inmate indicates an intent to file an appeal under the Administrative Remedy Program, in which case the Warden shall retain the rejected material at the institution for review.  In case of appeal, if the rejection is sustained, the rejected publication shall be returned when appeal or legal use is completed.  Further instructions regarding notifications for rejected publications can be found on page 6 of Program Statement 5266.10.

While you reference one instance of *Prison Legal News* being rejected, and elude to at least a dozen others, you do not provide any specific information from which further investigation may be initiated.  For instance, you do not specify the name of the inmate, register number, provide a copy of the rejection notice (from which you presumably quoted in your letter), or information regarding appeals either from the inmate at issue through the Adminstrative Remedy Program or *Prison Legal News* through the Regional Director.  In order to better address your concerns, you are encouraged to provide more specific information regarding the nature of the purported rejections.  Following receipt of such information, further inquiry can be made regarding specific instances of rejected issues of *Prison Legal News*.

I trust this information is responsive to your concerns.

Sincerely,

J. Oliver
Warden