# Exhibit F

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT 2003 DEC 10 PM 3: 42
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK

Civil Action No. 03-D-2516(PAC)

_____ DEP. CLK

RECEIVED

DEC 19 2003

GENDLER & MANN, LLP

PRISON LEGAL NEWS, a Washington non-profit organization,

Plaintiff,

v.

ROBERT A. HOOD, in his official and individual capacity, MICHAEL V. PUGH, in his official and individual capacity; HARLEY G. LAPPIN, in his official and individual capacity, and KATHLEEN HAWK SAWYER, in her official and individual capacity,

Defendants.

---

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR A JURY TRIAL

---

### I. INTRODUCTION AND NATURE OF THE CASE

1. Plaintiff brings this action, pursuant to the United States Constitution and <u>Bivens v. Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), to enjoin the Federal Bureau of Prisons (BOP) from censoring, in violation of the First Amendment, the receipt of the journal *Prison Legal News* by prisoners incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in the State of Colorado. Plaintiff also brings this action to have ADX's ban on "inmate to inmate correspondence" as embodied in Institutional Supplement FLM 5265.11B and C, Correspondence, section 5, subsection L, Inmate to Inmate Correspondence, declared unconstitutional insofar as the rule purports to apply to

publications such as *Prison Legal News*. Plaintiff further seeks compensatory and punitive damages for the unconstitutional censorship of *Prison Legal News,* and attorneys' fees.

## II. JURISDICTION

2. Plaintiff's claims arise under the laws of the Constitution of the United States, specifically the First Amendment of the United States Constitution and federal common law under Bivens. Jurisdiction is found under Article III of the United States Constitution and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant the declaratory relief requested pursuant to 28 U.S.C. § 2201 et seq.

## III. VENUE

3. Venue lies properly in the Court pursuant to 28 U.S.C. § 1391(a) and (e) because a substantial part of the events or omissions giving rise to this suit occurred in Colorado.

## IV. PARTIES

4. Plaintiff Prison Legal News is a non-profit organization incorporated under the laws of the State of Washington, with its principal place of business in Seattle, Washington. Plaintiff is publisher of the monthly magazine *Prison Legal News (PLN)* and distributor of various books. In the course of its business, plaintiff corresponds with prisoners regularly regarding plaintiff's magazine and other publications, through subscription renewal notices, fliers and publisher letters.

5. Defendant Michael V. Pugh was the Warden of the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado during 2001 and 2002. Defendant Pugh was responsible for issuing rejection notices of publications, including *PLN,* during that time.

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 2

6. Defendant Robert A. Hood is presently Warden of the United States Penitentiary ADX in Florence, Colorado. Defendant Hood is currently responsible for issuing rejection notices of publications, including *PLN*.

7. Defendant Harley G. Lappin is the Director of the Bureau of Federal Prisons. The Bureau of Federal Prisons (BOP) is a branch of the United States Department of Justice and is responsible for overseeing the administration of all federal penal institutions including ADX.

8. Defendant Kathleen Hawk Sawyer is the former Director of the Bureau of Prisons. Defendant Hawk Sawyer held the position as BOP Director during 2001, 2002, and a portion of 2003. The BOP is a branch of the United States Department of Justice and is responsible for overseeing the administration of federal penal institutions including ADX.

9. All defendants are sued in their official capacities as described in paragraphs 5-8 above, and in their individual capacities on account of their actions and failures to act as stated in this Complaint.

## V. ALLEGATIONS OF FACT

10. Plaintiff is the publisher of the monthly magazine *Prison Legal News* and distributor of books and other materials pertaining to legal rights of prisoners and the conditions affecting prisoners. Plaintiff has subscribers in prisons in all 50 states, including facilities organized and run by the U.S. Bureau of Prisons. Subscribers to *Prison Legal News* also include attorneys, judges, journalists, academics, and others who have an interest in the topics included in the magazine.

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 3

11. The publications, books and other materials described in paragraph 10 above are political speech and social commentary which are at the core of the First Amendment values and are entitled to the highest protection afforded by the First Amendment.

12. The purpose of the organization as stated in Prison Legal News' Articles of Incorporation, Article 3, Part 6 is: "To educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prison to society."

13. Beginning in approximately March 2001, defendants have refused to allow delivery of the magazine *Prison Legal News*, to one or more of the prisoners under the control of the BOP facility ADX. Prior to that time plaintiff's magazines were regularly delivered to plaintiff's inmate subscribers at ADX so that plaintiff and its subscribers were able to exercise and enjoy their First Amendment right of free speech.

14. Defendants' censorship of *PLN* as described in this Complaint interferes with plaintiff's exercise of its First Amendment right to communicate core political speech with subscribers. Defendants have invoked Program Statement 5266.09, Incoming Publications, section 6, subsection b, to attempt to justify censoring numerous issues of PLN. This regulation allows the warden to reject a publication which "depicts, describes or encourages activities, which may lead to the use of physical violence or group disruptions." The issues of plaintiff's magazine that were rejected on this basis did not in fact depict, describe, or encourage any activities which

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 4

may lead to the use of physical violence or group disruptions.[1] Accordingly, defendants' censorship of these issues did not promote any legitimate penological interests but instead violated plaintiff's First Amendment right to communicate core political speech with its subscribers.

15. Until January 2003, the BOP and ADX relied on Program Statement 5266.09; this statement was replaced by Program Statement 5266.10. These statements are substantially similar and the portions of Program Statement 5266.09 that are at issue in this complaint are identical to the corresponding provisions in Program Statement 5266.10.

16. Defendants also have rejected *PLN* on the basis that it is alleged to be "inmate to inmate correspondence." Defendants have refused to deliver or allow delivery of *PLN* to prisoners in ADX who subscribe to this publication, solely on the grounds that these publications are "inmate to inmate correspondence" pursuant to "Institutional Supplement FLM 5265.11B and C, Correspondence, § 5(L), Inmate to Inmate Correspondence."[2]

17. Defendants' ban on "inmate to inmate correspondence," specifically a ban on any "article, publication, advertisement, etc. that contains specific information written by or about an inmate or inmates and their causes," is not reasonably related to any legitimate penological interest. This institutional supplement prohibits ADX prisoners from receiving publications such

---

[1] The following are issues of *PLN* that are known by plaintiff to have been rejected by the Warden for allegedly violating this provision: March 2001; May 2001; August 2001; September 2001; October 2001; February 2002; and April 2003.

[2] The following are issues of *PLN* that are known by plaintiff to have been rejected by the Warden for allegedly violating this provision: January 2002; March 2002; and April 2002.

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 5

as the *New York Times*, *Christian Science Monitor*, or even Martin Luther King, Jr.'s "Letters from the Birmingham Jail," the prison writings of world leaders such as Mahatma Gandhi, Nelson Mandela, and Vaclav Havel and the works of numerous Nobel Prize winners. Defendants' ban on "inmate to inmate correspondence" is enforced not according to any objective standards, but according to the personal prejudices of ADX officials. For these reasons, the ban fails to advance any legitimate penological interest and violates plaintiff's rights.

18. Issues of *PLN* that have been confiscated and/or discarded rather than delivered to their prisoner subscribers include political speech, which is entitled to the highest protection under the Constitution of the United States.

## VI. FIRST CAUSE OF ACTION: UNCONSTITUTIONAL CENSORSHIP AS PROMOTING VIOLENCE

19. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 18.

20. Plaintiff is entitled to a declaration that its magazine *PLN* is core political speech entitled to the highest degree of protection under the First Amendment, and that defendants' censorship of *PLN* as alleged herein on the basis that it allegedly "depicts, describes or encourages group disruptions which may lead to the use of physical violence" does not advance any legitimate penological goals, violates plaintiff's rights protected by the First Amendment, and is unconstitutional.

21. Plaintiff is entitled to an injunction prohibiting defendants from refusing to process and deliver or allow delivery of *PLN* to ADX prisoners, based on the grounds that it "depicts,

describes, or encourages group disruptions which may lead to the use of physical violence," where that basis has been inappropriately applied by defendants in the absence of any legitimate penological interest.

### VII. SECOND CAUSE OF ACTION: UNCONSTITUTIONAL BAN ON "INMATE TO INMATE" CORRESPONDENCE

22. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 21.

23. Plaintiff is entitled to a declaration that all regulations and/or instructions, administrative directives, institutional procedures, or policies on which defendants base their refusal to deliver or allow delivery of *PLN* to ADX prisoner subscribers because defendants characterize these publications as "inmate to inmate correspondence" are unconstitutional as applied and violate plaintiff's rights protected by the First Amendment.

24. Plaintiff is entitled to a declaration that defendants' ban on "inmate to inmate correspondence" is unconstitutional as applied, because it is does not promote any legitimate penological interest and violates plaintiff's rights under the First Amendment.

25. Plaintiff is entitled to an injunction prohibiting defendants from refusing to deliver or allow delivery of *PLN* to ADX prisoners on the grounds that this publication constitutes "inmate to inmate correspondence."

26. As a proximate and direct result of defendants' actions, plaintiff has suffered damages in an amount to be more fully enumerated at trial.

## VII. JURY DEMAND

Plaintiff hereby demands trial to a jury of six (6) on all issues so triable.

## VIII. PRAYER FOR RELIEF

Plaintiff Prison Legal News requests the following relief:

1. A declaration that defendants' actions and failures to act have violated plaintiff's right to communicate with prison subscribers and readers secured by the First Amendment.

2. A declaration that defendants' misapplication of Program Statement 5266.09 and 5266.10, Incoming Publications, section 6, subsection b, (5), violates plaintiff's rights proetced by the First Amendment and is unconstitutional.

3. A permanent injunction prohibiting defendants from improperly applying Program Statement 5266.09 and 5266.10, Incoming Publications, section 6, subsection b, (5), in the absence of any content in *PLN* that "depicts, describes or encourages activities, which may lead to the use of physical violence or group disruptions."

4. A declaration that Supplement FLM 5265.11B and C, Correspondence, section 5, subsection L, Inmate to Inmate Correspondence, violates plaintiff's rights protected by the First Amendment, is unconstitutional as applied to plaintiff, and is invalid.

5. A permanent injunction prohibiting defendants from applying Supplement FLM 5265.11B and C, Correspondence, section 5, subsection L, Inmate to Inmate Correspondence, to restrict or prohibit delivery of plaintiff's magazines to their addressees.

6. An injunction, including temporary injunctive relief, ordering defendants to deliver plaintiff's magazine *Prison Legal News* to the addressees at ADX, including delivery of prior issues that the court finds to have been censored in violation of plaintiff's constitutional rights as alleged herein.

7. An award of plaintiff's damages.

8. An award of punitive damages.

9. An award of plaintiff's reasonable attorneys' fees and costs pursuant to 28 U.S.C. §2412.

10. Such further relief as the Court deems just and equitable.

Dated this 14th day of Nov, 2003.

Respectfully submitted,

THE LAW OFFICES OF TRINE & METCALF, P.C.

By: _____
William Trine, CSBA No. 577
1435 Arapaho Avenue
Boulder, CO 80302-6390
Telephone: (303) 442-0173

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 9

Dated this 10th day of November, 2003.

GENDLER & MANN, LLP

By: *[signature]*

Michael W. Gendler, WSBA No. 8429
*gendler@winstarmail.com*
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Telephone: (206) 621-8868

Attorneys for Prison Legal News

PLN(Den)\Colorado\Complaint

PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES - 10