**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

       Plaintiff,

       v.

FEDERAL BUREAU OF PRISONS,

       Defendant.

_____

**PLAINTIFF PRISON LEGAL NEWS'S MEMORANDUM IN OPPOSITION TO
DEFENDANT FEDERAL BUREAU OF PRISONS' MOTION TO STAY DISCOVERY
(DOC. 34)**
_____

       Plaintiff Prison Legal News ("PLN") respectfully submits this opposition to Defendant the Federal Bureau of Prisons' ("BOP's") motion to stay discovery in this action.  PLN filed this action more than fifteen months ago to address the government's censorship of its publication *Prison Legal News* at the United States Penitentiary – Administrative Maximum ("ADX"), in Florence, Colorado.  BOP sought a stay of discovery in connection with BOP's motion to dismiss certain of PLN's claims as moot and certain claims for failure to state a claim and for lack of standing.  After filing the motion to stay, BOP agreed that PLN was entitled to jurisdictional discovery related to BOP's mootness argument, which is based on alleged policy changes instituted after PLN filed this action, and the parties have subsequently engaged in such discovery.  Accordingly, BOP's motion should be denied as moot (and, in any event, improper) insofar as it seeks to stay jurisdictional discovery.

As to merits discovery, PLN has waited over a year since its Complaint was filed to obtain such discovery.  BOP offers no compelling reason to further delay merits discovery, which would be "contrary to the disfavored status of stays in this District."  *Smith v. Sprint/United Mgm't Co.*, No. 15-cv-00550-WJM-KMT, 2015 WL 5444299, at *2 (D. Colo. Sept. 16, 2015).  BOP does not (and cannot) argue that PLN seeks to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Indeed, PLN's Complaint was sufficiently detailed to allow BOP to attempt (albeit unsuccessfully) to moot certain claims.  But having had multiple opportunities to change its censorship practices before litigation ensued, BOP should not be permitted to rely on its alleged post-suit changes to avoid the ordinary burdens of litigation—particularly given that the purported changes fail to resolve the First Amendment dispute in this case.

A stay pending resolution of the motion would prejudice PLN by delaying the adjudication of PLN's constitutional claims and risking the loss of evidence.  BOP, on the other hand, would not incur any atypical burdens by engaging in merits discovery in this case, especially because BOP has already provided some merits discovery in connection with the jurisdictional issue.  Further, full discovery would benefit the Court, and the public interest and interest of non-parties, including *Prison Legal News* subscribers, is served by swift resolution of this case.  Therefore, BOP's motion to stay discovery should be denied.

## BACKGROUND

PLN filed its complaint in this matter on October 1, 2015, asserting claims arising under the First Amendment, Fifth Amendment, and the Administrative Procedure Act, stemming from BOP's censorship of eleven issues of *Prison Legal News*.  Doc. 1.  After the Court initially

assigned the case to the AP docket, Doc. 5, PLN moved for the case to be reassigned to the civil docket because the case raised constitutional claims that required discovery and fact-finding. Doc. 16. While BOP initially opposed reassignment to the civil docket, *id.* at 1, BOP withdrew its opposition after PLN had prepared and filed its motion, Doc. 18. The Court granted the motion to reassign to the civil docket on June 9, 2016. Doc. 20.

BOP subsequently moved for and received two extensions of its deadline to respond to the Complaint. Docs. 23, 29. On July 27, 2016, BOP filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Doc. 31. BOP's motion argues that this Court lacks subject-matter jurisdiction with respect to certain claims, that PLN failed to state a plausible claim for relief with respect to certain claims (or "aspects" of claims), and that PLN lacks standing with respect to a particular allegation within one claim. Doc. 31 at 2. PLN is filing its opposition to the motion to dismiss concurrently with this opposition.

On August 4, 2016, PLN served its initial discovery requests on BOP, including interrogatories, requests for production, and a request to conduct a prison mailroom inspection. The next day, BOP moved to stay all discovery. Def.'s Mot. to Stay Discovery (Doc. 34) (hereinafter, "Motion to Stay"). In response, PLN requested that BOP at a minimum provide jurisdictional discovery relating to BOP's motion to dismiss. BOP agreed to do so, as the parties explained in their Joint Motion for an Extension of Time and discussed with the Court in a telephonic hearing on August 19, 2016. Docs. 37, 40.

Since that time, the parties have worked cooperatively to engage in jurisdictional discovery. BOP served its responses to the interrogatories and requests for production on September 5, 2016. Decl. of Matthew Shapanka (Jan. 30, 2017) (hereinafter, "Shapanka Decl.")

3

¶¶ 11-12 (attached to PLN's Opposition to Defendant's Motion to Dismiss).  Since that date,

BOP has made rolling productions of documents, and has now produced nearly 1,300 pages of

records, including prison policies, rejection notices for *Prison Legal News* and other

publications, and training materials.  *Id.* ¶ 13.  On January 13, 2017, BOP supplemented its

original interrogatory responses.  *Id.* ¶ 14.  On January 17, 2017, PLN took the deposition of

Todd Chapman, the executive assistant at ADX, who submitted a declaration in support of

BOP's motion to dismiss.[1]  *Id.* ¶ 3.

## ARGUMENT

BOP's motion to stay purports to seek a stay of all discovery.  Mot. to Stay at 1–2.  As

explained above, however, BOP subsequently conceded that jurisdictional discovery is

appropriate and necessary for PLN to fully respond to BOP's motion to dismiss.  Doc. 37 at 3.

Indeed, the Tenth Circuit has held that "[w]hen a defendant moves to dismiss for lack of

jurisdiction, either party should be allowed discovery on the factual issues raised by that

motion."  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)

(quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)); *see also id.*

(explaining that it is an abuse of discretion to refuse such discovery "where pertinent facts

bearing on the question of jurisdiction are controverted" or "where a more satisfactory showing

of the facts is necessary") (citation and internal quotation marks omitted).[2]  Because the parties

---

[1] The parties sought and received two extensions of time for completion of jurisdictional discovery, and for PLN to respond to BOP's motion to dismiss, in order to allow the parties to engage in settlement discussions.  Docs. 47, 51.  Despite significant efforts, the parties were unable to reach a mutually acceptable resolution.

[2] *See also, e.g.*, *InfoNow Corp. v. Zyme Solutions, Inc.*, No. 12-cv-03255-MSK-MEH, 2013 WL 173421, at *1 (D. Colo. Jan. 16, 2013) (permitting jurisdictional discovery prior to ruling on (continued…)

have already engaged in jurisdictional discovery, BOP's motion should be denied as moot and/or improper insofar as it applies to such discovery.

Merits discovery should likewise proceed in this fifteen-month-old case concerning censorship that occurred between 2010 and 2014. BOP has already provided some merits discovery in connection with jurisdictional discovery, and BOP fails to offer any compelling reason to stay the remaining merits discovery pending a ruling on BOP's motion to dismiss.

## I.    Stays of Discovery Pending Motions to Dismiss Are Disfavored.

The Tenth Circuit has held that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *CFTC v. Chilcott Portfolio Mgm't, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation and internal quotation marks omitted). "In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015) (citation omitted).

Here, BOP seeks to stay the case pending resolution of its motion to dismiss, which requests dismissal of certain claims (or aspects of claims) for lack of subject matter jurisdiction under Rule 12(b)(1) and certain claims (or aspects of claims) for failure to state a claim under Rule 12(b)(6). BOP asserts, without citing any authority, that "[t]his Court has held that it should determine whether jurisdiction exists before the parties proceed to discovery." Mot. to Stay at 1. But courts faced with motions to stay pending resolution of jurisdictional issues have

motion to dismiss); *Ayyad v. Holder*, No. 05-cv-02342-WYD-MJW, 2012 WL 4838667, at *9 (D. Colo. Oct. 10, 2012) (same); *Magpul Indus., Corp. v. Blue Force Gear, Inc.*, No. 14-cv-01470-RBJ, 2014 WL 6845851, at *1, *5 (D. Colo. Dec. 4, 2014) (same).

nevertheless observed the "underlying principle" that stays should only be granted in "the most extreme circumstances." *Smith*, 2015 WL 5444299, at *1 (quoting *CFTC*, 713 F.2d at 1484); *see also id.* (stating that "discovery *may* be inappropriate while issues of immunity or jurisdiction are being resolved" (emphasis added)).  Indeed, a case BOP cites—which involved damages claims against individual defendants who raised immunity defenses—explains that "[t]here are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, *requests for injunctive (as opposed to monetary) relief*, and *claims against entities, not individuals*."  *Meek v. Clements*, No. 11-cv-02840-MSK-MEH, 2012 WL 688409, at *1 (D. Colo. Mar. 2, 2012) (emphases added).  Here, PLN's claims, which do not seek monetary damages and which are asserted against the federal government—and not any individuals—should proceed notwithstanding BOP's mootness argument.[3]

    In a lengthy discussion of Rule 12(b)(6), BOP asserts that the Tenth Circuit "has recognized that discovery should not proceed until the Court determines that a plaintiff has pleaded a plausible claim."  Mot. to Stay at 6.  That is not so.  BOP relies on *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011), but that case did not deal with discovery at all, but rather summarized the pleading requirements under the Supreme Court's

---

[3] The other cases BOP cites are similarly distinguishable.  *See Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *1 (D. Colo. Jan. 16, 2015) (stay pending resolution of immunity defenses raised by individual defendants); *Ind v. Colorado Dep't of Corrs.*, No. 09-cv-00537-WJM-KLM, 2012 WL 202779 (D. Colo. Jan. 23, 2012) (stay pending resolution of sovereign immunity defense (in addition to mootness) raised by individual defendant and governmental entity); *String Cheese Incident LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (granting thirty-day stay limited to subset of defendants (an attorney and his law firm) pending resolution of Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction).

decisions in *Iqbal*, 556 U.S. 662, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Kansas Penn Gaming*, 656 F.3d at 1215.  Even after *Twombly* and *Iqbal*, the rule in the Tenth Circuit continues to be that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."  *Davidson*, 2015 WL 5444308, at *1 (quoting *CFTC*, 713 F.2d at 1484); *see also Kyle v. Rosales*, No. 15-cv-2423-RM-GPG, 2016 WL 308769, at *1 (D. Colo. Jan. 24, 2016); *Sudduth v. Servis One Inc.*, No. 14-cv-00874-RM-KMT, 2014 WL 4783668, at *1 (D. Colo. Sept. 25, 2014).

As such, courts in this District have regularly rejected stays pending resolution of motions to dismiss under Rule 12(b)(6).  *See, e.g.*, *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *2 (D. Colo. Apr. 8, 2015) (denying motion to stay discovery where defendant moved to dismiss plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6)); *Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) (denying motion to stay discovery where defendant moved to dismiss plaintiff's claims as time-barred under Rule 12(b)(6)).  In *Boden*, for example, the court noted granting a motion to stay discovery where a Rule 12(b)(6) motion to dismiss has been filed "would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss."  2015 WL 3826725, at *2.  Such a result "would not only be contrary to the disfavored status of stays in this District, but would also make the court's docket thoroughly unpredictable and, hence, unmanageable."  *Id.* (citation omitted).

BOP also incorrectly analogizes the present case to Tenth Circuit cases where, as BOP acknowledges, the plaintiffs sought discovery to "allow[] them to plead their … claim with the required particularity."  Mot. to Stay at 7.  *See, e.g.*, *Jensen v. Am.'s Wholesale Lender*, 425 F.

App'x 761, 764 (10th Cir. 2011) (noting that plaintiffs "insist they could establish their fraud

claim with discovery"); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012) (noting

plaintiffs' claim that they "were denied a full and fair opportunity to litigate their claims");

*Mecca v. United States*, 389 F. App'x 775, 782 (10th Cir. 2011) (noting that plaintiff claimed he

could "show defendants' culpability with discovery").  Here, BOP does not dispute that PLN's

Complaint includes sufficiently detailed factual allegations.  Because PLN does not seek to

"unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*,

556 U.S. at 678–79, BOP's Rule 12(b)(6) arguments do not support a stay.

**II.      The *String Cheese Incident* Factors Compel Denial of the Motion to Stay.**

In evaluating a motion to stay discovery, courts in this district consider five factors:  (1)

the plaintiff's interest in proceeding expeditiously with the case, and the potential prejudice to

plaintiff from a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the

interest of persons not party to the litigation; and (5) the public interest.  *See String Cheese

Incident*, 2006 WL 894955, at *2.  These factors weigh against a stay in this case.

*First*, PLN has a significant interest in proceeding expeditiously with the case.  This case

concerns the rejection by ADX of at least eleven issues of *Prison Legal News* between 2010 and

2014.  Compl. ¶ 22.  PLN filed its complaint in 2015, and the case has now been pending for

over fifteen months.  A stay would further delay PLN's efforts to vindicate its constitutional

rights and ensure its ability to communicate with its subscribers.  And given that some of the

rejected issues date back seven years at this point, proceeding with discovery is important to

avoid any loss of evidence, including loss of documentary evidence, unavailability of third-party

witnesses, and memories fading due to the passage of time.

BOP's argument that a stay would not cause any prejudice is simply a rehash of its mootness argument.  Mot. to Stay at 10.  But for the reasons discussed in PLN's opposition to the motion to dismiss, BOP's mootness argument has no merit:  While BOP claims to have "abolished the practice at the heart of PLN's claims, *i.e.*, rejecting the magazine based on a reference to a BOP inmate or staff member," Mot. to Stay at 10, this change is not embodied in any written policy.  BOP's sole basis for claiming the practice has been abolished is a hearsay statement of an ADX employee who is not in charge of prison censorship.  *See* Pl. Prison Legal News's Mem. Opp'n to Def. Federal Bureau of Prisons' Mot. to Dismiss, at § I.A.  And, in any event, this purported change does not address PLN's as-applied claim that the censorship of the eleven issues of *Prison Legal News* violated the First Amendment if the appropriate standards, rather than ADX's blanket practice, were applied.  *See id.*  Further delaying the resolution of this important—and live—First Amendment dispute will not result in any efficiencies.

*Second*, the discovery burden on BOP is lessened given that BOP has already produced nearly 1,300 pages of documents and has already responded to seven out of sixteen interrogatories and ten out of twenty-five requests for production.  Shapanka Decl. ¶¶ 11-13.  As BOP has already begun providing discovery, the burden of completing that discovery—which BOP has avoided for over fifteen months—is lessened in this case.  BOP cannot argue that it should be shielded from "the ordinary burdens of litigation," *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012) (citation omitted), particularly in a case involving "claims against entities, not individuals." *Meek*, 2012 WL 688409, at *1.

*Third*, the Court would not be inconvenienced by denying the motion to stay.  The parties have already worked together cooperatively on jurisdictional discovery, as BOP notes.  Mot. to

Stay at 12.  Any disputes that may arise could be addressed by the Court efficiently, and proceeding with discovery now would enable a swifter resolution of the matter if the motion to dismiss is denied, thereby consuming fewer Court resources over the long term.

*Fourth* and *fifth*, both the interest of inmates at ADX and the public interest support the denial of BOP's motion to stay.  While BOP claims that ADX inmates "do not have an interest in immediate discovery," *id.*, ADX inmates do have an interest in the prompt resolution of this case.  ADX inmates who subscribe to *Prison Legal News* have been deprived of at least eleven issues of the magazine for the mere reason that they identified BOP inmates and staff members.  *Id.* at 2.  These inmate subscribers have a substantial interest in access to a magazine containing legal news of direct relevance to them.  Further, while prison inmates have certain limitations on what publications they can receive to preserve the "security, good order, or discipline of the institution," 28 C.F.R. § 540.71(b), the general public interest in the dissemination of information does not stop at the prison wall.  *See Stanley v. Georgia*, 394 U.S. 557, 564 (1969) ("It is now well established that the Constitution protects the right to receive information and ideas.").  Finally, "the public interest favors the prompt and efficient handling of all litigation." *Gold, Inc.*, 2015 WL 1650900, at *2.

* * * *

Significant discovery has already occurred in this 2015 case.  It would be most efficient and economical for all parties, and for this Court, for the parties to proceed to merits discovery without further delay.

## CONCLUSION

For the reasons stated above, this Court should deny BOP's motion to stay.

DATED:      January 30, 2017      Respectfully Submitted,

*/s/ Matthew S. Shapanka*

Peter A. Swanson                     Steven D. Zansberg
Stephen W. Kiehl                    Levine Sullivan Koch & Schulz LLP
Matthew S. Shapanka              1888 Sherman Street, Suite 370
Covington & Burling LLP          Denver, CO 80203
One CityCenter, 850 Tenth Street NW    Telephone: (303) 376-2409
Washington, DC 20001             FAX: (303) 376-2401
Telephone: (202) 662-6000         E-mail: szansberg@lskslaw.com
FAX: (202) 662-6291
E-mail: pswanson@cov.com
        skiehl@cov.com           Sabarish Neelakanta
        mshapanka@cov.com      Human Rights Defense Center
                                  PO Box 1151
                                  Lake Worth, Florida 33460
*Of Counsel:*                        Telephone: (561) 360-2523
                                  Email: sneelakanta@humanrightsdefensecenter.org
Elliot Mincberg
Washington Lawyers' Committee for     David M. Shapiro
Civil Rights & Urban Affairs          Northwestern University School of Law
11 Dupont Circle NW, Suite 400       375 E. Chicago Avenue
Washington, DC 20036             Chicago, IL 60611
Telephone: (202) 319-1000         Telephone: (312) 503-0711
Email: elliot_mincberg@washlaw.org    Email: david.shapiro@law.northwestern.edu

*Attorneys for Plaintiff Prison Legal News*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2017, the foregoing was electronically filed with the Clerk of the Court using the ECF/CM electronic filing system, which will send electronic notification to all counsel of record.

*/s/ Matthew S. Shapanka*
Matthew S. Shapanka