# Exhibit 3
# Declaration of Christopher Synsvoll

*Prison Legal News v. Federal Bureau of Prisons*,
No. 15-cv-02184-RM-STV

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-NYW

PRISON LEGAL NEWS,
a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

**DECLARATION OF CHRISTOPHER B. SYNSVOLL**

    I, Christopher B. Synsvoll, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above entitled matter.

    1.    I am the Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons facilities known as the Federal Correctional Complex (FCC) in Florence, Colorado. The FCC Florence is comprised, in part, of the United States Penitentiary – Administrative Maximum (ADX). I have been so employed since July 2002. I have been employed by the Bureau, in positions of increasing responsibility, since September 1998.

    2.    As part of my official duties, I assist the United States Attorney's Office, District of Colorado, in the defense of civil litigation arising out of the ADX, or other facilities at FCC

1

Florence.  I have access to records maintained in the ordinary course of business by the Bureau, including litigation files.

3. I am familiar with Plaintiff's litigation history with respect to the ADX.  In 2003, Plaintiff filed a lawsuit against the warden of the ADX, and others, alleging that the ADX unlawfully rejected issues of *Prison Legal News*.  This case, captioned as *Prison Legal News v. Hood, et al.*, Case No. 03-cv-02516-PAC (D. Colo.), was assigned to me as the Bureau attorney. Warden Hood, and others sued in their individual capacities, were represented by William Pharo, Assistant United States Attorney, from the United States Attorney's Office in the District of Colorado.  I worked with Mr. Pharo during the pendency of this case.

4. At the end of 2005, I was conducting an annual review of all cases assigned to me. As I was reviewing *Hood* through PACER filings, I noticed that, on November 17, 2005, Plaintiff filed a Notice of Voluntary Dismissal (Doc. 59) pursuant to Fed. R. Civ. P. 41(a).  On the same date, Judge Daniel issued an order dismissing the case without prejudice (Doc. 60).

5. This resolution was a bit surprising as there was no prior discussion regarding any settlement agreement.  Had a settlement been effectuated between the parties, as the assigned attorney for the Bureau, I would have been involved in drafting, reviewing, and implementing the terms of the settlement agreement.

6. In conjunction with this declaration, I have checked Bureau litigation files and there is no record of any settlement agreement being effectuated in that case.

Pursuant to the provisions of 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 10th day of February 2017, in Florence, Colorado.

*s/ Christopher B. Synsvoll*
Christopher B. Synsvoll
Supervisory Attorney
FCC Florence, Colorado
Federal Bureau of Prisons