**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

---

**REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY [DOC. 34]**

---

The parties simply disagree about whether the Court should open discovery concerning the purported merits of PLN's claims. But the BOP has the stronger argument.[1]

First, with the agreement and cooperation of the BOP, PLN has had a full and fair opportunity to conduct discovery on the jurisdictional question of whether its First Amendment claim (Claim 1) is moot. The BOP responded to written discovery requests and produced for deposition the sole witness requested by PLN. The BOP's motion to dismiss, which asks the Court to resolve the jurisdictional question, is fully briefed as of today.

The Court should not allow any "merits discovery" on Claim 1 until it resolves that jurisdictional question, which would resolve the first claim completely and which the BOP has presented on a full evidentiary record.[2] The "compelling reason" (*see* Doc. 56 at 5) is that the Court

---

[1] The BOP incorporates here the arguments from its motion to stay. *See* Fed. R. Civ. P. 10(c).
[2] The BOP does not know what "merits discovery" it has provided, according to PLN, during the limited jurisdictional discovery undertaken to date. *See* Doc. 56 at 5. But if some of the jurisdictional discovery may also bear on the merits analysis, that does not mean that unlimited merits discovery should be allowed before the Court determines whether or not it has subject-matter

has no power to take *any* action concerning this claim if it does not have subject-matter jurisdiction. *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005); *see also Brown v. Buhman*, 822 F.3d 1151, 1169 (10th Cir. 2016) (district court lacked authority in moot case to issue an order enjoining future alleged constitutional violations), *cert. denied*, 2017 WL 276182 (U.S. Jan. 23, 2017).

Second, with regard to PLN's due-process claim (Claim 2), the record here emphasizes that there is no urgent need for PLN to conduct discovery. As explained in the BOP's reply in support of its motion to dismiss, in February 2016, the BOP adopted comprehensive procedures for reviewing incoming publications. The impact of those procedures has been dramatic. There were only **19** content-based rejections at the ADX from February through December 2016—out of some **18,000 publications received**—and not one was PLN's publication. Indeed, no issue of PLN's magazine has been rejected at the ADX for almost three years, and the BOP has agreed to give previously rejected issues to ADX inmate-subscribers. Moreover, since the February 2016 policy was implemented, not one publication has been rejected simply because it contained the name of a BOP inmate or staff member. That past practice was the impetus for PLN's lawsuit here. In short, the Court can examine evidence showing that PLN's ability "to communicate with its subscribers" at the ADX is in no jeopardy whatsoever. *See* Doc. 58 at 9.

The BOP respectfully disagrees with PLN's analysis of the remaining *String Cheese* factors, for the reasons set forth in its motion to stay discovery. *See* Doc. 34 at 9-13. But one point bears special mention here. Discovery in this case is not a matter of small concern to the BOP. *See* Doc. 56 at 9 (asserting that "the discovery burden on BOP is lessened" because it produced some

---

jurisdiction. It does show the BOP's good-faith cooperation during the jurisdictional-discovery process and how difficult it can be to cabin discovery.

documents in jurisdictional discovery).  Having negotiated with PLN about the proper scope of

jurisdictional discovery, the BOP anticipates that PLN will seek broad discovery, will renew its

demand for entry on land at the ADX, and will seek to depose many ADX officials—including

executive-level personnel.  Such discovery inevitably has a significant impact on ADX operations.

The BOP understands that it has an obligation to participate in discovery, and its

cooperation with jurisdictional discovery in this case shows that it does not shirk that responsibility.

But the Court has good grounds to exercise its discretion to delay discovery here until it resolves a

fully briefed motion to dismiss that asserts a jurisdictional defense.[3]  For the reasons set forth here

and in the BOP's motion to stay, the Court should wait until the motion to dismiss is resolved

before opening non-jurisdictional discovery.

Respectfully submitted on February 13, 2017.

ROBERT C. TROYER
Acting United States Attorney

s/ *Susan Prose*
Susan Prose
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0404
E-mail: susan.prose@usdoj.gov

Counsel for the Federal Bureau of Prisons

---

[3] To be clear, as explained in its briefing on the motion to dismiss, the BOP *does* "dispute that PLN's Complaint contains sufficiently detailed factual allegations" to state a plausible procedural-due-process claim.  *See* Doc. 56 at 8.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 13, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

Steven Zansberg
Lance Weber
Sabarish Neelakanta
Peter Swanson
Matthew Shapanka
Elliot Mincberg
David Shapiro
Stephen Kiehl


s/ *Susan Prose*
Susan Prose
United States Attorney's Office