**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

_____

**PLAINTIFF PRISON LEGAL NEWS'S MOTION FOR RELIEF FROM THE JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b) (DOCS. 71, 72)**
_____

Plaintiff Prison Legal News ("PLN") hereby brings this motion under Federal Rules of Civil Procedure 59(e) and 60(b) to vacate (a) the Court's Order rejecting the Recommendation of the Magistrate Judge and dismissing the case without prejudice (Doc. 71 ("Order")), and (b) the Final Judgment entered pursuant to the Order (Doc. 72). The Order was issued before the deadline had passed for PLN to file its responses to Defendant's Objections to the Magistrate Judge's Recommendation and Appeal of Order Denying Motion to Stay. PLN should have an opportunity to respond before this Court rules on the Objections. Accordingly, PLN respectfully requests that the Court vacate the Order and permit PLN to file its response briefs to Defendant's Objections and Appeal of Order Denying Motion to Stay on or before April 4, 2017. PLN has conferred with BOP, which opposes the relief requested in this motion.

1

## I. BACKGROUND

Plaintiff Prison Legal News is a non-profit entity which publishes *Prison Legal News*, a monthly magazine that provides news about legal decisions affecting prisoners and information designed to help its subscribers, including nineteen inmates at the United States Penitentiary – Administrative Maximum Facility at Florence, Colorado ("ADX").  PLN brought an action against the Federal Bureau of Prisons ("BOP"), alleging that the ADX's censorship of issues of *Prison Legal News* violates the First Amendment, the Administrative Procedure Act, and PLN's procedural due process rights.  Further relevant background facts of this case can be found in the Magistrate Judge's Recommendation.  Doc. 62 at 1-8.

On February 23, 2017, following complete briefing on BOP's Motion to Dismiss, Magistrate Judge Scott T. Varholak issued a Recommendation to deny BOP's Motion to Dismiss and an Order denying BOP's Motion to Stay Discovery and Vacate the Scheduling Conference and Related Deadlines.  Doc. 62.  On March 16, 2017, after receiving a one-week extension of time (Doc. 65), BOP filed and served its Objections to the Magistrate Judge's Recommendation.  Doc. 66.  Under Federal Rule of Civil Procedure 72(b)(2), PLN had 14 days—*i.e.*, until March 30—to respond.  On March 28, 2017, 12 days after BOP filed its Objections, the Court issued an Order rejecting the Magistrate's Recommendations, granting BOP's Motion to Dismiss, and denying as moot BOP's Motion to Stay and Appeal of Order Denying Motion to Stay.  Doc. 71.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2) provides:

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

2

>respond to another party's objections within 14 days after being served with a copy.

Fed. R. Civ. P. 72(b)(2).[1]  No provision of the Local Civil Rules for the District of Colorado, this Court's Practice Standards, or any order entered in this case altered the 14-day deadline under Rule 72(b)(2).

Upon motion, the Court may amend or alter a judgment under Federal Rule of Civil Procedure 59(e) when the judgment is based on a mistake in either law or fact.  *See Gregg v. American Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (Fed. R. Civ. P. 59(e) motion appropriate when court has misunderstood party or has made mistake of apprehension rather than reasoning).

Relief from a judgment or order is available under Federal Rule of Procedure 60.  Rules 60(b)(1) and 60(b)(6) allow the court, on motion, to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise or excusable neglect," Fed. R. Civ. P. 60(b)(1); or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) ("Rule 60(b)(1) can be used to correct judicial error of substantive law on a theory of mistake of law." (citing *Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067 (10th Cir. 1980))).  Rule 60(b)(6) has been described by the Tenth Circuit as a "grand reservoir of equitable power to do justice in a particular case."  *Van Skiver v. U.S.*, 852 F.2d 1241, 1244 (10th Cir. 1991) (internal quotation marks and citations omitted).

---

[1] The 2009 Amendments to the Federal Rules of Civil Procedure changed the time limit for responding to Objections to a Magistrate's recommendations from 10 days to 14 days.  *See* Fed. R. Civ. P. 72(b)(2) advisory comm. n. (2009).

### III. DISCUSSION

The Court's Order was issued prior to giving PLN an opportunity to timely file its response brief, and the Order mistakenly states that the deadline to file such brief had passed. PLN respectfully submits that this mistake should be corrected under Federal Rules of Civil Procedure 59(e) and 60(b), by vacating the Order and providing PLN an opportunity to file its response briefs.

In its Order, the District Court stated:

> Accompanying Defendant's Objections is a Supplemental Declaration of Jack Fox, ADX Florence's current Warden, dated March 14, 2017. (ECF No. 66-1). Plaintiff filed no response to Defendant's Objections and the deadline to do so passed. (*See generally* Dkt.) Before issuing his Recommendation, the Magistrate Judge held an oral hearing regarding the two Motions on February 17, 2017. (*See* ECF No. 61.)

Order at 1 n.1, Doc. 71. However, the deadline to respond to BOP's Objections had not passed. BOP filed its objections on March 16, 2017. *See* Docket Entry for Doc. 66; Def.'s Objs. at 20, Doc. 66 ("Respectfully submitted on March 16, 2017); *id.* at 21 ("I hereby certify that on March 16, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system[.]"). Federal Rule of Civil Procedure 72(b)(2) provides that "[a] party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). Therefore, PLN has until March 30, 2017, to file its response to the objections.

Furthermore, the District Court also disposed of BOP's Appeal of Order Denying Motion to Stay Discovery, Doc. 67, finding the motion moot in light of the Court's grant of BOP's Motion to Dismiss, Order at 11, Doc. 71. BOP filed its appeal on the same day as its Objections—March 16, 2017—and as an objection to a Magistrate's order and recommendation,

PLN has 14 days from the date of service to respond under Rule 72.  Thus, PLN has until March 30, 2017, to file its response to BOP's appeal of the Magistrate's order denying a stay of discovery.

The Court can correct these errors in calculating the due date of PLN's response briefs by granting PLN relief under either Federal Rule of Civil Procedure 59(e) or 60(b).  Justice favors a ruling after a full briefing on the merits, particularly given that Rule 72(b) expressly authorizes PLN to respond to the objections.  The Order and Final Judgment should be vacated, and PLN should be allowed to timely file its response brief pursuant to Rule 72, so that the Court may rule with the benefit of full briefing.

PLN further requests that the Court allow PLN to file its response briefs on or before April 4, 2017, only five days after the original response date.  "In district court, the governing rule allows an extension of time 'for good cause.' Fed. R. Civ. P. 6(b)(1). This rule should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).  PLN is prepared to file its responses to BOP's objections to the Magistrate's recommendations and appeal of the denial of the motion to stay discovery by the original deadline of March 30, 2017, [2] if required to do so.  However, additional time will permit PLN to address the Court's Order.  Allowing PLN to do so would be in the interest of justice, as it would allow a full consideration of each party's position before ruling on the merits.  An extension would not prejudice BOP, as BOP previously stated (in seeking an extension for its objections) that it would "not oppose any extension PLN may require to respond to the

---

[2] No extensions to this deadline have been granted.  The original deadline of March 30, 2017, follows 14 days after the service of BOP's motions, per Federal Rule of Civil Procedure 72.

objections." Doc. 64 at 1 n.1. When a motion for an extension is filed before the passing of a deadline, under Federal Rule of Civil Procedure 6(b), "[s]howing good cause is not a particularly demanding requirement." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011).

## CONCLUSION

For the reasons stated above, PLN respectfully requests that the Court grant PLN's Motion for Relief under Federal Rules of Civil Procedure 59(e) and 60(b), vacate its Order and the Final Judgment, and allow PLN to file its response briefs to BOP's Objections and Appeal of the Order Denying Motion to Stay Discovery on or before April 4, 2017.

DATED:   March 29, 2017          Respectfully Submitted,

*/s/ Matthew S. Shapanka*
Peter A. Swanson
Stephen W. Kiehl
Matthew S. Shapanka
Covington & Burling LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
FAX: (202) 662-6291
E-mail: pswanson@cov.com
          skiehl@cov.com
          mshapanka@cov.com

*Of Counsel:*

Elliot Mincberg
Washington Lawyers' Committee for
Civil Rights & Urban Affairs
11 Dupont Circle NW, Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Email: elliot_mincberg@washlaw.org

Steven D. Zansberg
Levine Sullivan Koch & Schulz LLP
1888 Sherman Street, Suite 370
Denver, CO 80203
Telephone: (303) 376-2409
FAX: (303) 376-2401
E-mail: szansberg@lskslaw.com

Sabarish Neelakanta
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Email: sneelakanta@humanrightsdefensecenter.org

David M. Shapiro
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, IL 60611
Telephone: (312) 503-0711
Email: david.shapiro@law.northwestern.edu

*Attorneys for Plaintiff Prison Legal News*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF/CM electronic filing system, which will send electronic notification to all counsel of record.

/s/ Matthew S. Shapanka
Matthew S. Shapanka