**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

      v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

_____

**PLAINTIFF PRISON LEGAL NEWS'S OPPOSITION TO
DEFENDANT FEDERAL BUREAU OF PRISONS' APPEAL OF ORDER
DENYING MOTION TO STAY DISCOVERY (DOC. 67)**

_____

      Plaintiff Prison Legal News ("PLN") respectfully submits this opposition to Defendant the Federal Bureau of Prisons' ("BOP's") appeal of the Magistrate Judge's Order denying BOP's Motion to Stay Discovery (Doc. 62). BOP's appeal rests on an erroneous assertion that, whenever a party files a jurisdictional motion, the district court has no choice but to automatically and immediately stay the case. BOP's Appeal of Order Denying Mot. to Stay (Doc. 67) ("Appeal") at 2. BOP claims that the Tenth Circuit has made this rule "clear," *id.* at 1, but cites no Tenth Circuit or other authority holding that a mere *challenge* to subject matter jurisdiction (let alone a challenge has been rejected, as has BOP's) requires the Court and all parties to put their pencils down. To the contrary, courts are afforded broad discretion in handling discovery matters, including in deciding whether to stay discovery pending a mootness or other subject-matter jurisdiction challenge.

In this case, the Magistrate Judge correctly applied the policy in this District that stays of discovery are disfavored while a motion to dismiss is pending, and the Magistrate properly evaluated the five *String Cheese* factors.  BOP points to no error in the Magistrate Judge's analysis—let alone any clear error or abuse of discretion.  Accordingly, BOP's appeal should be denied.

## BACKGROUND

PLN filed its complaint on October 1, 2015, asserting claims arising under the First Amendment, Fifth Amendment, and the Administrative Procedure Act, stemming from the censorship of eleven issues of *Prison Legal News* at the United States Penitentiary – Administrative Maximum ("ADX").  Doc. 1.  After the case was initially assigned to the AP docket, this Court granted PLN's motion to reassign the case to the civil docket on June 9, 2016. Doc. 20.  BOP subsequently moved for and received two extensions of its deadline to respond to the Complaint.  Docs. 23, 29.  On July 27, 2016, BOP filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  Doc. 31.

On August 4, 2016, PLN served its initial discovery requests on BOP, including interrogatories, requests for production, and a request to conduct a prison mailroom inspection. The next day, BOP moved to stay all discovery.  Def.'s Mot. to Stay Discovery (Doc. 34) (hereinafter, "Motion to Stay").  In response, PLN requested that BOP at a minimum provide jurisdictional discovery relating to BOP's motion to dismiss.  BOP agreed to do so, as the parties explained in their Joint Motion for an Extension of Time and discussed with the Court in a telephonic hearing on August 19, 2016.  Docs. 37, 40.

The parties subsequently have worked cooperatively to engage in jurisdictional discovery.  BOP served its responses to the interrogatories and requests for production on September 5, 2016.  Declaration of Matthew Shapanka (Doc. 55-1) ¶ 11.  Since that date, BOP has made rolling productions of documents, and has now produced nearly 1,300 pages of records, including prison policies, rejection notices for *Prison Legal News* and other publications, and training materials.  *Id.* ¶ 13.  BOP has responded to seven of 16 interrogatories and 10 of 25 requests for production.  *Id.* ¶¶ 11-12.  On January 17, 2017, PLN took the deposition of Todd Chapman, the executive assistant at ADX, who submitted a declaration in support of BOP's motion to dismiss. .

On February 23, 2017, the Magistrate Judge denied the motion to stay and ordered that discovery proceed, in the same order recommending denial of BOP's motion to dismiss.  Doc. 62 ("Order").  The Magistrate rejected BOP's argument that the Court should first determine its jurisdiction before permitting discovery:  "[J]urisdictional and sufficiency of allegations issues are frequently raised in motions to dismiss and, as indicated above, do not generally cause courts in this jurisdiction to stay litigation."  Order at 26–27.  The Magistrate found that there was nothing "particularly unique" about BOP's motion to dismiss that would cause the court to depart from "the general presumption that discovery should proceed."  *Id.* at 27.  The Magistrate reviewed the *String Cheese Incident* factors and concluded that a stay of discovery was not warranted.  *Id.* at 27–30.  BOP filed an appeal with this Court on March 16, 2017.  Doc. 67.

On March 20, 2017, BOP filed a motion for a protective order barring any merits discovery pending resolution of BOP's objections to the Magistrate Judge's recommendation that the motion to dismiss be denied.  Doc. 68.  In that motion, BOP acknowledged (contrary to

the argument in its Appeal) that the Court has "broad discretion" with respect to discovery.  *Id.* at

4.  The Magistrate Judge denied the motion "for the same reasons articulated in the Court's

Order denying Defendant's Motion to Stay."  Doc. 70.  The Magistrate Judge also noted that

BOP may challenge discovery requests through the Court's discovery dispute procedures.  *Id.*

## STANDARD OF REVIEW

A non-dispositive matter resolved by a magistrate judge may only be modified or set

aside by the district court upon a showing that the order is "clearly erroneous or is contrary to

law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate judge's order denying a

motion to stay discovery should not be overruled "unless the Court finds that the Magistrate

Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a

definite and firm conviction that a mistake has been made."  *W. Convenience Stores, Inc. v.*

*Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1189 (D. Colo. 2013) (citation and internal

quotation marks omitted).  This standard reflects the broad discretion afforded to a magistrate

judge to resolve discovery matters.  *Ariza v. U.S. W. Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D.

Colo. 1996) ("Because a magistrate judge is afforded broad discretion in the resolution of non-

dispositive discovery disputes, the court will overrule the magistrate's determination only if his

discretion is abused.") (citation omitted).

## ARGUMENT

In appealing the Magistrate Judge's Order, BOP contends that the Court has *no* discretion

to allow discovery pending a jurisdictional motion.  Appeal at 3 ("The Court cannot take *any*

action—including allowing non-jurisdictional discovery—until it determines that it has

jurisdiction.").  BOP is incorrect.  Courts have wide discretion to allow discovery to proceed

while jurisdictional motions are pending, in accordance with the Tenth Circuit's guidance that the right to proceed in court should not be denied except in the most extreme circumstances. Here, the Magistrate Judge properly exercised this discretion in finding that a stay of discovery was not warranted in this case. Because this decision was not clearly erroneous or an abuse of discretion, the Order should be affirmed.

**I.      A Jurisdictional Challenge Does Not Entitle the Movant to an Automatic and Immediate Stay.**

BOP is simply not correct that, by filing a motion to dismiss under Rule 12(b)(1), the Court "can take no other actions" until the motion is resolved. Appeal at 1. The Tenth Circuit has made clear that courts have broad discretion in resolving motions to dismiss pending a jurisdictional challenge. *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) ("[A] district court has discretion in the manner by which it resolves an issue of subject matter jurisdiction under Rule 12(b)(1)."). As to stays of discovery, the Tenth Circuit has explained that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *CFTC v. Chilcott Portfolio Mgm't, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Following that principle, "stays of all discovery are generally disfavored in this District." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015) (citation omitted).

In the closely related context of qualified immunity, the Tenth Circuit has rejected the argument that a party has an "absolute right to a stay of discovery" pending a dispositive motion. *See Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994). The Tenth Circuit rebuffed the strict rule the defendants suggested, holding that "[a]s a general rule, discovery rulings are within the broad discretion of the trial court." *Id.*

In accordance with *Cole*, courts in this District have rejected stays pending resolution of Rule 12(b)(1) motions to dismiss.  In denying a motion for a stay pending a Rule 12(b)(1) motion in *Williams v. McKee*, No. 13-CV-2546-PAB-GPG, 2014 WL 3585998 (D. Colo. July 21, 2014), the court noted that the power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at *1 (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  The court held that after "reviewing all the facts and attendant circumstances," it "cannot say that this is an extreme circumstance" warranting a stay.  *Id.* at *2.  *See also Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011) (denying motion for a protective order to stay discovery while a Rule 12(b)(1) and 12(b)(6) motion to dismiss was pending).

The cases cited by BOP do not create a rule that a court can take no other action while a 12(b)(1) motion is pending.  Rather they confirm that a stay of discovery pending such a motion is a determination within "this court's discretion," *Harper v. Receivables Perf. Mgmt., LLC*, No. 12-cv-02443-PAB-KMT, 2013 WL 589184, at *1 (D. Colo. Feb. 14, 2013), and that such motions should be evaluated under the *String Cheese* factors, *id.* at *2.  *See also Sandoval v. United States*, No. 11-CV-01533-REB-KLM, 2011 WL 3682768, at *1 (D. Colo. Aug. 23, 2011) (analyzing the *String Cheese* factors and noting that "the Court has discretion to stay discovery while a dispositive motion is pending"); *United Food & Commercial Workers Int'l Union, Local No. 7 v. King Soopers, Inc.*, No. 13-CV-02335-RM-KMT, 2014 WL 2536489, at *2 (D. Colo. June 5, 2014) (noting the court's discretion in discovery matters and finding that "the *String Cheese* factors weigh in favor of a stay of discovery").  If a stay of discovery was *required* by the

rules and case law, as BOP suggests, those courts would have had no reason to "weigh" the *String Cheese* factors at all.

BOP fails to cite any authority holding that this Court cannot take "*any* action" until it resolves the jurisdictional motion. Such a rule would have the practical effect of encouraging litigants to file Rule 12(b)(1) motions to avoid discovery obligations. And the cases BOP cites are inapposite. For instance, in *Madsen v. U.S. Army Corps of Engineers*, 841 F.2d 1011 (10th Cir. 1987), the court noted that if a military service member is barred under the *Feres* doctrine from suing the United States for injuries arising in the course of service, then "the district court is barred from exercising subject matter jurisdiction over *further* proceedings arising from" such claims. *Id.* at 1012 (emphasis added). The court did not hold that the district court was unable to take any action *until* subject-matter jurisdiction was determined. Rather, *Madsen* and the other cases cited by BOP stand for the proposition that once a court has determined it lacks jurisdiction, it may not continue with the case.

BOP's argument makes even less sense in the context of the present case. The Magistrate Judge has rejected BOP's mootness arguments and has concluded that the Court *does* have subject-matter jurisdiction. Order at 1, 30. And, notably, BOP's motion to dismiss did not challenge all claims on subject-matter jurisdiction grounds, but instead sought dismissal of certain claims under Rule 12(b)(6). BOP states that it now challenges all claims under Rule 12(b)(1). Appeal at 5. But that is not what the Magistrate ruled on. And BOP's appeal of the stay denial is limited to whether the Magistrate Judge clearly erred or abused his discretion in ordering discovery to proceed pending a motion to dismiss pursuant to both Rule 12(b)(1) and Rule 12(b)(6). He clearly did not. *See, e.g.*, *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-

02298-RM-KMT, 2015 WL 1650900, at *2 (D. Colo. Apr. 8, 2015) (denying motion to stay discovery where defendant moved to dismiss plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6)); *Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) (denying motion to stay discovery where defendant moved to dismiss plaintiff's claims as time-barred under Rule 12(b)(6)).

With the broad discretion afforded trial courts in discovery matters, and the general rule that discovery should proceed except in the most extreme circumstances, the Magistrate Judge's Order was correct and certainly was not "clear error" or "contrary to law."  Fed. R. Civ. P. 72(a).

## II.    The *String Cheese Incident* Factors Compel Denial of the Appeal of the Stay Order

In evaluating a motion to stay discovery, courts in this district consider five factors:  (1) the plaintiff's interest in proceeding expeditiously with the case, and the potential prejudice to plaintiff from a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interest of persons not party to the litigation; and (5) the public interest.  *String Cheese Incident LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Here, the Magistrate Judge correctly applied the *String Cheese* factors to determine that each weighed against granting a stay of discovery.  BOP does not address any of the Magistrate Judge's specific findings on the *String Cheese* factors—much less point to any error or abuse of discretion in those findings.  Instead, BOP's arguments on the factors are premised on its erroneous position that the Court has no ability to proceed until it resolves BOP's mootness challenge.[1]

---

[1] BOP provides no basis for its assertion that the "*String Cheese* balancing test does not overcome any defects in jurisdiction or confer powers on the Court to adjudicate this case."

***First***, PLN has a significant interest in proceeding expeditiously with the case.  This case concerns the rejection by ADX of at least eleven issues of *Prison Legal News* between 2010 and 2014.  Compl. ¶ 22 (Doc. 1).  PLN filed its complaint in 2015, and the case has now been pending for more than sixteen months.  A stay would further delay PLN's efforts to vindicate its constitutional rights and ensure its ability to communicate with its subscribers.  And given that some of the rejected issues date back seven years at this point, proceeding with discovery is important to avoid any loss of evidence, including loss of documentary evidence, unavailability of third-party witnesses, and memories fading due to the passage of time.  BOP's argument that PLN faces no harm from further delay (Appeal at 6) ignores the finding of the Magistrate Judge that the February 2016 policy does not require continued distribution of *Prison Legal News* and further ignores the testimony of BOP administrator Todd Chapman, who stated that he thought at least three of the censored issues were properly rejected.  *See* Order at 28.

***Second***, BOP fails to explain how it would be uniquely burdened by proceeding with discovery.  BOP has already provided substantial discovery in the form of interrogatory responses, document production, and the deposition of an administrator, all without apparent significant burden.  And while BOP argues that it "*will* be harmed" if it is forced to provide further discovery, Appeal at 7 (emphasis in original), BOP does not provide any details on *how* exactly it will be harmed in any unique way.  "[D]efendants always are burdened when they are

---

Appeal at 6.  It is not the job of the *String Cheese* factors to provide a basis for jurisdiction. Rather, they are to be considered by the Court "[w]hen exercising its discretion" over discovery matters.  *Profitstreams LLC v. Ameranth, Inc.*, No. 11-cv-01710-RBJ-KLM, 2011 WL 5024912, at *1 (D. Colo. Oct. 21, 2011).  That is precisely how the Magistrate Judge employed the *String Cheese* factors here.

sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs." *Breckenridge v. Vargo and Janson, P.C.*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016). BOP has provided no reason why it should be shielded from "the ordinary burdens of litigation." *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012) (citation omitted). Lacking any such unique circumstances, this case presents no aspects "that make discovery especially burdensome." Order, at 28.

*Third*, the Court would not be inconvenienced by denying the motion to stay and has a strong interest in controlling its docket. A court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As the Magistrate Judge noted, the case does not present "unique challenges that would monopolize the Court's time." Order at 29. BOP does not dispute this finding. Indeed, the parties have been cooperative in working through disputes, and disputes they cannot resolve on their own can be resolved through the Court's discovery dispute procedures.

BOP argues that "if the Court lacks subject-matter jurisdiction, it should not be forced to deal with discovery at all." Appeal at 7. However, there has been no finding that the Court lacks subject-matter jurisdiction; just the opposite, in fact. And the Magistrate Judge found that the Court's "interest in controlling its docket and ensuring the fair and speedy administration of justice" outweighed the potential expenditure of some judicial resources. Order at 29.

*Fourth*, the interests of third parties support continuing with discovery. Specifically, the *Prison Legal News* subscribers at ADX have an interest in ensuring they receive timely copies of the magazine, which contains legal news and analysis of interest to them. The fact that BOP

states it has now delivered to *Prison Legal News* subscribers the issues of the magazine it had censored does not mean the inmates do not have an interest in continued access to the magazine. On this factor and the next one, BOP's only argument is that "nonparties and the public have no right to press the Court to resolve any claim for which subject-matter jurisdiction is lacking." Appeal at 7. Again, BOP is proceeding as if there has been a finding of no subject-matter jurisdiction, when the Magistrate Judge found the opposite. In any event, the interest of third parties and the public are a proper consideration under the *String Cheese* factors, as the Magistrate correctly determined, and they weigh against a stay. Order at 29.

**Fifth**, the public interest supports denying the stay. In general, "the public interest favors the prompt and efficient handling of all litigation." *Smith v. Sprint/United Mgmt. Co.*, No. 15-CV-00550-WJM-KMT, 2015 WL 5444299, at *2 (D. Colo. Sept. 16, 2015). More than sixteen months have elapsed since PLN filed its complaint, and PLN is still awaiting merits discovery. Further delay does not serve the public interest in the efficient resolution of cases. The Magistrate Judge correctly credited the public interest "in the speedy resolution of legal disputes." Order at 30.

Lastly, BOP argues that discovery should not be permitted because it would "focus on questions unrelated to any actual dispute between the parties." Appeal at 7. But there is an actual dispute between the parties that has not been resolved—whether ADX's censorship of the eleven issues of *Prison Legal News* violated the First Amendment—and PLN's modest discovery requests seek facts that bear on that dispute. For instance, PLN requests (1) documents regarding the publications and media that inmates have access to through the prisoner library, which bears on whether inmates had access to the censored information through other sources and whether

the information was a security risk; and (2) documents and information regarding the burden, if any, on BOP redacting or removing allegedly objectionable content in incoming publications, which bears on PLN's claim that redaction or removal is a viable alternative to rejecting publications in their entirety.  These and other requests are not "untethered to any actual dispute."  Appeal at 8.  Rather, they are reasonable and targeted requests that go to the heart of an active dispute.

## CONCLUSION

The Magistrate Judge's Order denying BOP's Motion to Stay Discovery was consistent with Tenth Circuit guidance that discovery should proceed absent extreme circumstances, faithfully applied the *String Cheese Incident* factors, and was not clear error or contrary to law. BOP's appeal of the Order should be denied.

DATED:          April 4, 2017                   Respectfully submitted,

*/s/ Matthew S. Shapanka*                       Steven D. Zansberg
Peter A. Swanson                                Levine Sullivan Koch & Schulz LLP
Stephen W. Kiehl                                1888 Sherman Street, Suite 370
Matthew S. Shapanka                             Denver, CO 80203
Covington & Burling LLP                         Telephone: (303) 376-2409
One CityCenter, 850 Tenth Street NW             FAX: (303) 376-2401
Washington, DC 20001                            E-mail: szansberg@lskslaw.com
Telephone: (202) 662-6000
FAX: (202) 662-6291                             Sabarish Neelakanta
E-mail: pswanson@cov.com                        Human Rights Defense Center
        skiehl@cov.com                          PO Box 1151
        mshapanka@cov.com                       Lake Worth, Florida 33460
                                                Telephone: (561) 360-2523
                                                Email: sneelakanta@humanrightsdefensecenter.org
*Of Counsel:*
Elliot Mincberg                                 David M. Shapiro
Washington Lawyers' Committee for               Northwestern University School of Law
Civil Rights & Urban Affairs                    375 E. Chicago Avenue
11 Dupont Circle NW, Suite 400                  Chicago, IL 60611
Washington, DC 20036                            Telephone: (312) 503-0711
Telephone: (202) 319-1000                       Email: david.shapiro@law.northwestern.edu
Email: elliot_mincberg@washlaw.org

                                                *Attorneys for Plaintiff Prison Legal News*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2017, the foregoing was electronically filed with the Clerk of the Court using the ECF/CM electronic filing system, which will send electronic notification to all counsel of record.

*/s/ Matthew S. Shapanka*
Matthew S. Shapanka