**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

      v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND**
**APPEARANCES OF COUNSEL AND PRO SE PARTIES**

      The scheduling conference was held on September 8, 2017.  The following counsel

appeared in person for Plaintiff Prison Legal News ("PLN"):

Steven D. Zansberg
Levine Sullivan Koch & Schulz LLP
1888 Sherman Street, Suite 370
Denver, CO 80203
Telephone: (303) 376-2409

      The following counsel for PLN appeared telephonically:

Peter A. Swanson
Stephen W. Kiehl
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000

      The following counsel appeared in person for Defendant Federal Bureau of Prisons
("BOP"):

Susan Prose
Marcy E. Cook
Assistant U.S. Attorneys
United States Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0170
(303) 454-0171

## 2. STATEMENT OF JURISDICTION

Plaintiff alleges violations of the First and Fifth Amendments of the U.S. Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702, and, to the extent the claims seek declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

Plaintiff claims that the United States Penitentiary – Administrative Maximum Facility ("ADX") has refused to deliver multiple issues of Plaintiff's publication *Prison Legal News*, in violation of the First Amendment; has failed to provide proper notice and an opportunity to be heard regarding such refusal in violation of the Due Process Clause of the Fifth Amendment; and has failed to follow Bureau of Prisons regulations and acted in an arbitrary and capricious manner in violation of the Administrative Procedure Act. PLN seeks injunctive and declaratory relief.

b.      Defendant:

 PLN will not be able to meet its burden to show that officials at the ADX misapply 28 C.F.R. § 540.71(b) when they evaluate the names of inmates or staff members in an incoming

issue of *Prison Legal News*.  Rather, an issue of *Prison Legal News* might be rejected at some point in the future *only* when its contents—including content that references the names of inmates or staff—are detrimental to the security, good order, or discipline of the institution, or when those contents might facilitate criminal activity.  That conclusion will follow a multi-level security analysis that brings to bear the professional, correctional judgment of many ADX personnel, including personnel who have expertise in investigations and analysis of intelligence in the prison context.  Nor will PLN be able to prove that there are any procedural defects when, if ever, its magazine may be rejected at the ADX.  The ADX provides adequate notice to the publisher of the reasons for rejection of an incoming publications, and that notice is provided in a timely fashion.

PLN also cannot prove that the ADX must refrain from rejecting an entire issue of its magazine under any and all future circumstances.  That future security analysis will be conducted in a specific context that is unknowable at this time.  PLN will not be able to prove that it will be possible to reject parts of its magazine to facilitate the legitimate safety and security interests identified by the Warden at that time; it will not be able to prove what future objectionable content may be, the historical context in which the Warden will evaluate that content, or the future Warden's reasons for rejecting it.  Under the Prison Litigation Reform Act, it is not possible to craft a narrowly tailored injunction that mandates redaction rather than rejection in all of the varied unknown and unknowable circumstances of the future.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      PLN is a project of the Human Rights Defense Center, a not-for-profit

entity organized under the laws of the State of Washington and Section 501(c)(3) of the Internal Revenue Code.  PLN publishes *Prison Legal News*, a softcover magazine, on a monthly basis.

2.   *Prison Legal News* contains reviews and analysis of prisoners' rights issues, reports on recent court decisions, and news relating to the criminal justice system.  Inmates pay $30 per year for a 12-issue subscription to the magazine.  PLN has subscribers at the ADX.

3.   Since January 2010, ADX wardens have rejected the following issues of *Prison Legal News* in their entirety: January 2010, June 2010, October 2011, November 2011, June 2012, November 2012, February 2013, April 2013, July 2013, September 2013, and April 2014.

4.   For each of the rejected issues, the ADX warden or ADX official who rejected the issue signed a rejection notice.  Each notice states that the issue was rejected in accordance with the Bureau of Prisons Program Statement 5266.10 or 5266.11, *Incoming Publications*, which states that a publication may be rejected "if it is determined detrimental to the security, good order, or discipline of the institution or if it may facilitate criminal activity."

### 5. COMPUTATION OF DAMAGES

Plaintiff has not made a claim for damages in this action but reserves the right to seek attorneys' fees and costs.

Defendant does not allege that it has incurred any recoverable damages, but may seek costs as appropriate.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

July 25, 2016

b.      Names of each participant and party he/she represented:

Steven D. Zansberg, Prison Legal News
Lance Weber, Prison Legal News
Peter A. Swanson, Prison Legal News
Stephen W. Kiehl, Prison Legal News
Matthew S. Shapanka, Prison Legal News
Susan Prose, Federal Bureau of Prisons

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Disclosures were served on August 8, 2016.  The Parties will provide amended Rule 26(a)(1) disclosures by September 29, 2016.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

*See* Section 6.c, *supra*.

e.      Statement concerning any agreements to conduct informal discovery:

The parties do not anticipate a need for informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties anticipate that the default limits on discovery will be sufficient in this case. No further agreements have been made; however, the Parties agree to cooperate to facilitate the use of unified exhibit numbering, where appropriate.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve

extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties are continuing to assess and discuss the sources and volume of relevant discovery, including discovery of ESI. At the present time, the parties do not believe that any additional agreements regarding ESI are necessary.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have engaged in settlement discussions but have been unable to reach a resolution.

## 7.  CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None. The Parties agree that each side is limited to **ten (10)** depositions, excluding experts, and **twenty-five (25)** interrogatories, including subparts.

Defendant proposes the following additional language: Any depositions already taken by a Party count towards this limit. Any interrogatories already served by a Party count towards this limit.

b.      Limitations which any party proposes on the length of depositions.

Depositions are limited to one day of seven hours. *See* Fed. R. Civ. P. 30(d).

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side is limited to **thirty-five (35)** requests for production, including subparts, and **thirty-five (35)** requests for admission, including subparts. Any

requests for production already served by a Party and any requests for admission

already served by a Party count towards this limit.

d.     Other Planning or Discovery Orders.

The parties agree that they will complete fact discovery and that fact discovery
will close on February 19, 2018, and that they will complete expert discovery and
expert discovery will close on April 9, 2018.

### 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings:

**October 23, 2017**

b.     Discovery Cut-off:

**April 9, 2018**

c.     Dispositive Motion Deadline:

**May 14, 2018**

d.     Expert Witness Disclosure

1.     The parties shall identify anticipated fields of expert testimony, if any.

PLN anticipates general fields of potential expert testimony as follows:  prison mailroom

handling and processing procedures; ADX prison security protocols; prison and prisoner safety

issues; the value of prisoner access to current publications and legal news.  PLN reserves the

right to designate additional fields of expert testimony.

Defendant does not believe that expert testimony should play a significant role in the

circumscribed issues remaining in this case.  Defendant anticipates that it may designate an

expert in the area of prison security, which appears to be the only potentially relevant field of

expert testimony. Defendant reserves the right to designate additional fields of expert testimony.

2.     Limitations which the parties propose on the use or number of expert

witnesses.

Three experts per side.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**March 5, 2018**

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**March 26, 2018**

e.      Identification of Persons to Be Deposed:

Plaintiff states:  Plaintiff anticipates deposing the current ADX Warden, Jack Fox, as well as former ADX Wardens (including those who rejected issues of *Prison Legal News*): Ron Wiley, Blake Davis, David Berkebile and John Oliver.  Plaintiff may also depose other staff of ADX and/or BOP.  Plaintiff also anticipates noticing a deposition of BOP pursuant to Fed. R. Civ. P. 30(b)(6).  Plaintiff reserves the right to depose other witnesses.

Defendant states:  Defendant anticipates deposing Paul Wright, the founder and editor of PLN, and Lance Weber, who worked for PLN during the time when the past rejections occurred.  Defendant anticipates noticing a deposition of PLN pursuant to Fed. R. Civ. P. 30(b)(6).  Defendant may depose other witnesses, as revealed in discovery.

f.      Deadline for Interrogatories:

**January 19, 2018**.

g.      Deadline for Requests for Production of Documents and/or Admissions

**January 19, 2018**.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____ at ___

o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to

the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

One week. Trial will be to the Court.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____, 2017.

BY THE COURT:

_____
HON. SCOTT T. VARHOLAK
United States Magistrate Judge

APPROVED:

*s/ Steven D. Zansberg*_____          *s/ Susan Prose*_____
Steven D. Zansberg                                Susan Prose
Levine Sullivan Koch & Schulz LLP                 Marcy E. Cook
1888 Sherman Street, Suite 370                    Assistant U.S. Attorneys
Denver, CO 80203                                  United States Attorney's Office for the
(303) 376-2401                                    District of Colorado
                                                  1801 California Street, Suite 1600
*Attorney for Plaintiff*                          Denver, CO 80202
                                                  (303) 454-0170

                                                  *Attorney for Defendant*

10