## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

### FEDERAL BUREAU OF PRISONS'S ANSWER TO COMPLAINT [DOC. 1]

---

The Federal Bureau of Prisons ("BOP" or "Defendant") answers the Complaint of Plaintiff Prison Legal News ("Plaintiff" or "PLN") (Doc. 1) as follows:

### INTRODUCTION

1. As to sentence number 1 and sentence number 2, Defendant states that these sentences are Plaintiff's characterization of the content and purposes of *Prison Legal News* to which no response is required. To the extent a response is required, Defendant admits that, based on its review of some issues of *Prison Legal News*, the magazine appears to contain some articles that conform with Plaintiff's characterization of the magazine. As to sentence number 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. As to sentence number 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations because the United States Penitentiary – Administrative Maximum ("ADX") does not maintain records of the magazine subscriptions of ADX inmates.

2. As to sentence number 1, Defendant admits that, between January 2010 and April 2014, eleven issues of *Prison Legal News* were rejected at the ADX. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence number 1. As to sentence number 2, Defendant admits that some of the information contained in these rejected issues of *Prison Legal News* contained public information about legal proceedings. Defendant denies the remaining allegations in sentence number 2. As to sentence number 3, Defendant admits that, based on its review of some issues of *Prison Legal News*, the magazine sometimes contains articles about BOP inmates and personnel. As to the remaining allegations in sentence number 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Determining whether or not any BOP institution has ever rejected an issue of *Prison Legal News* would require a hand search of individual files in every BOP institution for the referenced period.

3. Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. This paragraph contains Plaintiff's demand for relief in this case to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in this case.

## PARTIES

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

## JURISDICTION AND VENUE

8. Defendant states that this paragraph contains Plaintiff's legal conclusions concerning jurisdiction, to which no response is required. To the extent a response is required, Defendant denies that this Court has subject-matter jurisdiction to award either retrospective or

Case No. 1:15-cv-02184-RM-STV   Document 88   filed 09/06/17   USDC Colorado   pg 3 of 14


prospective injunctive or declaratory relief in this case.

9. Defendant states that this paragraph contains Plaintiff's legal conclusions concerning venue, to which no response is required. To the extent a response is required, Defendant admits that the federal district court for the District of Colorado is the proper venue for PLN's claims in this case.

## FACTUAL BACKGROUND

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits that *Prison Legal News* is a softcover magazine. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. As to sentence number 1, Defendant admits that, based on its review of some issues of *Prison Legal News*, the magazine appears to contains some articles that conform with Plaintiff's characterization of the magazine. As to sentence number 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

13. The content of various issues of *Prison Legal News* speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. As to sentence number 1 and sentence number 2, Defendant admits that 28 C.F.R. § 540.70 states, in part: "Except when precluded by statute (see § 540.72), the Bureau of Prisons permits an inmate to subscribe to or to receive publications without prior approval and has established procedures to determine if an incoming publication is detrimental to the security,

discipline, or good order of the institution or if it might facilitate criminal activity." Defendant admits that Program Statement 5266.11, Incoming Publications (November 9, 2011), quotes 28 C.F.R. § 540.70. As to sentence number 3, Defendant admits that 28 C.F.R. § 540.71(a)(2) states: "At medium security, high security, and administrative institutions, an inmate may receive softcover publications (for example, paperback books, newspaper, clippings, magazines, and other similar items) only from the publisher, from a book club, or from a bookstore." Defendant denies any remaining allegations in paragraph 16.

17. Defendant admits that 28 C.F.R. § 540.71(c) states, in part: "This means the Warden shall review the individual publication prior to the rejection of that publication."

18. Defendant admits that 28 C.F.R. § 540.71(d) states, in part: "Where a publication is found unacceptable, the Warden shall promptly advise the inmate in writing of the decision and reasons for it."

19. Defendant admits that 28 C.F.R. § 540.71(e) states, in part: "The Warden shall provide the publisher or sender of an unacceptable publication a copy of the rejection letter."

20. Defendant admits the allegations in sentence number 1. As to sentence number 2, Defendant admits that inmates may appeal rejections of publications through the BOP's Administrative Remedy Program. Defendant further admits that 28 C.F.R. § 540.71(e) states, in part: "The Warden shall advise the publisher or sender that he may obtain an independent review of the rejection by writing to the Regional Director within 20 days of receipt of the rejection letter." As to sentence number 3, Defendant admits that 28 C.F.R. § 540.71(e) states, in part: "The Warden shall return the rejected publication to the publisher or sender of the material unless the inmate indicates an intent to file an appeal under the Administrative Remedy Program, in which case the Warden shall retain the rejected material at the institution for review."

21. Defendant denies the allegations in paragraph 21.

22. Defendant admits that the ADX rejected the issues of *Prison Legal News* dated January 2010, June 2010, October 2011, November 2011, June 2012, November 2012, February 2013, April 2013, July 2013, September 2013, and April 2014. Defendant denies that any other issues of *Prison Legal News* have been rejected at the ADX since January 2010.

23. Defendant admits the allegations in sentence number 1. As to sentence number 2, Defendant admits that the rejection notices, the terms of which speak for themselves, contain the referenced language.

24. Defendant admits that the rejection notices, the terms of which speak for themselves, plainly identified the content that prompted the rejection of the magazine. Defendant denies the remaining allegations in paragraph 24.

25. As to sentence number 1, Defendant denies that "the rejection notices *claim*" that the issue was rejected for specific content. Doc. 1 at ¶ 25 (emphasis added). The rejection notices, the terms of which speak for themselves, explicitly state why specifically identified content prompted the rejection of a particular issue of the magazine. As to sentence number 2, Defendant denies the allegations because the description of the rejected material, in and of itself, sufficiently explains how, in the Warden's correctional judgment, the information could jeopardize ADX security. As to sentence number 3, Defendant admits that, as to some of the rejections, references to an ADX inmate or staff member were assessed to constitute a security risk. Defendant denies any remaining allegations in paragraph 25.

26. Sentence number 1 contains Plaintiff's characterization of the contents of some of the rejected issues of *Prison Legal News*, the terms of which speak for themselves, to which no response is required. Defendant is without knowledge or information sufficient to form a belief

5

as to whether this information "is highly relevant to" or "potentially useful for" any particular inmate incarcerated at the ADX at the time the issue was rejected.

27. Defendant denies the allegations in paragraph 27.

28. Paragraph 28 contains Plaintiff's characterization of the contents of an article in one issue of *Prison Legal News*, the terms of which speak for themselves, and to which no response is required.

29. Defendant denies the allegations in sentence number 1. As to sentence number 2, Defendant admits that some inmates may have tattoos that are connected to a gang. Defendant denies all remaining allegations in sentence number 2.

30. Defendant denies the allegations in sentence number 1. Defendant admits the allegations in sentence number 2. As to sentence number 3, Defendant is without knowledge or information sufficient to form a belief as to whether "these media sources can and do reveal information about ADX and ADX inmates." Defendant denies any remaining allegations in paragraph 30.

31. As to sentence number 1, Defendant admits that ADX inmates have access to court decisions via LexisNexis through an electronic law library. Defendant denies the remaining allegations in sentence number 1. As to sentence number 2, Defendant is without knowledge or information sufficient to form a belief as to whether "[p]ublished decision in cases involving ADX inmates often contain the same information" as articles published in *Prison Legal News*. Sentence number 3 contains Plaintiff's characterization of *Palma-Salazar v. Davis*, 677 F.3d 1013 (10th 2012), the terms of which speak for itself. Defendant admits the allegations in sentence number 4.

32. Sentences 1 and 2 contain Plaintiff's characterization of the content of an article in *Prison Legal News*, the terms of which speak for itself. Sentence number 3 contains

6

Plaintiff's characterization of *Rezaq v. Nalley*, 677 F.3d 1001 (10th Cir. 2012), the terms of which speak for itself. Defendant admits the allegations in sentence number 4.

33. As to sentence number 1, Defendant admits that the ADX is the highest security prison in the BOP. Defendant further admits that the ADX is sometimes referred to as the "Alcatraz of the Rockies." Defendant is without knowledge or information sufficient to form a belief as to whether the "ADX is the highest-security prison *in the United States*." Doc. 1 at ¶ 33 (emphasis added). As to sentence number 2, Defendant admits that ADX inmates "are subject to numerous security measures[.]" *Id.* As to sentence number 2, clause (a), Defendant admits that cells at the ADX contain a secured desk, chair, and bed, but denies the remaining allegations in this clause. As to sentence number 2, clause (b), Defendant denies the allegations. As to sentence number 2, clause (c), Defendant admits that, in some, but not all, ADX units, inmates are escorted by correctional officers when they are outside their cells. As to sentence number 2, clause (d), Defendant denies the allegations. As to sentence number 2, clause (f), Defendant admits that, in some, but not all, ADX units, inmates participate in outdoor recreation in enclosures that prevent physical contact. As to sentence number 3, Defendant denies the allegations. Defendant denies any remaining allegations in paragraph 33.

34. As to sentence number 1, the BOP denies that *Prison Legal News* is "regularly reject[ed]" at the ADX. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 34.

35. As to sentence number 1, the proportion of the objectionable content to the entire issue is related to the particular issue of *Prison Legal News*, the terms of which speak for itself. Defendant admits the allegations in sentence number 2. As to sentence number 3, Defendant admits that some content that was not found to be objectionable was rejected along with the objectionable content. Defendant denies any remaining allegations in paragraph 35.

7

36. Defendant admits the allegations in sentence number 1. Defendant denies the allegations in sentence number 2.

37. As to sentence number 1, Defendant admits that the ADX rejected the November 2011 issue of *Prison Legal News*. Defendant denies the allegations in sentence number 2 and sentence number 3.

38. Defendant admits the allegations in sentence number 1. As to sentence number 2, Defendant admits that the rejection notices were mailed to Plaintiff within one month of the date of publication of each issue of *Prison Legal News*. Defendant is without knowledge or information sufficient to form a belief as to the date on which Plaintiff received the rejection notices or the reasons that may have caused any alleged delay.

39. Defendant denies the allegations in paragraph 39.

40. As to sentence number 1, Defendant states that the terms of the referenced rejection notices speak for themselves. As to sentence number 2, Defendant states that the terms of the referenced rejection notice speak for themselves and that this statement constitutes Plaintiff's characterization of the notice, the terms of which speak for themselves. Defendant denies the allegations in sentence number 2. Defendant denies the allegations in sentence number 3.

41. Defendant admits that Plaintiff appealed the rejections of the June 2012, July 2013, September 2013, and April 2014 issue of *Prison Legal News* at the ADX. Defendant has no record of Plaintiff appealing any other rejection of *Prison Legal News* at the ADX, and therefore denies the allegation that Plaintiff has appealed "at least" these rejections.

42. Paragraph 42 contains Plaintiff's factual and legal characterization of its appeals, the terms of which speak for themselves, to which no response is required.

43. Paragraph 43 contains Plaintiff's factual and legal characterization of its appeals,

the terms of which speak for themselves, to which no response is required.

44.     Paragraph 44 contains Plaintiff's characterization of one of its appeals, the terms of which speak for themselves, to which no response is required.

45.     As to sentence number 1, Defendant admits that the Regional Director explained to Plaintiff that the particular magazine was rejected because it contained information that was found to be "detrimental to the security, good order, or disciplined of the institution or if it might facilitate criminal activity."  Defendant denies the allegations in sentence number 2.

46.     As to sentence number 1 and sentence number 2, Defendant states that the terms of the letter speak for themselves.  Defendant denies the allegations in sentence number 3.

47.     Sentence number 1 contains Plaintiff's characterization of the referenced letter, the terms of which speak for themselves, to which no response is required.  Sentence number 2 contains Plaintiff's characterization of the referenced letter, the terms of which speak for themselves, to which no response is required.

48.     Defendant admits the allegations in paragraph 48.

49.     Paragraph 49 contains Plaintiff's characterization of the referenced letter, the terms of which speak for itself, to which no response is required.

50.     Sentences number 1 and number 2 contain Plaintiff's characterization of the referenced letter, the terms of which speak for themselves, to which no response is required.  Defendant denies the allegations in sentence number 3.

## CLAIMS FOR RELIEF

### COUNT I

51.     Defendant incorporates its responses to all previous allegations.

52.     Defendant admits that its actions constitute "agency action," *i.e.*, action by the BOP, a subagency of the United States Department of Justice.  Defendant denies the remaining

9

allegations in paragraph 52.

53. Defendant admits that, between January 2010 and April 2014, it rejected eleven issues of *Prison Legal News* at the ADX. Defendant admits that some issues of *Prison Legal News* have some material protected by the First Amendment.

54. Defendant denies the allegations in paragraph 54.

55. Defendant admits that, when Plaintiff's magazine was rejected in the past at the ADX for content deemed detrimental to security, Plaintiff did not have alternative means to disseminate some of the information contained in those rejected magazines to ADX inmates. Defendant denies any remaining allegations in paragraph 55.

56. As to sentence number 1, Defendant admits that some of the content of the issues of *Prison Legal News* previously rejected at the ADX was not deemed detrimental to security. Defendant admits the allegations in sentence number 1. Defendant denies the allegations in sentence number 2.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

## COUNT II

59. Defendant incorporates its responses to all previous allegations.

60. Defendant admits that its actions constitute "agency action," *i.e.*, action by the BOP, a subagency of the United States Department of Justice. Defendant denies the remaining allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

## COUNT III

71. Defendant incorporates its responses to all previous allegations.

72. As to sentence number 1, Defendant admits that the actions of which Plaintiff complains are final agency actions. Defendant denies the remaining allegations in sentence number 1. Defendant admits the allegations in sentence number 2.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

## PRAYER FOR RELIEF

A. Defendant denies that Plaintiff is entitled to the relief it seeks in this paragraph;

B. Defendant states that Plaintiff has already received the relief referenced in this paragraph and therefore denies that Plaintiff is entitled to this relief;

C. Defendant states that Plaintiff has already received the relief referenced in this paragraph and therefore denies that Plaintiff is entitled to this relief;

D. Defendant denies that Plaintiff is entitled to the relief it seeks in this paragraph;

E. Defendant denies that Plaintiff is entitled to any relief of any type.

**Any allegation contained in the Complaint that has not already been expressly admitted, denied, or otherwise responded to by Defendant is hereby denied.**

## DEFENSES

1. Plaintiff fails to state any claim for which relief can be granted under the First Amendment, the Fifth Amendment, the Administrative Procedure Act, or any other law.

2. The Court lacks subject-matter jurisdiction over Plaintiff's claims under the doctrines of standing and mootness.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4. The relief Plaintiff seeks is not allowed under the Prison Litigation Reform Act.

5. Defendant had legitimate penological interests for rejecting the eleven issues of *Prison Legal News* at issue in this lawsuit.

6. Plaintiff received all the process required to address a liberty interest, if any, in this context.

7. Plaintiff received adequate notice of the reasons for the rejection of the eleven issues of *Prison Legal News* at issue in this lawsuit.

8. Plaintiff received adequate opportunity to be heard in connection with the rejections of the eleven issues of *Prison Legal News* at issue in this lawsuit.

9. Defendant may be entitled to sovereign immunity.

10. This Answer is being filed based on Defendant's current knowledge of the facts after reasonable inquiry into Plaintiff's allegations in the Complaint. Defendant reserves the right to amend this Answer to plead any additional defenses that may be applicable, as they are revealed through discovery.

WHEREFORE, having fully answered the Complaint, Defendant requests that Plaintiff take nothing by this action, that the Complaint be dismissed with prejudice, and that judgment be entered for Defendant, together with costs and such other relief as the Court deems appropriate in this case.

Respectfully submitted on September 6, 2017.

>                ROBERT C. TROYER
>                Acting United States Attorney
>
>                s/ *Susan Prose*
>                Susan Prose
>                Marcy E. Cook
>                Assistant United States Attorneys
>                1801 California Street, Suite 1600
>                Denver, Colorado 80202
>                Telephone: (303) 454-0100
>                Fax: (303) 454-0404
>                E-mail: susan.prose@usdoj.gov
>
>                Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 6, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

Steven Zansberg
Lance Weber
Sabarish Neelakanta
Peter Swanson
Matthew Shapanka
Elliot Mincberg
David Shapiro
Stephen Kiehl

s/ *Susan Prose*
Susan Prose
United States Attorney's Office