# EXHIBIT 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

The Federal Bureau of Prisons ("Defendant" or "BOP"), through undersigned counsel, hereby submits this response to Plaintiff's First Set of Requests for Admission, pursuant to Fed. R. Civ. P. 36, as follows:

**RESPONSES**

**Request for Admission No. 1:** BOP guard Erin Sharma's conviction in a federal prisoner's death in Florida was reported on by the Gainesville Sun (*see* PLN_0000020-21).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced newspaper. Denies that the existence of this article would necessarily have been known to any inmate at the United States Penitentiary – Administrative Maximum ("ADX"), or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 2:** BOP guard Erin Sharma's conviction in a federal prisoner's death in Florida was reported on by the Orlando Sentinel (*see* PLN_0000022-24).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced newspaper. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 3:** The April 2008 riot at the United States Penitentiary in Florence, Colorado was reported on by the Denver Post (*see* PLN_0000034-37).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced newspaper. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 4:** The Denver Post was circulated among inmates at ADX in April 2008.

**RESPONSE:** Denies that the *Denver Post* was generally circulated among inmates at the ADX in April 2008. Admits that ADX inmates, if they chose, could subscribe to that newspaper. The BOP does not maintain records that would allow it to determine whether there were in fact any inmate subscribers to the *Denver Post* in April 2008.

**Request for Admission No. 5:** The Denver Post was circulated among inmates at ADX in June 2011.

**RESPONSE:** Denies that the *Denver Post* was generally circulated among inmates at the ADX in June 2011. Admits that ADX inmates, if they chose, could subscribe to that newspaper. The BOP does not maintain records that would allow it to determine whether there were in fact any inmate subscribers to the *Denver Post* in June 2011.

**Request for Admission No. 6:** The Denver Post was circulated among inmates at ADX in February 2014.

**RESPONSE:** Denies that the *Denver Post* was generally circulated among inmates at the ADX in February 2014. Admits that ADX inmates, if they chose, could subscribe to that newspaper. The BOP does not maintain records that would allow it to determine whether there were in fact any inmate subscribers to the *Denver Post* in February 2014.

**Request for Admission No. 7:** The April 2008 riot at the United States Penitentiary in Florence, Colorado was reported on by ABC 7 Denver (*see* PLN_0000040-42).

**RESPONSE:** Admits that the referenced article appears to have been published on the website for 7News. Denies that ADX inmates would have had access to an article posted on the Internet, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 8:** The lawsuit brought by Yassin Aref and other BOP inmates challenging the Communication Management Unit at FCI Terre Haute was reported on by New York magazine (*see* PLN_0000105-14).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced magazine. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any

3

security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 9:**  The District Court for the District of Columbia's ruling in *Yassin Muhiddin Aref v. Holder*, 774 F. Supp. 2d 147 (D.D.C. 2011) (*see* PLN_0001862-87) is available through the Electronic Law Library at ADX (*see* BOP002129-33).

**RESPONSE:**  Admits that this case is available through the Electronic Law Library ("ELL") at the ADX.  Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 10:**  The trial of FCC Florence inmates Jose Augustin Pluma, Juan Martin Ruelas, Mark Rosalez, and Justin Hernandez for the murder of Pablo Zuniga-Garcia was reported on by the Denver Post (*see* PLN_0000134-37).

**RESPONSE:**  Admits that the referenced article appears to have been published online by the referenced newspaper.  Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 11:**  The Eleventh Circuit's ruling in *Doe v. Wooten*, 376 Fed. Appx. 883 (11th Cir. 2010) (*see* PLN_0001775-77) is available through the Electronic Law Library at ADX (*see* BOP002129-33).

4

**RESPONSE:**  Admits that this case is available through the ELL at the ADX.  Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 12:**  BOP's handling of evidence in a criminal case against a federal prisoner accused of assaulting a prison guard was reported on by The Oregonian (*see* PLN_0000057-59).

**RESPONSE:**  Admits that the referenced article appears to have been published online by the referenced newspaper.  Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 13:** The White House budget request for a second SuperMax prison was reported on by Mother Jones (*see* PLN_0000043-46).

**RESPONSE:**  Admits that the referenced article appears to have been published online by the referenced publisher.  Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 14:** The Eleventh Circuit's ruling in *United States v. Rudkin*, 427 Fed. Appx. 824 (11th Cir. 2011) (*see* PLN_0001849-51) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:**  Admits that this case is available through the ELL at the ADX.  Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 15:**  Former BOP guard Michael Kennedy's alleged involvement in the murder of an inmate was reported on by the Ocala StarBanner (*see* PLN_0000055-56).

**RESPONSE:**  Admits that the referenced article appears to have been published online by the referenced newspaper.  Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 16:**  The Eleventh Circuit's ruling in *United States v. Kennedy*, 441 Fed. Appx. 647 (11th Cir. 2011) (*see* PLN_0001847-48) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:**  Admits that this case is available through the ELL at the ADX.  Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns

associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 17:**  The Eleventh Circuit's ruling in *United States v. Sharma*, 394 Fed. Appx. 591 (11th Cir. 2010) (*see* PLN_0001852-61) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:**  Admits that this case is available through the ELL at the ADX.  Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 18:**  A lawsuit alleging mistreatment of mentally ill prisoners at ADX was reported on by The New York Times (*see* PLN_000060-76).

**RESPONSE:**  Admits that the referenced article appears to have been published online by the referenced newspaper.  Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 19:**  The New York Times was circulated among inmates at ADX in March 2015.

**RESPONSE:**  Denies that the *New York Times* was generally circulated among inmates at the ADX in March 2015.  Admits that ADX inmates, if they chose, could subscribe to that

newspaper. The BOP does not maintain records that would allow it to determine whether there were in fact any inmate subscribers to the *New York Times* in March 2015.

**Request for Admission No. 20:** A lawsuit alleging mistreatment of mentally ill prisoners at ADX was reported on by Westword (*see* PLN_0000082-99).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced newspaper. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 21:** A lawsuit alleging mistreatment of mentally ill prisoners at ADX was reported on by The Atlantic (*see* PLN_0000077-81).

**RESPONSE:** Admits that the referenced article appears to have been published online by the referenced magazine. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 22:** The Tenth Circuit's ruling in *Rezaq v. Nalley*, 677 F.3d 1001 (10th Cir. 2012) (*see* PLN_0001831-45) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:** Admits that this case is available through the ELL at the ADX. Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns

8

associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 23:** Restrictions on ADX inmate Mohamed Rashed Al-Owhali's communications were reported on by PBS Frontline (*see* PLN_0000001-09).

**RESPONSE:** Admits that the referenced article appears to have been published on a PBS website. Denies that ADX inmates would have had access to an article posted on the Internet, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 24:** PBS is available on the DirecTV package at ADX. (*See* BOP002039.)

**RESPONSE:** Admits that PBS is available to ADX inmates. Denies that the existence of an article posted on a PBS website necessarily indicates that the information was disseminated on the PBS television channel, or that the availability of information via television would have eliminated any security concerns associated with allowing that information to be delivered to ADX inmates.

**Request for Admission No. 25:** The Tenth Circuit's ruling in *Al-Owhali v. Holder*, 687 F.3d 1236 (10th Cir. 2012) (*see* PLN_0001767-74) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:** Admits that this case is available through the ELL at the ADX. Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns

9

associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 26:** The Tenth Circuit's ruling in *Palma-Salazar v. Davis*, 677 F.3d 1031 (10th Cir. 2012) (*see* PLN_0001823-30) is available through the Electronic Law Library (*see* BOP002129-33).

**RESPONSE:** Admits that this case is available through the ELL at the ADX. Denies that the availability of this case through the ELL would necessarily have been known to any ADX inmate, or that the availability of this case would have eliminated any security concerns associated with allowing information about the case to be delivered to ADX inmates via an incoming publication.

**Request for Admission No. 27:** ADX inmate Gary Watland's guilty plea for the murder of Mark Baker was reported on by the Denver Post (*see* PLN_0000010-13).

**RESPONSE:** Admits that the referenced article appears to have been published online in the referenced newspaper. Denies that the existence of this article would necessarily have been known to any ADX inmate, or that the existence of this article would have eliminated any security concerns associated with allowing the information contained in the article to be delivered to ADX inmates.

**Request for Admission No. 28:** The Electronic Law Library at ADX has offered prisoners access to U.S. Court of Appeals and U.S. District Court cases since at least January 2010.

**RESPONSE:** Denies. The ELL came online at the ADX in approximately October 2010.

**Request for Admission No. 29:**  Prior to February 2016, the ADX had a practice of rejecting publications that contained information discussing an ADX or BOP inmate, or BOP staff member. (*See* Doc. 31, BOP Mot. to Dismiss, at 3.)

**RESPONSE:**  Admits there was such a practice, but that individual ADX Wardens and ADX Acting Wardens may have concluded that a particular incoming publication was also detrimental to the security, good order, or discipline of the institution or might facilitate criminal activity.

**Request for Admission No. 30:**  The Institution Supplement on Incoming Publications, FLM 5266.11C, dated February 2, 2016, does not proscribe the practice referenced in RFA No. 29.

**RESPONSE:**  Denies.  Under this Institution Supplement, ADX staff were not permitted to reject a publication for the sole reason that it contained information discussing an ADX or BOP inmate, or BOP staff member.

**Request for Admission No. 31:** The Institution Supplement on Incoming Publications, FLM 5266.11D, dated May 30, 2017, does not proscribe the practice referenced in RFA No. 29.

**RESPONSE:**  Denies.  Under this Institution Supplement, ADX staff were not permitted to reject a publication for the sole reason that it contained information discussing an ADX or BOP inmate, or BOP staff member.

DATED February 12, 2018.

        ROBERT C. TROYER
        United States Attorney

        s/ *Susan Prose*
        Susan Prose
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0404
        E-mail: susan.prose@usdoj.gov

        Counsel for the Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on February 12, 2018, I sent the foregoing document by electronic mail to:

  Stephen Kiehl
  Matthew Shapanka
  Peter Swanson
  Terra Fulham
  Alyson Sandler


            s/ *Susan Prose*
            Susan Prose
            United States Attorney's Office