# EXHIBIT 22



As of: January 11, 2018 10:24 PM Z

# Palma-Salazar v. Davis

United States Court of Appeals for the Tenth Circuit

May 1, 2012, Filed

No. 11-1070

**Reporter**
677 F.3d 1031 *; 2012 U.S. App. LEXIS 9081 **

JESUS HECTOR PALMA-SALAZAR, Petitioner - Appellant, v. BLAKE DAVIS, Warden, United States Penitentiary Administrative Maximum Facility, Florence, Colorado; FEDERAL BUREAU OF PRISONS, Respondents - Appellees.

**Subsequent History:** Remanded by *Palma-Salazar v. Davis, 2012 U.S. App. LEXIS 9082 (D.C. Cir., May 1, 2012)*

**Prior History:** **[**1]** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO. (D.C. NO. 1:10-CV-02012-JLK).

*Palma-Salazar v. Davis, 2010 U.S. Dist. LEXIS 135503 (D. Colo., Dec. 22, 2010)*

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Appeals > Standards of Review > Clear Error Review

Criminal Law & Procedure > ... > Appeals > Standards of Review > De Novo Review

*HN1*[] **Standards of Review, Clear Error Review**

Appellate courts review a district court's disposition of a petitioner's habeas corpus petition de novo. Factual findings are reviewed for clear error.

Civil Rights Law > Protection of Rights > Prisoner Rights > Confinement Conditions

Criminal Law & Procedure > ... > Jurisdiction > Custody Requirement > In Custody Requirement

*HN2*[] **Prisoner Rights, Confinement Conditions**

Habeas corpus review is available under *28 U.S.C.S. § 2241* if an individual is in custody in violation of the Constitution or laws or treaties of the United States. *28 U.S.C.S. § 2241(c)(3)*. The fundamental purpose of a *28 U.S.C.S. § 2241* habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. Though the U.S. Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement.

Civil Rights Law > Protection of Rights > Prisoner Rights > Confinement Conditions

Criminal Law & Procedure > ... > Jurisdiction > Cognizable Issues > General Overview

*HN3*[] **Prisoner Rights, Confinement Conditions**

In the Tenth Circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. It is well-settled law that prisoners who wish to challenge only the conditions of their confinement must do so through civil rights lawsuits not through federal habeas proceedings.

Civil Rights Law > Protection of Rights > Prisoner Rights > Confinement Conditions

*HN4*[] **Prisoner Rights, Confinement Conditions**

A request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to Bivens.

Civil Rights Law > Protection of Rights > Prisoner Rights > Confinement Conditions

*HN5*[] **Prisoner Rights, Confinement Conditions**

A request by a federal prisoner for a change in the place of confinement must be brought under Bivens.

Criminal Law & Procedure > ... > Jurisdiction > Cognizable Issues > General Overview

*HN6*[] **Jurisdiction, Cognizable Issues**

A claim was properly raised under *28 U.S.C.S. § 2241* when it challenges the fact or duration of custody in a particular state.

Governments > Courts > Judicial Precedent

*HN7*[] **Courts, Judicial Precedent**

A court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and was passed sub silentio.

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

*HN8*[] **Reviewability of Lower Court Decisions, Preservation for Review**

"Perfunctory" allegations of error, which fail to frame and develop an issue, are insufficient to invoke appellate review.

Civil Procedure > Appeals > Appellate Jurisdiction > General Overview

*HN9*[] **Appeals, Appellate Jurisdiction**

Appellate courts have an independent duty to inquire into their jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it.

**Counsel:** Benjamin Lee Coleman, Coleman & Balogh LLP, San Diego, California (Frank J. Ragen, Law Office of Frank J. Ragen, San Diego, California, on the briefs), for Petitioner-Appellant.

Juan G. Villaseñor, Assistant United States Attorney (John F. Walsh, United States Attorney, United States Attorney's Office, with him on the brief), Denver, Colorado, for Respondents-Appellees.

**Judges:** Before MURPHY, BALDOCK, and SILER,[*] Circuit Judges.

**Opinion by:** MURPHY

## Opinion

**[*1033] MURPHY**, Circuit Judge.

### I. Introduction

Jesus Hector Palma-Salazar was indicted in 1995 for conspiracy to distribute cocaine; he was arrested in Mexico in 2002. After he was extradited to the United States pursuant to an extradition treaty between the United States and Mexico, Palma-Salazar pleaded guilty and began serving his sentence. In 2010, Palma-Salazar filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus, challenging his confinement at the Administrative Maximum Prison in Florence, Colorado ("ADX"). He alleged his confinement **[**2]** at ADX violates his *Fifth* and *Eighth Amendment* rights and also the extradition treaty. The district court denied Palma-Salazar's petition. It concluded it lacked jurisdiction under 28 U.S.C. § 2241 to consider his *Fifth* and *Eighth Amendment* claims because they are challenges to the conditions of his confinement and must, therefore, be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)*. It also concluded Palma-Salazar's confinement at ADX does not violate the extradition treaty. This court holds the district court lacked jurisdiction under 28 U.S.C. § 2241 to consider any of Palma-Salazar's claims. Because he seeks a change in the place of his confinement, which is properly construed as a challenge to the conditions of his confinement, Palma-Salazar's claims must be brought pursuant to *Bivens*. Exercising jurisdiction under *28 U.S.C. § 1291* we therefore **remand** to the district court to vacate its judgment and dismiss, without prejudice, the entire petition for lack of jurisdiction.

### II. Background

In December 1995, Palma-Salazar, a Mexican citizen, was indicted in the Southern District of California for conspiring to distribute over ten **[**3]** kilograms of cocaine in violation of *21 U.S.C. § 841(a)(1)*. In June 2002, Mexican authorities arrested him in Mexico pursuant to an extradition warrant based on the 1995 indictment. He was extradited to the United States in January 2007, pleaded guilty, and was sentenced in February 2008 to an agreed-upon term of sixteen years' imprisonment and five years' supervised release.

From his arrival in the United States in January 2007, through June 2008, Palma-Salazar resided in three correctional facilities without incident. On June 18, 2008, he received written notice from the Bureau of Prisons ("BOP") of an upcoming hearing to determine whether he should be transferred to ADX. The notice explained why he was referred for placement at ADX:

> **[*1034]** Your conduct creates a risk to institution security and good order, poses a risk to the safety of staff, inmates or others, or to public safety; and/or
> As a result of your status either before or after incarceration, you may not be safely housed in the general population of a regular correctional institution.

The notice also included the following allegations of fact in support of its referral:

> Inmate Palma-Salazar is one of the leaders of the Sinaloa Cartel **[**4]** which is an International Criminal Organization based in Mexico. In his leadership role, inmate Palma-Salazar spearheaded the members' involvement in numerous acts of extortion, bribery, corruption of public officials, and murders.

[*] The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals, Sixth Circuit, sitting by designation.

> Inmate Palma-Salazar is responsible for ordering the murders of a rival gang member's children and an Attorney in retaliation for the murder of his wife and children. Inmate Palma-Salazar has contacts throughout the state of California to facilitate his drug distribution. Inmate Palma-Salazar's presence in a lower level facility poses a serious threat to the safety and orderly running of the institution.

The transfer hearing was held on June 24, 2008. Palma-Salazar presented an oral and written statement in which he claimed there was no evidence to support the allegations made in the notice, it had not been proved he belonged to a cartel or other criminal organization, and he has never been involved in any criminal activity related to a cartel or other organization. After the hearing, the BOP issued a report concluding Palma-Salazar met the criteria for placement at ADX and recommending he be transferred there. Palma-Salazar received a copy of this report **[**5]** on June 25, 2008. On June 27, 2008, the BOP's Regional Director accepted the recommendation. Palma-Salazar, however, apparently did not receive notice of the Regional Director's decision. He was transferred to ADX on July 25, 2008. On December 5, 2008, Palma-Salazar appealed the decision to transfer him to ADX. His appeal was denied on March 26, 2009.

In August 2010, Palma-Salazar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He alleged his confinement at ADX violates his *Fifth* and *Eighth Amendment* rights and the extradition treaty between the United States and Mexico. His *Fifth Amendment* claim included both procedural and substantive due process challenges to his confinement at ADX. He alleged he was transferred to ADX without adequate notice, the assistance of counsel, or a fair opportunity to be heard, and that the decision to transfer him was arbitrary and based on unreliable evidence. He asserted his confinement at ADX also violates the *Eighth Amendment's* proscription against cruel and unusual punishment, particularly given his lack of prior convictions and exemplary conduct while in the federal prison system. Finally, he argued his confinement at ADX **[**6]** violates the extradition treaty between the United States and Mexico.

The district court denied Palma-Salazar's petition. He appeals, arguing the district court erred in concluding it lacked jurisdiction to consider his *Fifth* and *Eighth Amendment* claims. He argues these claims are not "conditions of confinement" claims but instead, "execution of sentence" claims, which can be brought under § 2241. He also argues the district **[*1035]** court erred in rejecting his claim that his confinement at ADX constitutes punishment for conduct other than the crime for which he was extradited and therefore violates the rule of speciality embodied in the extradition treaty between the United States and Mexico.

## III. Analysis

HN1[] This court reviews the district court's disposition of Palma-Salazar's habeas corpus petition de novo. *Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)*. Factual findings are reviewed **[**7]** for clear error. *Standifer v. Ledezma, 653 F.3d 1276, 1278 (10th Cir. 2011)*.

HN2[] Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." *28 U.S.C. § 2241(c)(3)*. The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "'traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)* (quoting *Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)*). "Though the Supreme Court has not set the precise

[1] While he acknowledges he could obtain relief through a *Bivens* action, Palma-Salazar asserts a right to pursue his claims under 28 U.S.C. § 2241 rather than *Bivens*. In fact, Palma-Salazar has filed a *Bivens* action, which has been administratively closed, at his request, pending the outcome of this proceeding.

boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement . . . ." *Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)*. This court has "endorsed this distinction." *Id.* **HN3**[] In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. *McIntosh, 115 F.3d at 812*. In contrast, a prisoner who challenges the conditions of his confinement must do so through **[**8]** a civil rights action. *Id.*; *see also Standifer, 653 F.3d at 1280* ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.").

This court has stated "that **HN4**[] a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [*Bivens*]." *United States v. Garcia, 470 F.3d 1001, 1003 (10th Cir. 2006)*. In *Garcia*, we held that two federal prisoners who filed motions seeking transfer from one detention facility to another had to bring their claims through a *Bivens* action. *Id. at 1002-03*. We reasoned that neither prisoner "sought release from the custody of the Bureau of Prisons or a shortened period of incarceration" but instead, a "change in the place of confinement." *Id.*

In *Garcia*, we acknowledged being persuaded by the reasoning in *Boyce v. Ashcroft, 251 F.3d 911*, *vacated as moot*, *268 F.3d 953 (10th Cir. 2001)*. *Garcia, 470 F.3d at 1003*. In *Boyce*, a federal prisoner sought a writ of habeas corpus under *§ 2241* ordering his transfer from ADX to another **[**9]** federal prison. *251 F.3d at 913*. The prisoner asserted he was transferred to ADX in retaliation for exercising his *First Amendment* rights and that conditions at ADX violated his *Eighth Amendment* rights. *Id. at 913-14*. The district court dismissed the habeas petition, concluding the inmate was "not attacking the legality of his custody or seeking release from illegal custody, but seeking a transfer to a specific federal prison, and that such relief is not cognizable in habeas corpus." *Id.* This court affirmed. *Id. at 918*. We held that because Boyce challenged the "BOP's choice of prisons," he challenged the conditions of his confinement rather than the fact or duration of his federal custody. *Id.* Thus, his claim was "properly **[*1036]** raised under *Bivens* and not in habeas." *Id.*

Like the petitioners in *Garcia* and *Boyce*, Palma-Salazar seeks transfer from one BOP detention facility to another, *i.e.*, a change in the place of his confinement. Therefore, his challenge is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*.

Palma-Salazar argues this court's precedents do not require him to bring his request for a transfer from ADX to another BOP **[**10]** facility pursuant to *Bivens*. He argues *Garcia* is distinguishable because the petitioners in *Garcia* did not request a prison transfer by filing habeas petitions, but simply filed motions in their underlying criminal cases. Further, he points out that *Boyce* was vacated as moot and is therefore not binding precedent. He also relies on two cases, *Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007)*, and *Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)*, in which this court entertained prisoners' requests for a change in the place of their confinement brought in *§ 2241* petitions.

Palma-Salazar's attempts to distinguish *Garcia* and *Boyce* are not persuasive. Although the petitioners in *Garcia* did not use habeas petitions to request transfers, the central issue in *Garcia* was whether the petitioners' claims must be brought under *Bivens*. Thus, *Garcia* is directly on point, and binding in the context of this case. It held that **HN5**[] a request by a federal prisoner for a change in the place of confinement, like the one Palma-Salazar asserts here, must be brought under *Bivens*. Further, while we are not bound by our decision in *Boyce*, which was vacated as moot, the

reasoning in Boyce was specifically adopted **[**11]** in *Garcia*, which is binding precedent.

Additionally, neither *Montez* nor *Wedelstedt* support Palma-Salazar's argument that his claims may be brought under *§ 2241*. In *Montez*, a state prisoner challenged "the fact or duration of his confinement in Colorado," a state other than the one in which he had been convicted and sentenced. *208 F.3d at 865*. As we stated in *Boyce*, Montez challenged "a state's authority to imprison [him] in another state." *Boyce, 251 F.3d at 918*, *vacated as moot*, *268 F.3d 953 (10th Cir. 2001)*. Thus, we reasoned, his **HN6**[] claim was "properly raised under Section 2241 because [he] challenged the *fact or duration of custody in a particular state*." *Id.* We find this reasoning persuasive, and therefore, adopt it. Palma-Salazar does not challenge the underlying authority of the BOP to hold him in custody. He merely challenges his placement within the federal prison system. Thus, *Montez* is distinguishable. In *Wedelstedt*, this court indeed considered the merits of a *§ 2241* petition which challenged the lawfulness of BOP regulations prohibiting a prisoner's transfer to a community correctional center. *477 F.3d at 1163-69*. As Palma-Salazar points out in his opening brief, however, *Wedelstedt* **[**12]** did not specifically address the jurisdictional question at issue here. The opinion, therefore, provides no support for Palma-Salazar's argument that his claims are properly brought under *§ 2241*. *See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38, 73 S. Ct. 67, 97 L. Ed. 54 (1952)* (stating that **HN7**[] a court "is not bound by a prior exercise of jurisdiction in a case where it was not questioned and was passed sub silentio").

Palma-Salazar also asserts his confinement at ADX is "very different from carrying out a sentence in an ordinary penal institution," and therefore, unlike the prison transfers requested in *Garcia*, his transfer to ADX "crosses the line beyond a garden variety prison placement." He urges this court to adopt a rule allowing a prisoner who challenges a prison designation or transfer that is *not* a garden variety **[*1037]** designation or transfer to bring that challenge pursuant to *§ 2241*. In support of this argument, Palma-Salazar points to *Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005)*. In *Woodall*, the Third Circuit allowed a challenge to regulations limiting a prisoner's placement in a Community Corrections Center ("CCC") to be brought under *§ 2241*. *432 F.3d at 243-44*. The **[**13]** court noted that "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." *Id. at 243*. CCCs "often include an employment component under which a prisoner may leave on a daily basis to work in the community." *Id.* Inmates may also "be eligible for weekend passes, overnight passes, or furloughs." *Id.* Thus, "placement in a CCC represents more than a simple transfer." *Id.* The Third Circuit determined that such a challenge, which "crosses the line beyond a challenge to, for example, a garden variety prison transfer," is a challenge to the execution of the prisoner's sentence and therefore properly brought under *§ 2241*. *Id. at 243-44*.

Even if this court were to adopt the standard employed by the Third Circuit in *Woodall*, Palma-Salazar's argument would fail because he has not demonstrated that his transfer to and confinement at ADX crosses the line beyond a garden variety prison placement. In his opening brief, Palma-Salazar claims that "placement in the ADX is very different from carrying out a sentence in an ordinary penal institution and crosses the line beyond a garden variety prison placement." He later states, **[**14]** "[o]bviously, Mr. Palma-Salazar's placement at ADX is not a 'garden variety' designation." He does not, however, explain why or support these conclusory statements with citations to the record or legal authority. Thus, we have no basis upon which to consider his assertion that his placement at ADX crosses the line beyond a "garden variety" prison placement. *See Kelley v. City of Albuquerque, 542 F.3d 802, 819 (10th Cir. 2008)* (refusing to consider an argument on appeal supported by conclusory allegations of error); *United States v. Banks, 451 F.3d 721, 728 (10th*

Cir. 2006) (declining to address an argument unsupported by legal authority); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (concluding that HN8[] "perfunctory" allegations of error, which "fail to frame and develop an issue," are insufficient to invoke appellate review).[2]

Finally, Palma-Salazar also claims his confinement at ADX violates the **[*1038]** rule of speciality embodied in the extradition treaty between the United States and Mexico. The rule of speciality prohibits an extradited individual from being detained, tried or punished for an offense other than the one for which he was extradited. Extradition Treaty Between the United States of America and the United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059; *see also* United States v. Levy, 905 F.2d 326, 328 (10th Cir. 1990). **[**18]** Palma-Salazar argues the decision to transfer him to ADX was based on allegations he engaged in extortion, bribery, corruption, and murder prior to his extradition. He points out that none of this alleged conduct was the basis for the single cocaine conspiracy charge for which he was extradited. Thus, he argues, his placement at ADX constitutes punishment for an offense other than the one for which he was extradited.

The district court construed this claim as a challenge to the execution of Palma-Salazar's sentence and the legality of his confinement. Thus, the district court determined it had jurisdiction under § 2241 to consider this claim and proceeded to decide it on the merits. The relief Palma-Salazar seeks with respect to this claim, however, is the same relief he seeks with respect to his *Fifth* and *Eighth Amendment* claims: transfer to another BOP institution, *i.e.*, a change in the place of his confinement. Thus, like his *Fifth* and *Eighth Amendment* claims, Palma-Salazar's claim that his confinement at ADX violates the extradition treaty between the United States and Mexico is properly construed as a challenge to the conditions of his confinement, and therefore, must be brought **[**19]** pursuant to *Bivens*. We conclude the district court lacked jurisdiction under 28 U.S.C. § 2241 to

---

[2] In Boutwell v. Keating, 399 F.3d 1203, 1208-10 (10th Cir. 2005), this court conducted an analysis similar to the one used by the *Woodall* court to determine whether a claim was cognizable under *§ 1983*. The prisoner in *Boutwell* challenged Oklahoma's decision to deny him placement in its Pre-Parole Conditional Supervision ("PPCS") program. Id. at 1207. **[**15]** We noted that PPCS placement, like parole, "releases a prisoner from incarceration" and therefore "differs significantly from being confined within the walls of prison." Id. at 1210. Thus, a transfer to the PPCS program "does more than simply alter the degree of confinement." *Id.* (quotation omitted). It "secures the type of release from physical custody that cannot be characterized as a slight variance in the circumstances of confinement." *Id.* We held that "the fundamental change that results from PPCS placement . . . makes a request for placement in PPCS a challenge to the fact, rather than to a condition, of an inmate's confinement," and therefore, the prisoner must "proceed under habeas—not under *§ 1983*." *Id.* Palma-Salazar does not cite to *Boutwell* or argue the reasoning of *Boutwell* should be extended to the facts of this case, in which Palma-Salazar challenges a transfer to an allegedly more restrictive environment within the BOP prison system. Palma-Salazar's failure to factually or legally develop this theory, however, is likely neither a lapse nor an oversight. This court's precedents, including *Boutwell*, indicate the types of claims cognizable under § 2241 are those in which **[**16]** an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether. *See, e.g.*, United States v. Garcia, 470 F.3d 1001, 1002-03 (10th Cir. 2006) (holding that prisoners who sought neither a release from custody nor a shortened period of custody had to bring their claims under *Bivens*); Reed v. McKune, 298 F.3d 946, 953 (10th Cir. 2002) (stating that a challenge to the fact or duration of physical imprisonment, in which a prisoner seeks "immediate release or a speedier release from that imprisonment," is cognizable under habeas and holding that a prisoner's "request for an injunction that would effect his immediate or imminent release on parole" must, therefore, be brought under § 2241); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (stating that the traditional function of the writ of habeas corpus is to "secure release from illegal custody" and a habeas corpus proceeding "seeks the remedy of immediate release or a shortened period of confinement"); *but see* Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) **[**17]** (indicating that if a prisoner seeks a "quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, *or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation*—then habeas corpus is his remedy" (emphasis added)). The record in this case makes clear that incarceration at ADX does not itself affect an inmate's ability to earn good conduct time or otherwise increase the length of an inmate's sentence or period of physical imprisonment. Thus, even if Palma-Salazar had better developed this theory, it would appear the outcome in this case would not change.

consider this claim.[3]

## IV. Conclusion

In conclusion, because Palma-Salazar seeks a change in the place of his confinement, **[*1039]** his claims are properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*. The district court, therefore, lacked jurisdiction under *28 U.S.C. § 2241* to consider any of Palma-Salazar's claims. We **remand** to the district court to vacate its judgment and dismiss, without prejudice, Palma-Salazar's *28 U.S.C. § 2241* petition in its entirety for lack of jurisdiction.

---

End of Document

[3] While the government failed to argue on appeal that the district court lacked jurisdiction to consider Palma-Salazar's treaty-based claim, ***HN9***[] "this court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it." *In re Am. Ready Mix, Inc., 14 F.3d 1497, 1499 (10th Cir. 1994)*.