# EXHIBIT 27



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary –
Administrative Maximum*

P.O. Box 8500
Florence, Colorado 81226

September 15, 2015

Mr. Peter A. Swanson, Esq.
Covington & Burling LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001-4956

Re: Rejection of *Prison Legal News* at ADX Florence

Dear Mr. Swanson:

This is in response to your letter dated August 24, 2015, that was received in this office on August 28, 2015, regarding your challenge to the constitutionality of the rejection of the July 2013 issue of *Prison Legal News* at the United States Penitentiary, Administrative Maximum (ADX) in Florence, Colorado.

In your letter, you state the July 2013 issue of *Prison Legal News* "is a representative example of nearly a dozen editions of *Prison Legal News* unlawfully censored at ADX." Despite requests for other examples of rejections of *Prison Legal News*, you do not provide this information. You do attach, however, multiple exhibits to your correspondence relating to the rejection of the July 2013 issue of *Prison Legal News* by former Warden Berkebile (Exhibits A-D). You reassert your contention that the rejection of the July 2013 issue of *Prison Legal News* "has violated [your] client's constitutional and statutory rights." You request "that the government commit to immediately cease all censorship of *Prison Legal News* at ADX."

The regulations and policies regarding incoming publications were annotated in my previous letter. However, of note, particularly in reference to Exhibits C & D, is that the rejection of this issue (July 2013) has already been appealed by the publisher (Prison Legal News through counsel), reviewed by the Regional Director for the North Central Regional Office, deemed proper by the Regional Director, and Prison Legal News was notified, through its prior counsel, of the results of the appeal on September 30, 2013. You have presented no new information that was not previously presented to the Regional Director for consideration during the course of the September 2013 appeal.

As you elude to in your letter, and pursuant to *Thornburgh v. Abbott*, 490 U.S. 401 (1989), rejections of incoming publications are analyzed under the standards set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987) (legitimate penological interest). As the

Mr. Swanson, Esq.
Page 2
September 15, 2015

Supreme Court noted in *Thornburgh*, prison officials are due considereable deference in regulating the delicate balance between prison order and security and the legitimate demands of "outsiders" who seek to enter the prison environment.

Incoming publications at the ADX will continue to be reviewed and analyzed to ensure they do not detrimentally impact the security, discipline, or good order of the institution. Actions will be taken to ensure that future issues of *Prison Legal News*, that may contain personal information about an ADX inmate, will be more thoroughly reviewed to ensure information contained therein is not already available publicly through the Electronic Law Library or other federal publications.

I trust this information is responsive to your concerns.

Sincerely,

/s/ J. Oliver
Warden