# EXHIBIT 30

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S FIRST INTERROGATORIES**

---

Pursuant to Fed. R. Civ. P. 33, Defendant Federal Bureau of Prisons ("Defendant" or "BOP"), through undersigned counsel, hereby supplements its responses to Plaintiff's First Set of Interrogatories as follows:

**THIRD SUPPLEMENTAL RESPONSES**

**Interrogatory No. 1:** Identify each mailing sent from PLN, including issues of *Prison Legal News*, to a prisoner at the ADX that any ADX or other BOP officer, employee, agent, representative or servant decided not to deliver to the prisoner at any point in the mail review or publication review process (whether or not such decision was later overturned) from January 1, 2005 to the present.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.[1]

Subject to, and without waiving these objections, since the BOP's previous response, there have been no rejections of *Prison Legal News* at the ADX.

**Interrogatory No. 2:**  To the extent you contend that the rejection of any mailing identified in response to Interrogatory No. 1 was lawful, describe with specificity, for each such mailing, the complete factual and legal basis for your contention, including a detailed description of any alleged security risks posed by the mailing.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, the BOP states that, upon re-review by former ADX Warden Jack Fox, the previously rejected eleven issues of *Prison Legal News* were found not to be detrimental to security at the ADX and were distributed to the inmate subscribers.  As Mr. Chapman explained in his deposition, the issues would not have been rejected under the December 2017 ADX Institution Supplement concerning incoming publications.

**Interrogatory No. 3:**  Identify any notices of rejection sent to PLN between January 1, 2005 and the present including the dates on which such notices were mailed.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

---

[1] All objections related to the ADX Institution Supplement for incoming publications are deemed to include the December 2017 Institution Supplement.  *See* FLM 5266.11E, *Incoming Publications* (December 21, 2017).

Subject to, and without waiving these objections, since the BOP's previous response, the BOP has not identified any other issue of *Prison Legal News* that was not delivered to ADX inmate subscribers, and, therefore, there are no additional notices of rejection that are responsive to this interrogatory.

**Interrogatory No. 6**: Describe with specificity any and all security measures taken at ADX to regulate the movement, behavior, and activities undertaken by prisoners at ADX, including: ratios of corrections officers to inmates; design of prisoners' cells; limitations on movement of prisoners; procedures for moving prisoners between cells or between their cell and any other areas of the prison; procedures by which prisoners receive mail, meals, and personal items within their cells; the amount of time spent by prisoners outside of their cells; the circumstances under which prisoners are removed from their cells; the circumstances under which prisoners might interact with one another, and the security procedures undertaken to ensure prisoner and ADX Staff safety during such interactions; and policies and practices intended to prevent access to contraband.

**RESPONSE**:  The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, the BOP incorporates here the relevant deposition testimony of the BOP fact witnesses and Rule 30(b)(6) witness deposed by PLN, as well as the expert report and deposition testimony of Mark Collins, the BOP's retained expert.

**Interrogatory No. 8:** Identify all ADX Staff whose duties at any point since January 1, 2005 through the present have included inspecting, processing, or reviewing incoming mail addressed to prisoners at ADX, or whose duties have included deciding whether or not to deliver such mail to the addressee at any stage of the initial mail review process or at any level of appeal,

3

including for both the prisoner Administrative Review Procedure and the appellate review afforded to publishers and other senders of mail, and, for each such person, state the dates during which his or her duties have included handling or processing incoming mail addressed to prisoners and/or deciding whether certain pieces of mail should be delivered to prisoners and describe his or her duties during each time period.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, the BOP provides this updated list of staff who have been involved in the incoming publications review process:

Correctional Systems staff:

Correctional Systems staff members at the ADX, from 2010 to present, include[2] Dan Roy (retired), Rick Martinez (retired), Sandra O'Donnell (current), Donald Hand (current), Shawna Jordan (current), Shawn Quenelle (current), Brian Sandoval (current), Timothy Poland, Supervisory Correctional Systems Specialist (former), David Nelson, Supervisory Correctional Systems Specialist (former), Peter Mafnas, Supervisory Correctional Systems Specialist (current), and DeeDee McEvoy, Complex Case Management Coordinator (current).

Special Investigative Services staff:

Special Investigative Services staff members at the ADX, from 2010 to present, include[3] Kelee Dell (former), Dianna Krist, Special Investigative Agent (former), Hope Redden (former), Jose Guadian (former), Steve Smith (former), Mikeal Thompson (former), Lisa Braren (former),

---

[2] Unless noted otherwise, Correctional Systems staff members were/are Correctional Systems Officers.

[3] Unless noted otherwise, Special Investigative Services staff members were/are Special Investigative Services Technicians.

4

Michelle Bond (former), James Cabel (retired), Matthew Santistevan (former), Kami Allen (former), Brianne Smith (former), Roman Manjarrez (former), Michael McAlister (former), Marty Bier, Lieutenant and Special Investigative Agent (former), Billy Eischen, Lieutenant (former), Todd Carpenter, Lieutenant (retired), Rigoberto Lopez (current), Rodney Marquez (current), Dale Bilbrey (current), Michael Massey (current), Richley Turner (current), Alan Oliver, Linguist (current), Shawn Scarbrough, Lieutenant (former), Danny LNU (former), Simon Jones, Lieutenant (former), FNU Trapp, Lieutenant (former), Amy Kelley, Lieutenant (current), Ryan Taillon, Lieutenant (current), Kari Hicks (current), Ana Callahan-Knote, Lieutenant (former), Adam Sapp, Lieutenant (current), Charles Alvarez, Lieutenant (former), Michael Banuelos, Lieutenant (former), Brenton Braggan, Lieutenant (former), Hubert Kosakowski, Lieutenant (former), Anthony Roe, Lieutenant (retired), Jean Pierre Espino (current), Patrick Gourn, Lieutenant (former), FNU Fitzgerald, Lieutenant (former), David Rhodes, Special Investigative Agent (former), and Debra Payne, Special Investigative Agent (former).

Attorneys in the Legal Services Department:

Attorneys in the Legal Services Department at the ADX, from 2010 to present, include Christopher Synsvoll, Supervisory Attorney (current), Clay C. Cook, Senior Attorney Advisor (current), James Wiencek, Senior Attorney Advisor (current), Krista Klett, Senior Attorney Advisor (current), Benjamin Brieschke, Senior Attorney Advisor (former), Theresa Montoya, Senior Attorney Advisor (former), Kara Lundy, Senior Attorney Advisor (former), Megan Marlow, Senior Attorney Advisor (current), Kaitlin Turner, Senior Attorney Advisor (current), and Debbie Locke, Senior Attorney Advisor (former).

Associate Warden Secretaries and Warden Secretaries:

5

From 2010 to present at the ADX, such individuals include April Cromer (former), Paula Trujillo (former), Angela Burch (current), and Beverly Hays (retired).

Associate Wardens at the ADX:

Associate Wardens at the ADX, from 2010 to present, include Louis Milusnic (former), Michael Carr (former), Paul Klein (current), Catherine Spitz (current), Donna Davis (retired), Jack Fox (retired), Leann LaRiva (retired), Mark Munson (retired), Dennis Stamper (retired), Kevin Johnson (retired), Sean Kuta (retired), William True, Tara Hall (retired), Angel Levi (retired), Stephen Julian (retired), and Tonya Hawkins (former).  *See also* Response to Interrogatory No. 15 (identifying prior ADX Wardens).

**Interrogatory No. 9:**  Identify all publications, from any sender, that have been censored since October 1, 2015.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, since the BOP's previous response, the BOP has continued to produce rejection packets.[4]  Plaintiff, in the same manner as the BOP, is able to derive the answer to this interrogatory from these documents.  Thus, "the burden of deriving or ascertaining the answer will be substantially the same for either party[.]"  *See* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining ... a party's business records, … the responding party may answer by … specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]").

---

[4] Updated rejection packets are being processed and will be produced to Plaintiff as soon as possible.

6

**Interrogatory No. 11:** Identify any changes made to the ADX incoming publications institutional supplement or any other ADX policy between January 1, 2005 and the present, including Institutional Supplement No. FLM 5266.11C: Incoming Publications (effective Feb. 2, 2016), and any ADX Staff who proposed, drafted, edited, commented on or otherwise participated in the making of such changes, and describe with specificity the rationale for any such changes.

**RESPONSE:** The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, since the BOP's previous response, an update to the policy was made on December 21, 2017. The new policy is titled FLM 5266.11E, *Incoming Publications*. *See* BOP 10332 to 10336. The following changes from the previous version of the Institution Supplement, dated May 30, 2017, were made:

- § III.C.: "An incoming publication at the ADX may not be rejected solely because it discusses an ADX or Federal Bureau of Prisons (BOP) inmate, or BOP staff member. When a publication identifies and discusses an ADX or BOP inmate, or BOP staff member, SIS staff must conduct an individualized assessment of each such incoming publication, taking into account specific information about the inmate or staff member, the content of the article, how that information may affect institutional security at the ADX, and include an evaluation of the factors in 28 C.F.R. § 540.70(b). Staff should rely upon his/her correctional experience, using sound correctional judgment, in making this individualized assessment."

- § III.G.: "When an incoming publication is rejected, the Warden will promptly advise the inmate and publisher in writing of the decision and the reason(s) for it. The notice must contain reference to the specific article(s) or material(s) considered objectionable, including page references and quotes from the incoming publication. The Warden will advise the publisher or sender that the publisher may obtain independent review of the rejection by writing to the Regional Director within 20 days of receipt of the rejection letter. Ordinarily, the rejection notice will be mailed to the publisher within ten business days from the Warden's signature date."

- § III.S.: "An attorney from the Legal Services Department will conduct quarterly training with Correctional Systems staff and SIS Department staff regarding the procedures outlined in Program Statement 5266.11, *Incoming Publications*, and this supplement."

As Mr. Chapman explained in his deposition, the language was included in § III.C. of the Institution Supplement to clarify and reinforce the rule for staff—to "put it in black and white, there is no gray area[.]" Chapman depo. at 274-75. This litigation prompted the BOP to critically examine the former practice of flagging content for possible rejection based solely on the identification of ADX or BOP inmates, or BOP staff. *Id.* at 274. That examination led to a change in the practice and to an inclusion of the above-referenced language in the December 2017 Institution Supplement, as well as in the materials distributed at the ADX quarterly trainings for incoming publication review. *Id.* at 274-75. As Mr. Chapman explained, the quarterly training on incoming-publication procedures had eliminated the BOP's concern that placing the above-referenced statement in policy would "result in hindering open, frank, and unfettered internal review/discussion among CSN/SIS legal staff of the suitability of an incoming publication." *Id.* at 133. Subsections III.G. and III.S were added to provide confirmation and clarity concerning the referenced procedures and training.

Clay C. Cook initiated the change to the Institution Supplement, and discussed the matter with DeeDee McEvoy and David Nelson. *Id.* at 275. Jack Fox, the then-ADX Warden, approved the revisions to the Institution Supplement. As with previous versions of the Institution Supplement, other ADX personnel had an opportunity to review and to comment on the December 2017 Institution Supplement prior to its implementation. *See*, *e.g.*, Defendant's Sixth Supplemental Privilege Log at BOP 2362-2367, 2459, 2558, 2559-2563, 2904, 2905, 2909, 3443, 3444-3448, 7230, 7231-7236, 7366, 7367-7371, 7381, 782-7386, 7592, 7593-7597, 7835, 7836-7840.

8

**Interrogatory No. 12:**  Describe with particularity all actions taken by ADX Staff to inform or train other ADX Staff about the recent revisions to Institution Supplement No. FLM 5266.11C (effective March 4, 2016) and identify all ADX Staff who were responsible for informing and training other staff.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

Subject to, and without waiving these objections, since the BOP's previous response, two additional trainings have occurred on the following dates and were led by the following individual:

- November 21, 2017 – Clay C. Cook, Senior Attorney Advisor; and
- April 4, 2018 - Clay C. Cook, Senior Attorney Advisor.

Plaintiff is referred to the quarterly training documents that that have been produced at bates range BOP 2166-2173 and BOP 10215-20223  Plaintiff, in the same manner as the BOP, is able to derive the answer to this interrogatory from these documents.  Thus, "the burden of deriving or ascertaining the answer will be substantially the same for either party[.]"  *See* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining ... a party's business records, … the responding party may answer by … specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]").

**Interrogatory No. 15:**  Identify all wardens of ADX from January 1, 2005 to the present.

**RESPONSE:**  The BOP incorporates here all previously asserted objections to this interrogatory.

9

Subject to, and without waiving these objections, since the BOP's previous response, in December 2017, Jack Fox retired.  In April 2018, Andre Matevousian began as the ADX Warden.  During the interim, Paul Klein, among other Associate Wardens, were the Acting ADX Warden.

**Interrogatory No. 16:**  Identify each person who supplied information contained in or relied upon in your answers to these Interrogatories.

**RESPONSE:**  Objection.  The BOP objects to the interrogatory to the extent it seeks privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP responds as follows:  Paula Trujillo, Paralegal Specialist and Clay C. Cook, Senior Attorney Advisor, as well as all of those persons whose deposition testimony is referenced and incorporated in these responses.

10

      I, _____, do hereby verify pursuant to 28 U.S.C. § 1746, Federal Rule of Civil Procedure 33, and under penalties of perjury, that the foregoing responses to interrogatories are true and correct to the best of my information, knowledge, and belief, based upon information provided to me in my official capacity.

      Executed this ___ day of May, 2018.

<u>s/</u>

11

DATED May 4, 2018.

        As to legal objections:

        ROBERT C. TROYER
        United States Attorney

        s/ *Susan Prose*
        Susan Prose
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0404
        E-mail: susan.prose@usdoj.gov
        marcy.cook@usdoj.gov

        Counsel for the Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on May 4, 2018, I sent the foregoing document by electronic mail to:

Terra Fulham
Alyson Sandler
Matthew Shapanka
Peter Swanson


              s/ *Susan Prose*
              Susan Prose
              United States Attorney's Office