IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## UNOPPOSED MOTION FOR ORDER TO RESTRICT ACCESS

The Federal Bureau of Prisons ("BOP") moves pursuant to D.C.COLO.LCivR 7.2 for an order to restrict access to certain extremely limited information contained in one exhibit appended to the motion for summary judgment filed by Prison Legal News ("PLN"). The exhibit, docket entry 105, consists of excerpts from a deposition provided by the BOP's designated Rule 30(b)(6) witness. PLN filed that document subject to a Level 1 restriction on access because it contained information designated as protected pursuant to the Protective Order entered in this case. *See* Doc. 43. The BOP now asks the Court to maintain the Level 1 restriction on docket entry 105, but to accept for public filing the attached minimally redacted version of that docket entry. *See* Ex. 1 hereto. Counsel for PLN states that PLN does not oppose this motion. *See* D.C.COLO.LCivR 7.1(b)(1).

The BOP has reviewed docket entry 105 and determined that the attached version of that document can be publicly filed without compromise to its security interests. The proposed redactions are extremely minimal, consisting of but a few lines in total. On page 13 of docket

entry 105, the BOP has redacted the specific statistics concerning the ratio of correctional officers to inmates at the administrative maximum facility in Florence, Colorado. These redactions were made because this information might be used by inmates to identify the potential strength of correctional personnel and possible vulnerabilities in their ability to respond to disruptive conduct by inmates, including by assaulting officers and engaging in riots, particularly in step-down units where inmates have direct physical contact with staff and other inmates. *See* Local Rule 7.2(c)(3) ("identify a clearly defined and serious injury that would result if access is not restricted").

The other very minimal redactions in the document are of the names of inmates, none of whom are parties to this litigation. Those redactions appear on pages 24, 25, 31, 35, 36, 59, and 61 of docket entry 105. These inmates have privacy interests that should not be compromised simply because their names are mentioned in a lawsuit they did not initiate. Even so, the BOP has taken an approach that errs on the side of public access. It has redacted inmate names only on those pages where inmate names are specifically connected to a discussion of security concerns and potential risks. While the magazines in which these inmates were identified were provided to inmate subscribers, the magazines obviously did not contain BOP correctional officials' assessment of possible security threats. The redactions are made to minimize the risk of this sensitive information compromising the safety of others. *See* Local Rule 7.2(c)(3); *see also*, *e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (court "must accord substantial deference to the professional judgment of prison administrators" in "determining the most appropriate means to accomplish" correctional goals).

In sum, the BOP's security justifications for protecting the very minimally redacted information in docket entry 105 outweighs the presumption of public access. *See* Local Rules 7.2(c)(2), Rule 7.2(c)(4). The BOP has minimized the redactions it has requested, thereby maximizing public access to the information in a manner that is consistent with important security and privacy interests.

The BOP respectfully requests that the Court retain the Level 1 restriction on access for docket entry 105 in light of the public filing of the attached, minimally redacted version of the document. A proposed order is also attached.

Respectfully submitted on May 29, 2018.

                                            ROBERT C. TROYER
                                            United States Attorney

                                            s/ *Susan Prose*
                                            Susan Prose, Assistant United States Attorney
                                            1801 California Street, Suite 1600
                                            Denver, Colorado 80202
                                            Tel.: (303) 454-0100; Fax: (303) 454-0404
                                            E-mail: susan.prose@usdoj.gov

                                            Counsel for the Federal Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

       I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

    Steven Zansberg
    Sabarish Neelakanta
    Peter Swanson
    Matthew Shapanka
    Elliot Mincberg
    David Shapiro
    Terra Fulham
    Alyson Sandler

                                        s/ *Susan Prose*
                                        Susan Prose
                                        United States Attorney's Office