# EXHIBIT 14

```
                                                                 1

 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
      Civil Action No. 15-cv-02184-RM-STV
 3    _____

 4                    VIDEOTAPE DEPOSITION OF:
               DAVID BERKEBILE - January 19, 2018
 5                     (Designations Pending)
      _____
 6
      PRISON LEGAL NEWS, a project of the Human Rights
 7    Defense Center,

 8    Plaintiff,

 9    v.

10    FEDERAL BUREAU OF PRISONS,

11    Defendant.
      _____
12

13                  PURSUANT TO NOTICE and SUBPOENA, the
      videotape deposition of DAVID BERKEBILE was taken on
14    behalf of the Plaintiff at 1225 17th Street, Suite
      2300, Denver, Colorado 80202, on January 19, 2018, at
15    8:37 a.m., before Barbara Birger, Registered Merit
      Reporter, Certified Realtime Reporter and Notary
16    Public within Colorado.

17

18

19

20

21

22

23

24

25
```

**H+G**

**Hunter + Geist, Inc.**

303.832.5966
800.525.8490

1900 Grant Street, Suite 1025
Denver, CO 80203

www.huntergeist.com
scheduling@huntergeist.com

Your Partner in Making the Record

Court Reporting, Legal Videography, and Videoconferencing

A P P E A R A N C E S

For the Plaintiff:

    STEPHEN KIEHL, ESQ.
    MATTHEW S. SHAPANKA, ESQ.
    Covington & Burling L.L.P.
    850 Tenth Street, NW
    Washington, D.C. 20001

For the Defendant:

    SUSAN PROSE, ESQ.
    U.S. Department of Justice
    1801 California Street, Suite 1600
    Denver, Colorado 80202

Also Present:

    Kaitlin B. Turner
    Dan Marshall, Esq.
    (Appearing telephonically)
    John Jensen, Videographer

I N D E X

EXAMINATION OF DAVID BERKEBILE:                              PAGE
January 19, 2018

By Mr. Kiehl                                                    7

By Ms. Prose                                                  138


                                                           INITIAL
DEPOSITION EXHIBITS:                                       REFERENCE

Exhibit 35   Amended Notice of Deposition of                    9
             David Berkebile

Exhibit 36   Subchapter C - Institutional                      25
             Management

Exhibit 37   Program Statement, 1/10/03,                       29
             Incoming Publications

Exhibit 38   Program Statement, 11/9/11,                       33
             Incoming Publications

Exhibit 39   Institutional Supplement, 3/1/11,                 39
             Incoming Publications

Exhibit 40   Institution Supplement, 1/24/13,                  46
             Incoming Publications

Exhibit 41   Defendant's Motion to Dismiss                     51

Exhibit 42   Prison Legal News, June 2012                      61

Exhibit 43   Memorandum to Heim from Krist,                    64
             6/19/12, Subject:  Inmate Mail
             Rejection

Exhibit 44   United States v. Rudkin                           66

Exhibit 45   Federal Bureau of Prisons -                       67
             Electronic Law Library (ELL)
             Content

Exhibit 46   Prison Legal News, November 2012                  77

| | | |
|---|---|---|
| Exhibit 47 | Memorandum to Heim from Krist, 11/20/12, Subject:  Inmate Mail Rejection | 80 |
| Exhibit 48 | Notification to Inmate and Publisher/Sender of Rejected Publication, 12/10/12 | 81 |
| Exhibit 49 | Prison Legal News, February 2013 | 90 |
| Exhibit 50 | Letter to Swanson from Oliver, 9/15/15, Re:  Rejection of Prison Legal News at ADX Florence | 93 |
| Exhibit 51 | Prison Legal News, April 2013 | 94 |
| Exhibit 52 | Memorandum to Heim from Bier, 4/19/13, Subject:  Inmate Mail Rejection - Lawrence, Desmond #83529-022 | 97 |
| Exhibit 53 | Notification to Inmate and Publisher/Sender of Rejected Publication, 4/25/13 | 99 |
| Exhibit 54 | Prison Legal News, July 2013 | 101 |
| Exhibit 55 | Notification to Inmate and Publisher/Sender of Rejected Publication, 7/31/13 | 104 |
| Exhibit 56 | Prison Legal News, September 2013 | 107 |
| Exhibit 57 | Memorandum to Supervisory Corrections Systems Specialist from Rangel, 10/9/13, Subject: Inmate Mail Rejection - Blackman, Robert #36103-004 | 107 |
| Exhibit 58 | Notification to Inmate and Publisher/Sender of Rejected Publication, 10/21/13 | 107 |
| Exhibit 59 | Prison Legal News, April 2014 | 115 |
| Exhibit 60 | Notification to Inmate and Publisher/Sender of Rejected Publication, 4/21/14 | 116 |

| | | |
|---|---|---|
| Exhibit 61 | Article entitled, "Supermax Killer Pleads Guilty After Death Penalty is Taken Off Table" | 121 |
| Exhibit 62 | Administrative Summary | 123 |
| Exhibit 63 | Letter to Prison Legal News from Berkebile, 2/23/11, Re: Prison Legal News, Vol. 22 No. 2, with attachment | 132 |

| | | INITIAL |
|---|---|---|
| DEPOSITION EXHIBITS: | (Previously marked) | REFERENCE |
| Exhibit 31 | Institution Supplement, Incoming Publications, 12/21/17 | 134 |

DAVID BERKEBILE - 1/19/2018
Prison Legal News v. Federal Bureau of Prisons

Page 51

```
09:43:14   1        Q.   Okay.  Let me show you one other
09:43:22   2   document.  So we will mark this as Exhibit 41.
09:43:41   3              (Deposition Exhibit 41 was marked.)
09:43:52   4        Q.   And this is the defendant's motion to
09:43:55   5   dismiss in this case.  And I have just -- and I just
09:44:03   6   would ask if you can turn to page 3.  And in that top
09:44:10   7   paragraph on page 3, in the middle, there's a sentence
09:44:14   8   that states, quote, Prior to February 2016, the ADX
09:44:20   9   had a practice of rejecting publications that
09:44:23  10   contained information discussing an ADX or BOP inmate,
09:44:29  11   or BOP staff member.
09:44:32  12              Is that a correct statement, to your
09:44:34  13   knowledge?
09:44:38  14        A.   I believe I read this document in
09:44:40  15   preparing for today's deposition.  My perception,
09:44:48  16   having read that sentence, is that it's probably an
09:44:53  17   oversimplification of the reality of the situation.
09:44:59  18   Incoming publications that contained information about
09:45:03  19   an ADX or a BOP inmate or a BOP staff member would get
09:45:07  20   elevated for review.
09:45:12  21              I did not perceive this as a hard/fast
09:45:15  22   always reject it because it references a BOP inmate.
09:45:19  23   It was going to take a look.  I was going to look at
09:45:21  24   this and make a determination as to whether or not
09:45:23  25   this could be detrimental to institution security
```

```
09:45:27   1   given, again, this unique nature of this very small
09:45:31   2   portion, less than one-quarter of 1 percent of the
09:45:35   3   bureau's inmate population.
09:45:38   4           Q.   Okay.  So this was not a practice that
09:45:42   5   you implemented at ADX?
09:45:47   6           A.   This is probably reflecting the thought
09:45:52   7   and perception of the people who worked in the
09:45:54   8   mailroom who would elevate things to me for things for
09:46:00   9   review.  It wasn't necessarily my always fast
09:46:03  10   interpretation that only simply because it references
09:46:06  11   an inmate's name and register number that that would
09:46:10  12   warrant rejection.  I'm going to take a look at those
09:46:12  13   documents.
09:46:15  14           Q.   And for the mailroom staff who had the
09:46:20  15   understanding to follow this practice, this applied
09:46:28  16   for any BOP inmate at any BOP facility; is that
09:46:33  17   correct?
09:46:33  18           A.   I expect that was probably their
09:46:35  19   perception of it, yes.  And, frankly, as an
09:46:38  20   institutional warden -- this goes to what I said
09:46:41  21   earlier -- I was more concerned about what came in
09:46:44  22   that we didn't catch than what was elevated to the
09:46:47  23   warden for review.  If that's their perception, I'm
09:46:50  24   okay with that perception.  It needs to get to the
09:46:53  25   warden to be looked at.
```

Case No. 1:15-cv-02184-RM-STV   Document 109-11   filed 06/04/18   USDC Colorado   pg 9 of 9
DAVID BERKEBILE - 1/19/2018
Prison Legal News v. Federal Bureau of Prisons

Page 53

```
09:46:54  1           Q.   It would also be the practice for any BOP
09:46:57  2    staff member at any BOP facility that might be
09:47:00  3    mentioned in a publication?
09:47:01  4           A.   I wanted to see that document and see if
09:47:04  5    there was an institution concern.
09:47:06  6           Q.   Okay.  And then how would you make the
09:47:12  7    call when it was elevated to you as to whether it
09:47:17  8    would be detrimental to the security and good order of
09:47:20  9    the prison and should be rejected?
09:47:22 10           A.   I think that's the whole key to this
09:47:25 11    discussion.  Take and see what's in that publication,
09:47:28 12    anticipate how that information could be used or
09:47:30 13    misused by the inmate population, given my
09:47:33 14    understanding of their history, their behaviors, the
09:47:37 15    characteristics, the things that they do each day, and
09:47:40 16    the potential for harm that can come by providing that
09:47:44 17    publication to the inmate.
09:47:46 18           Q.   Okay.  So there were no hard-and-fast
09:47:49 19    rules that you would apply, it would be a case-by-case
09:47:53 20    assessment?
09:47:54 21           A.   It was a case-by-case assessment,
09:47:56 22    consistent again with this policy that we talk about,
09:47:59 23    detrimental to institution security and good order,
09:48:02 24    but influenced by the correctional experience that I
09:48:06 25    brought with me when I first sat down at that desk as
```