# Second Declaration of Mark Collins

*Prison Legal News v. Fed. Bureau of Prisons*,
No. 15-cv-02184-RM-STV

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS,
a project of the Human Rights Defense Center,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

**SECOND DECLARATION OF MARK COLLINS**

---

I, Mark Collins, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in my role as a retained expert in this case, hereby make the following declaration relating to the above-entitled matter.

1.      I am a retained expert for the Federal Bureau of Prisons (Bureau) in the field of correctional security and correctional management. I have over 27 years of experience in the field of correctional management in the Bureau at all security levels, including over 16 years working directly at the United States Penitentiary – Administrative Maximum (ADX) in various capacities. A copy of my Curriculum Vitae was attached to my initial declaration. *See D*oc. __.

2.      I have reviewed the eleven rejection notices at issue in this case, which state the Warden concluded that the specific mention of ADX or BOP inmates or staff members created security concerns. Most of the rejection notices indicate the page numbers on which the articles appeared.

3.     The information identified in these notices protects ADX security interests, while also taking into account the publisher's interest in receiving enough information to challenge the rejection. The notices make clear that, in the Warden's judgment, the identification of and information associated with, these persons created security concerns at that time.

4.     In the event the Warden provided more specific details, the security interests underlying the rejection could be undermined. In particular, the BOP must be able to protect the methods and techniques it uses for identifying threats or risks, lest those methods and techniques be compromised and rendered useless. If the Warden is compelled to provide an exhaustive analysis of his security concerns to persons outside the prison, it is impossible to permit that information from being transmitted to other persons—including inmates and other persons the Warden has determined could use it to harm others.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 4th day of June, 2018, in Pueblo, Colorado.


s/ *Mark Collins*
Mark Collins
Pueblo, Colorado