**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

**UNOPPOSED MOTION FOR ORDER TO RESTRICT ACCESS
TO DOCKET ENTRIES 110, 110-1, AND 110-2**

    The Federal Bureau of Prisons ("BOP") moves pursuant to D.C.COLO.LCivR 7.2 for an order to restrict access to certain extremely limited information contained in three exhibits appended to Plaintiff's response to the BOP's motion for summary judgment. The exhibits, Docs. 110, 110-1, and 110-2, consist of excerpts from three depositions provided by BOP witnesses and the BOP's designated expert. Plaintiff filed those documents subject to a Level 1 restriction on access because they contained information designated as protected pursuant to the Protective Order entered in this case. *See* Doc. 43. The BOP now asks the Court to maintain the Level 1 restriction on Docs. 110, 110-1, and 110-2, but to accept for public filing the attached minimally redacted versions of those court-filed entries. *See* Exs. 1-3 hereto. Plaintiff's counsel states that Plaintiff does not oppose this motion. *See* D.C.COLO.LCivR 7.1(b)(1).

    The BOP has reviewed Docs. 110, 110-1, and 110-2 and determined that the attached versions of those documents can be publicly filed without compromise to its security interests. The proposed redactions are minimal, consisting of relatively few lines in total. For instance,

two redactions relate to ADX inmate monitoring procedures.  *See* Ex. 1, Doc. 110 at 27; Ex. 3, Doc. 110-2 at 5.  These redactions were made because this information might be used by inmates to identify the scope of monitoring activities at the ADX and possible vulnerabilities in the ability of staff to monitor specific types of inmate communications and/or behavior.  *Id.*  The exposure of inmate-monitoring techniques at the ADX may lead to disruptive conduct by inmates, to include assaulting officers and engaging in riots, particularly in step-down units where inmates have direct physical contact with staff and other inmates.  *See* Local Rule 7.2(c)(3) ("identify a clearly defined and serious injury that would result if access is not restricted").

The other very minimal redactions in the documents are of the names and personal identifying information of inmates, none of whom are parties to this litigation.  *See* Ex. 1, Doc. 110 at 50-54, 57-60, 65, 75, 87, and 91; Ex. 2, Doc. 110-1 at 4-5, 22-23, and 30-31.  These inmates have privacy interests that should not be compromised simply because their names are mentioned in a lawsuit they did not initiate.  Even so, the BOP has taken an approach that errs on the side of public access.  It has redacted inmate names and inmate personal information only on those pages where security concerns and potential risks are also associated with the name/information of the inmate.  While the magazines in which these inmates were identified were provided to inmate subscribers, the magazines obviously did not contain BOP correctional officials' assessment of possible security threats.  The redactions are made to minimize the risk of this sensitive information compromising the safety of others.  *See* Local Rule 7.2(c)(3); *see also*, *e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (court "must accord substantial

deference to the professional judgment of prison administrators" in "determining the most appropriate means to accomplish" correctional goals).

In sum, the BOP's security justifications for protecting the minimally-redacted information in Docs. 110, 110-1, and 110-2 outweigh the presumption of public access. *See* Local Rules 7.2(c)(2) and 7.2(c)(4). The BOP has minimized the redactions it has requested, thereby maximizing public access to the information in a manner that is consistent with important security and privacy interests.

The BOP respectfully requests that the Court retain the Level 1 restriction on access for Docs. 110, 110-1, and 110-2 in light of the public filing of the attached, minimally redacted version of the documents. A proposed order is also attached.

Respectfully submitted on June 14, 2018.

          ROBERT C. TROYER
          United States Attorney

          s/ *Susan Prose*
          Susan Prose
          Assistant United States Attorney
          Clay C. Cook
          Special Assistant United States Attorney
          1801 California Street, Suite 1600
          Denver, Colorado 80202
          Tel.: (303) 454-0100; Fax: (303) 454-0404
          E-mail: susan.prose@usdoj.gov

          Counsel for the Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 18, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

Steven Zansberg
Sabarish Neelakanta
Peter Swanson
Matthew Shapanka
Elliot Mincberg
David Shapiro
Terra Fulham
Alyson Sandler

s/ *Susan Prose*
Susan Prose
United States Attorney's Office

4