# Exhibit 3
# Objections to Plaintiff's Supplemental Notice of Rule 30(b)(6) Deposition

*Prison Legal News v. Fed. Bureau of Prisons*,
No. 15-cv-02184-RM-STV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS, a project of the Human Rights Defense Center,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

## FEDERAL BUREAU OF PRISONS' OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL NOTICE OF RULE 30(b)(6) DEPOSITION

---

The Federal Bureau of Prisons ("Defendant" or "BOP"), through undersigned counsel, hereby submits these objections to the Notice of Deposition of Federal Bureau of Prisons by Plaintiff Prison Legal News ("PLN"):

## OBJECTIONS

**Topic No. 1:** The Rejected PLN Issues, including without limitation (a) the reasons for ADX's rejection of the issue and the policy bases for rejection; (b) the individuals involved in the decision to reject the issue; and (c) whether each issue would be rejected under current Policies related to incoming Publications.

**RESPONSE:** Objection. First, the BOP objects to the term "including without limitation," as it is undefined and does not give the BOP sufficient notice concerning all possible information that PLN may deem to be encompassed in this topic. Second, the BOP objects to the topic to the

extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving these objections, the BOP designates **Todd Chapman, Executive Assistant** at the Administrative Maximum facility ("ADX"), to testify on this topic.

**Topic No. 2:** The preparation, approval, and transmission of any rejection notices sent to PLN concerning the Rejected PLN Issues.

**RESPONSE:** Objection. The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 3:** Any appeals of the rejections of the Rejected PLN Issues.

**RESPONSE:** Objection. The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 4:** The Policies related to incoming Publications at ADX that were in effect for the period of January 2005 to present, including but not limited to Program Statements P5266.10 and P5266.11, and ADX Institution Supplements FLM 5266.10B, FLM 5266.10C, FLM 5266.10D, FLM 5266.11A, FLM5266.11B, FLM 5266.11C, and FLM 5266.11D.

**RESPONSE:** Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 5:**  Any changes to the Policies related to incoming Publications at ADX in effect for the period of January 2005 to present, including but not limited to Program Statements P5266.10 and P5266.11, and ADX Institution Supplements FLM 5266.10B, FLM 5266.10C, FLM 5266.10D, FLM 5266.11A, FLM5266.11B, FLM 5266.11C, and FLM 5266.11D; the reasons or rationale for such changes; and the individuals involved in preparing and approving such changes.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 6:**  The standards and criteria used by ADX Staff when determining whether to reject an incoming Publication for the period of January 2009 to present.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to

testify on this topic.

**Topic No. 7:**  The Policies related to notices and appeals given to Prisoners and publishers when ADX Staff reject incoming Publications for the period of January 2009 to the present.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 8:**  All trainings offered to ADX Staff related to the review, screening, and/or rejection of incoming Publications from January 2009 to present.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 9:**  The option of redaction or removal of specific pages and/or sections of incoming Publications as an alternative to rejection of entire Publications, including without limitation any consideration of this option by BOP and any facts related to BOP's position concerning the feasibility and appropriateness of this option.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **John Dunkelberger, Chief, Unit Management Section, Correctional Programs Division**, to testify on this topic.

**Topic No. 10:**  Security measures at ADX for the period of January 2009 to the present.

**RESPONSE:**  Objection.  First, the topic seeks information that is neither relevant to, nor proportional to, the needs of this case and is overbroad and unduly burdensome.  Potentially, every decision about how to manage the ADX could be encompassed within the term "security measures."  Second, the BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving these objections, the BOP designates Mr. Chapman to testify on the sub-topic of security measures affecting prisoner and prison employee safety, including specifically testimony on these issues:

1. Prisoner opportunities to interact with each other
2. How prisoners are moved within the institution, such as from cell to recreation or food hall or library
3. How prisoners are able to communicate with each other (authorized and unauthorized) and with persons outside the prison
4. Measures taken to prevent prisoners from attacking each other and/or prison employees
5. Instances of violence committed by prisoners on other prisoners and/or prison employees
6. Institution Supplement FLM 5321.07(1)B, dated Sept. 1, 2015, titled, "General Population and Step-Down Unit Operations."

*See* January 25, 2018, email from Kiehl to Prose.

**Topic No. 11:**  Prisoners' access to media, Publications, and the law library, including

5

without limitation whether the content that prompted the censorship of the Rejected PLN Issues is or was available to Prisoners through other sources.

**RESPONSE:** Objection. The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 12:** The flow and availability of information among Prisoners, including through incoming media and Publications and through any other sources.

**RESPONSE:** Objection. First, the BOP objects to the term "any other sources," as it is undefined and does not give the BOP sufficient notice concerning all possible information that PLN may deem to be encompassed in this topic. The BOP understands the term "any other sources" to mean any other sources that the BOP can reasonably anticipate as being available to the prison population at the ADX. Second, the BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving these objections, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 13:** The facts and circumstances concerning any rejection of PLN by any BOP institution pursuant to 28 C.F.R. § 540.71, from January 2009 to the present.

**RESPONSE:** Objection. First, in requesting information about the rejection of PLN "by any BOP institution," the topic seeks information that is neither relevant to, nor proportional to, the

needs of this case and is overbroad and unduly burdensome.  As the BOP has explained throughout this litigation, the BOP has no reasonable means of identifying all possible rejections of PLN in every BOP institution, short of having every one of some 120 BOP facilities conduct a hand search of its files.  Moreover, the issue in this case concerns the past rejections of eleven issue of PLN *at the ADX*.  Second, the BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving these objections, based on a Central Office search of the BOP SENTRY database, the BOP has been able to identify three rejections of PLN outside of the ADX in the referenced time period.  The BOP designates Mr. Chapman to testify concerning those three rejections, to the extent the institutions involved have retained any information concerning those rejections.

**Topic No. 14:**  BOP's responses to PLN's discovery requests.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 15:**  The identity and location of documents relating to the topics above.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

7

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

**Topic No. 16:**  The individuals or departments, and their respective roles, having knowledge of the above-listed subjects.

**RESPONSE:**  Objection.  The BOP objects to the topic to the extent it may seek privileged information, including information protected by the attorney-client, attorney-work-product, deliberative-process, and/or law-enforcement privileges.

Subject to and without waiving this objection, the BOP designates **Mr. Chapman** to testify on this topic.

DATED March 4, 2018.

        ROBERT C. TROYER
        United States Attorney

        *Susan Prose*
        Susan Prose
        Assistant U.S. Attorney
        1801 California Street, Suite 1600
        Denver, CO  80202
        Telephone:  303-454-0100
        Fax:  303-454-0404
        Email:  susan.prose@usdoj.gov

        Counsel for the Federal Bureau of Prisons

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2018, I sent the foregoing document by email to the following:

Peter A. Swanson
Matthew S. Shapanka
Stephen William Kiehl
Terra Fulham
Alyson Sandler

s/ *Susan Prose*
United States Attorney's Office