## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

      v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

## PLAINTIFF'S UNOPPOSED MOTION FOR A STAY OF PROCEEDINGS ON DEFENDANT'S BILL OF COSTS PENDING APPEAL

Plaintiff, by its undersigned counsel, respectfully requests a stay of the briefing, hearing, and decision on Defendant's Bill of Costs, filed on November 8, 2018 (Dkt. No. 128), pending an appeal of the Court's Order granting summary judgment in favor of Defendant. Plaintiff's counsel has conferred with Defendant's counsel regarding this Motion, and Defendant does not oppose the requested stay. In support of this Motion, Plaintiff states as follows:

1. On October 25, 2018, the Court granted Defendant's motion for summary judgment, dismissed Plaintiff's claims without prejudice, and entered judgment for Defendant (Dkt. Nos. 126 (hereinafter, "Summary Judgment Order"), 127 (hereinafter, "Final Judgment")).

2. On November 8, 2018, Defendant filed a bill of costs, seeking costs of $6,388.40 and requesting a hearing date of December 18, 2018 (Dkt. No. 128).

3. Plaintiff intends to file a notice of appeal with respect to the Summary Judgment Order and the Final Judgment.

4.  This Court has the power to issue a stay of the proceedings relating to Defendant's Bill of Costs. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts...ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion."); *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016) ("[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is generally left to the sound discretion of district courts." (quoting *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013)).

5.  Here, the Court should exercise its discretion to grant the requested stay because this will promote judicial economy. The resolution of Plaintiff's appeal may render Defendant's Bill of Costs moot. *See Herr v. Heiman*, 75 F.3d 1509, 1514 (10th Cir. 1996) (vacating district court's award of attorney's fees and costs as "premature" when district court is also directed to reconsider its ruling on subject matter jurisdiction). *See also Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986) ("When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated.") (citing 10 Wright, Miller & Kane, *Fed. Prac. & Proc.* § 2668 (3d ed.)). Therefore, it would be more efficient for the Court to hear and resolve any objections to Defendant's Bill of Costs following Plaintiff's appeal, to the extent it remains necessary to do so. *See Lasic v. Aloreno*, 2007 WL 4180655 at *1 (E.D. Cal. 2007) ("The Court finds that in the interests of judicial economy, ruling on the Defendant's Bill of Costs should be deferred until the pending appeal is disposed. It would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed.").

6.  Moreover, Defendant does not oppose this Motion and would not suffer any prejudice by delaying resolution of its Bill of Costs. If the Court's decision is affirmed by the Tenth

Circuit on appeal, Defendant will not have to undertake additional work to resubmit the bills it has already submitted, and Defendant will not be harmed by the delay.

Thus, in the interest of judicial economy, Plaintiff respectfully requests that the Court remove the hearing date of December 18 and defer briefing on and resolution of Defendant's Bill of Costs until the conclusion of any appeals in this matter.

DATED: November 21, 2018.

Respectfully submitted,

*s/ Alyson R. Sandler*

Sabarish Neelakanta
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Email:
sneelakanta@humanrightsdefensecenter.org

*Of Counsel:*

Elliot Mincberg
Washington Lawyers' Committee for Civil
Rights & Urban Affairs
11 Dupont Circle NW
Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Email: elliot_mincberg@washlaw.org

Steven D. Zansberg
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 376-2409
FAX: (303) 296-3956
E-mail: zansbergs@ballardspahr.com

Peter A. Swanson
Terra W. Fulham
Matthew S. Shapanka
Alyson R. Sandler
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
FAX: (202) 662-6291
E-mail: pswanson@cov.com
      tfulham@cov.com
      mshapanka@cov.com
      asandler@cov.com

*Attorneys for Plaintiff Prison Legal News*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2018 I served the foregoing by electronic mail, pursuant to consent received under Federal Rule of Civil Procedure 5(b)(2)(e), upon:

Susan Prose
Marcy Cook
Assistant United States Attorney
U.S. Attorney's Office for the District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
Susan.Prose@usdoj.gov
Marcy.Cook@usdoj.gov

Clay Cook
Kaitlin Turner
Federal Correctional Complex-Florence
Legal Services
P.O. Box 8500
5880 State Highway 67 South
Florence, CO 81226
c2cook@bop.gov
k1turner@bop.gov

*Counsel for Defendant Bureau of Prisons*

*s/ Alyson R. Sandler*
Alyson R. Sandler

*Attorney for Prison Legal News*
