ADMAPP,ALLMTN,APPEAL,JD1,MJ CIV PP,REOPEN,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:15–cv–02184–RM–STV</u>

Prison Legal News v. Federal Bureau of Prisons
Assigned to: Judge Raymond P. Moore
Referred to: Magistrate Judge Scott T. Varholak
Demand: $0
Cause: 05:702 Administrative Procedure Act

Date Filed: 10/01/2015
Date Terminated: 10/25/2018
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **Prison Legal News**<br>*a project of the Human Rights Defense Center* | represented by | **Addar Weintraub**<br>Covington & Burling, LLP–DC<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001–4956<br>202–662–5042<br>Email: <u>aweintraub@cov.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **Alyson Rose Sandler**<br>Covington & Burling, LLP–DC<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001–4956<br>202–662–5158<br>Email: <u>asandler@cov.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **David M. Shapiro**<br>Northwestern University School of Law<br>Roderick and Solange MacArthur Justice Center<br>375<br>Chicago, IL 60611<br>312–503–0711<br>Email: <u>david.shapiro@law.northwestern.edu</u><br>*TERMINATED: 09/10/2018*<br>*ATTORNEY TO BE NOTICED* |
| | | **Lance T. Weber**<br>Human Rights Defense Center<br>P.O. Box 1151<br>Lake Worth, FL 33460<br>561–360–2523<br>Fax: 866–735–7136<br>Email: <u>lance@lanceweber.com</u><br>*TERMINATED: 12/29/2016* |

**Masimba Maxwell Mutamba**
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
561–360–2523
Fax: 866–735–7136
Email: mmutamba@humanrightsdefensecenter.org
*ATTORNEY TO BE NOTICED*

**Matthew S. Shapanka**
Covington & Burling, LLP–DC
One CityCenter
850 Tenth Street NW
Washington, DC 20001–4956
202–662–5136
Fax: 202–778–5136
Email: mshapanka@cov.com
*ATTORNEY TO BE NOTICED*

**Peter Andrew Swanson**
Covington & Burling, LLP–DC
One CityCenter
850 Tenth Street NW
Washington, DC 20001–4956
202–662–5111
Fax: 202–778–5111
Email: pswanson@cov.com
*ATTORNEY TO BE NOTICED*

**Sabarish P. Neelakanta**
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
561–360–2523
Fax: 866–735–7136
Email: sneelakanta@hrdc–law.org
*ATTORNEY TO BE NOTICED*

**Stephen William Kiehl**
Covington & Burling, LLP–DC
One CityCenter
850 Tenth Street NW
Washington, DC 20001–4956
202–662–5872
Fax: 202–778–5872
Email: skiehl@cov.com
*TERMINATED: 03/23/2018*
*ATTORNEY TO BE NOTICED*

**Terra White Fulham**
Covington & Burling, LLP–DC

One CityCenter
850 Tenth Street NW
Washington, DC 20001–4956
202–662–5433
Email: tfulham@cov.com
*ATTORNEY TO BE NOTICED*

**Steven David Zansberg**
Ballard Spahr, LLP–Denver
1225 Seventeenth Street
Suite 2300
Denver, CO 80202–5596
303–376–2409
Fax: 303–296–3956
Email: zansbergs@ballardspahr.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Federal Bureau of Prisons, The**   represented by   **Clay C. Cook**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0400
Email: c2cook@bop.gov
*ATTORNEY TO BE NOTICED*

**Kaitlin Brianne Turner**
Federal Correctional Complex–Florence
Legal Services
P.O. Box 8500
5880 State Highway 67 South
Florence, CO 81226
719–784–5217
Fax: 719–784–9467
Email: k1turner@bop.gov
*ATTORNEY TO BE NOTICED*

**Marcy Elizabeth Cook**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0171
Fax: 303–454–0404
Email: marcy.cook@usdoj.gov
*ATTORNEY TO BE NOTICED*

3

**Susan Begesse Prose**
U.S. Attorney's Office–Denver
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0407
Email: susan.prose@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/01/2015 | 1 | | COMPLAINT against The Federal Bureau of Prisons (Filing fee $ 400,Receipt Number 1082–4631030)Attorney Steven David Zansberg added to party Prison Legal News(pty:pla), filed by Prison Legal News. (Attachments: # 1 Exhibit A (Prison Legal News, July 2013), # 2 Exhibit B (Prison Legal News, Feb. 2013), # 3 Exhibit C (9–11–13 Ltr from L. Weber), # 4 Exhibit D (9–30–13 Ltr from P. Laird), # 5 Exhibit E (10–9–13 Ltr from L. Weber), # 6 Exhibit F (10–24–13 Ltr from P. Laird), # 7 Summons, # 8 Civil Cover Sheet)(Zansberg, Steven) Modified to show correct party on 10/2/2015 (sphil, ). (Entered: 10/01/2015) |
| 10/01/2015 | 2 | | CORPORATE DISCLOSURE STATEMENT. (Zansberg, Steven) (Entered: 10/01/2015) |
| 10/01/2015 | 3 | | Case assigned to Judge Robert E. Blackburn Text Only Entry (dbera, ) (Entered: 10/02/2015) |
| 10/02/2015 | 4 | | SUMMONS issued by Clerk. Magistrate Judge Consent form issued pursuant to Local Rule (Attachments: # 1 Magistrate Judge Consent Form) (dbera, ) (Entered: 10/02/2015) |
| 10/05/2015 | 5 | | ORDER DIRECTING PREPARATION OF JOINT CASE MANAGEMENT PLAN. By Judge Robert E. Blackburn on 10/5/2015. (mlace, ) (Entered: 10/05/2015) |
| 10/06/2015 | 6 | | SUMMONS Returned Executed upon *U.S. Attorney, on behalf of Federal Bureau of Prisons* defendant(s) Prison Legal News served on 10/5/2015, answer due 12/4/2015. (Zansberg, Steven) (Entered: 10/06/2015) |
| 10/07/2015 | 7 | | NOTICE of Entry of Appearance by Matthew S. Shapanka on behalf of Prison Legal NewsAttorney Matthew S. Shapanka added to party Prison Legal News(pty:pla) (Shapanka, Matthew) (Entered: 10/07/2015) |
| 10/07/2015 | 8 | | NOTICE of Entry of Appearance by Addar Weintraub on behalf of Prison Legal NewsAttorney Addar Weintraub added to party Prison Legal News(pty:pla) (Weintraub, Addar) (Entered: 10/07/2015) |
| 10/07/2015 | 9 | | NOTICE of Entry of Appearance by Peter Andrew Swanson on behalf of Prison Legal NewsAttorney Peter Andrew Swanson added to party Prison Legal News(pty:pla) (Swanson, Peter) (Entered: 10/07/2015) |
| 10/08/2015 | 10 | | SUMMONS Returned Executed by Prison Legal News. Federal Bureau of Prisons, The served on 10/7/2015, answer due 10/28/2015., SUMMONS Returned Executed upon defendant(s) Federal Bureau of Prisons, The served |

| | | | |
|---|---|---|---|
| | | | on 10/7/2015, answer due 10/28/2015. (Shapanka, Matthew) (Entered: 10/08/2015) |
| 10/08/2015 | 11 | | SUMMONS Returned Executed by Prison Legal News., SUMMONS Returned Executed upon *The Honorable Loretta E. Lynch* (Shapanka, Matthew) (Entered: 10/08/2015) |
| 10/09/2015 | 12 | | NOTICE of Entry of Appearance by David M. Shapiro on behalf of Prison Legal NewsAttorney David M. Shapiro added to party Prison Legal News(pty:pla) (Shapiro, David) (Entered: 10/09/2015) |
| 10/15/2015 | 13 | | NOTICE of Entry of Appearance by Susan Begesse Prose on behalf of Federal Bureau of Prisons, TheAttorney Susan Begesse Prose added to party Federal Bureau of Prisons, The(pty:dft) (Prose, Susan) (Entered: 10/15/2015) |
| 10/15/2015 | 14 | | NOTICE of Entry of Appearance by Sabarish P. Neelakanta on behalf of Prison Legal NewsAttorney Sabarish P. Neelakanta added to party Prison Legal News(pty:pla) (Neelakanta, Sabarish) (Entered: 10/15/2015) |
| 10/15/2015 | 15 | | NOTICE of Entry of Appearance *of Counsel* by Lance T. Weber on behalf of Prison Legal NewsAttorney Lance T. Weber added to party Prison Legal News(pty:pla) (Weber, Lance) (Entered: 10/15/2015) |
| 11/20/2015 | 16 | | MOTION to Reassign Case *to Civil Docket* by Plaintiff Prison Legal News. (Zansberg, Steven) (Entered: 11/20/2015) |
| 11/30/2015 | 17 | | Joint MOTION for Extension of Time to *File a Joint Case Management Plan and for Defendant to Respond to the Complaint* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 11/30/2015) |
| 12/11/2015 | 18 | | RESPONSE to 16 MOTION to Reassign Case *to Civil Docket* filed by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 12/11/2015) |
| 04/22/2016 | 19 | | NOTICE of Entry of Appearance *and Substitution of Counsel* by Stephen William Kiehl on behalf of Prison Legal NewsAttorney Stephen William Kiehl added to party Prison Legal News(pty:pla) (Kiehl, Stephen) (Entered: 04/22/2016) |
| 06/09/2016 | 20 | | ORDER Granting 16 Motion to Re−assign Case. Signed by Judge Robert E. Blackburn on 6/9/2016.(cmira) (Entered: 06/09/2016) |
| 06/09/2016 | 21 | | CASE RE−ASSIGNED. Pursuant to 20 Order on Motion to Reassign Case. This case is re−assigned to Magistrate Judge Nina Y. Wang. All future pleadings should be designated as 15−CV−2184−NYW. (Text Only Entry). (cmira) (Entered: 06/09/2016) |
| 06/09/2016 | 22 | | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (cmira) (Entered: 06/09/2016) |
| 06/13/2016 | 23 | | ORDER granting in part and denying in part 17 Motion for Extension of Time to File. Defendant shall file an Answer or otherwise respond to the Complaint on or before 6/27/2016. Consent Form due by 6/27/2016. By Magistrate Judge Nina Y. Wang on 6/13/16.(nywlc1) (Entered: 06/13/2016) |

| 06/22/2016 | 24 | | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint,, by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 06/22/2016) |
| 06/22/2016 | 25 | | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Prison Legal News All parties do not consent.. (Shapanka, Matthew) (Entered: 06/22/2016) |
| 06/22/2016 | 26 | | CASE REASSIGNED pursuant to 25 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is reassigned to Judge Raymond P. Moore. All future pleadings should be designated as 15–cv–02184–RM. (Text Only Entry) (nmarb, ) (Entered: 06/22/2016) |
| 06/24/2016 | 27 | | ORDER REFERRING CASE to Magistrate Judge Nina Y. Wang. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, (4) conduct a pretrial conference and enter a pretrial order, and (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Entered by Judge Raymond P. Moore on 6/24/2016. (Text Only Entry) (rmsec ) (Entered: 06/24/2016) |
| 06/24/2016 | 28 | | MEMORANDUM regarding 24 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint, filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Nina Y. Wang. Entered by Judge Raymond P. Moore on 6/24/2016. (Text Only Entry) (rmsec ) (Entered: 06/24/2016) |
| 06/24/2016 | 29 | | ORDER granting 24 Motion for Extension of Time. Defendant Federal Bureau of Prisons shall answer the Complaint or otherwise respond on or before 7/27/2016. By Magistrate Judge Nina Y. Wang on 6/24/16. Text Only Entry(nywlc1) (Entered: 06/24/2016) |
| 06/24/2016 | 30 | | ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE for 8/17/2016 at 11:30 AM in Courtroom C204 before Magistrate Judge Nina Y. Wang. By Magistrate Judge Nina Y. Wang on 6/24/16. (nywlc1) (Entered: 06/24/2016) |
| 07/27/2016 | 31 | | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1, Attachment 1, # 3 Exhibit 1, Attachment 2, # 4 Exhibit 1, Attachment 3, # 5 Exhibit 1, Attachment 4, # 6 Exhibit 1, Attachment 5, # 7 Exhibit 1, Attachment 6, # 8 Exhibit 2)(Prose, Susan) (Entered: 07/27/2016) |

| 07/27/2016 | 32 | | MEMORANDUM regarding 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Nina Y. Wang. Entered by Judge Raymond P. Moore on 7/27/2016. (Text Only Entry) (rmsec ) (Entered: 07/27/2016) |
| --- | --- | --- | --- |
| 07/28/2016 | 33 | | MINUTE ORDER setting Oral Argument re: 31 MOTION to Dismiss filed by Federal Bureau of Prisons. The Oral Argument is set for 9/29/2016 at 11:00 AM in Courtroom C204 before Magistrate Judge Nina Y. Wang. By Magistrate Judge Nina Y. Wang on 7/28/16. Text Only Entry (nywlc1) (Entered: 07/28/2016) |
| 08/05/2016 | 34 | | MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 08/05/2016) |
| 08/05/2016 | 35 | | MEMORANDUM regarding 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Nina Y. Wang. Entered by Judge Raymond P. Moore on 8/5/2016. (Text Only Entry) (rmsec ) (Entered: 08/05/2016) |
| 08/05/2016 | 36 | | MINUTE ORDER: The Scheduling Conference set for 8/17/2016 is VACATED and RESET to 10/13/2016 at 11:00 AM in Courtroom C204 before Magistrate Judge Nina Y. Wang. Counsel shall submit their proposed scheduling order, including a copy of the proposed scheduling order in a Word format sent via email to Wang_Chambers@cod.uscourts.gov, on or before seven days prior to the Scheduling Conference. By Magistrate Judge Nina Y. Wang on 8/5/2016. Text Only Entry (nywlc1) (Entered: 08/05/2016) |
| 08/16/2016 | 37 | | Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 08/16/2016) |
| 08/17/2016 | 38 | | MEMORANDUM regarding 37 Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 34 MOTION to Stay *Discovery and to Vacate the Scheduling Confe filed by Prison Legal News. Motion referred to Magistrate Judge Nina Y. Wang. Entered by Judge Raymond P. Moore on 8/17/2016. (Text Only Entry) (rmsec ) (Entered: 08/17/2016)* |
| 08/17/2016 | 39 | | MINUTE ORDER re: 37 Joint Motion for Extension of Time to File Response/Reply. A Telephonic Motion Hearing is set for 8/19/2016 at 09:30 AM before Magistrate Judge Nina Y. Wang. The parties are directed to initiate a call between themselves prior to contacting Magistrate Judge Wang's Chambers at 303−335−2600 at the designated time. By Magistrate Judge Nina Y. Wang on 08/17/2016. Text Only Entry (nywlc2) (Entered: 08/17/2016) |
| 08/19/2016 | 40 | | MINUTE ENTRY for proceedings held before Magistrate Judge Nina Y. Wang: Telephonic Motion Hearing held on 8/19/16. Order GRANTING 37 Motion for Extension of Time to File Response/Reply. Plaintiff shall respond to the Motion to Dismiss 31 on or before November 15, 2016. Plaintiff shall respond to the Motion to Stay Discovery 34 on or before November 25, 2016. |

| | | | |
|---|---|---|---|
| | | | Scheduling Conference set for 10/13/16 is VACATED. Motion Hearing set for 9/29/16 is VACATED and RESET to 12/15/2016 11:00 AM in Courtroom C204 before Magistrate Judge Nina Y. Wang. FTR: NYW C–204. (nmarb, ) Modified on 8/22/2016 show scheduling conference is vacated. (nmarb, ). (Entered: 08/22/2016) |
| 09/21/2016 | 41 | | Unopposed MOTION for Protective Order by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1, Proposed Stipulated Protective Order)(Prose, Susan) (Entered: 09/21/2016) |
| 09/21/2016 | 42 | | MEMORANDUM regarding 41 Unopposed MOTION for Protective Order filed by The Federal Bureau of Prisons. Motion referred to Magistrate Judge Nina Y. Wang. Entered by Judge Raymond P. Moore on 9/21/2016. Text Only Entry (cpear) (Entered: 09/21/2016) |
| 09/27/2016 | 43 | | STIPULATED PROTECTIVE ORDER entered by Magistrate Judge Nina Y. Wang on 9/27/16. (bwilk, ) (Entered: 09/27/2016) |
| 10/03/2016 | 44 | | CASE REASSIGNED. This action is reassigned to Magistrate Judge Scott T. Varholak, upon his appointment. All future pleadings should reference Magistrate Judge Varholak at the beginning of the civil action number (such as 15–cv–00001–RM–STV). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge Varholak in Courtroom C–205. His chambers are located in Room C–254 of the Byron G. Rogers Courthouse. His telephone number is 303–335–2365. (Text only entry)Motions referred to Magistrate JudgeScott T Varholak. (tscha, ) (Entered: 10/03/2016) |
| 10/24/2016 | 45 | | Joint MOTION for Extension of Time to *Respond to Pending Motions*, Joint MOTION to Vacate *the Oral Argument on the Motion to Dismiss* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 10/24/2016) |
| 10/24/2016 | 46 | | MEMORANDUM regarding 45 Joint MOTION for Extension of Time to *Respond to Pending Motions*Joint MOTION to Vacate *the Oral Argument on the Motion to Dismiss* filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T Varholak. Entered by Judge Raymond P. Moore on 10/24/2016. (Text Only Entry) (rmsec ) (Entered: 10/24/2016) |
| 10/24/2016 | 47 | | ORDER granting 45 Motion for Extension of Time. Plaintiff shall respond to 31 Motion to Dismiss on or before December 15, 2016. Plaintiff shall respond to 34 Motion to Stay Discovery on or before December 27, 2016. Motion Hearing set for 12/15/2016 is VACATED and RESET for 1/19/2017 09:30 AM in Courtroom C205 before Magistrate Judge Scott T Varholak, by Magistrate Judge Scott T Varholak on 10/24/2016. Text Only Entry(stvlc1, ) (Entered: 10/24/2016) |
| 10/26/2016 | 48 | | MINUTE ORDER. Due to a conflict on the Court's calendar, the Motion Hearing re: 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* set for 1/19/2017 9:30 AM is VACATED and RESET for 1/24/2017 09:00 AM in Courtroom C205 before Magistrate Judge Scott T Varholak, by Magistrate Judge Scott T Varholak on 10/26/2016. Text Only Entry (stvlc1, ) (Entered: 10/26/2016) |

| 12/02/2016 | 49 | | Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 12/02/2016) |
| 12/02/2016 | 50 | | MEMORANDUM regarding 49 Joint MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction , 34 MOTION to Stay *Discovery and to Vacate the Scheduling Confe filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 12/2/2016. (Text Only Entry) (rmsec ) (Entered: 12/02/2016)* |
| 12/02/2016 | 51 | | ORDER granting in part and denying in part 49 Motion for Extension of Time to File Response/Reply. The deadline for Plaintiff to respond to 31 Motion to Dismiss is extended to 1/30/2017. The deadline for Plaintiff to respond to 34 Motion to Stay Discovery is also extended to 1/30/2017. The Motion Hearing set for 1/24/2017 09:00 AM is VACATED and RESET for 2/17/2017 10:30 AM in Courtroom C205 before Magistrate Judge Scott T Varholak. The Parties are cautioned that the Court is unlikely to grant any further extensions. By Magistrate Judge Scott T Varholak on 12/02/2016. Text Only Entry (stvlc1, ) (Entered: 12/02/2016) |
| 12/29/2016 | 52 | | MOTION to Withdraw as Attorney by Plaintiff Prison Legal News. (Weber, Lance) (Entered: 12/29/2016) |
| 12/29/2016 | 53 | | MEMORANDUM regarding 52 MOTION to Withdraw as Attorney filed by Prison Legal News. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 12/29/2016. (Text Only Entry) (rmsec ) (Entered: 12/29/2016) |
| 12/29/2016 | 54 | | ORDER granting 52 Motion to Withdraw as Attorney. Attorney Lance T. Weber terminated, by Magistrate Judge Scott T Varholak on 12/29/2016. Text Only Entry (stvlc1, ) (Entered: 12/29/2016) |
| 01/30/2017 | 55 | | BRIEF in Opposition to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Plaintiff Prison Legal News. (Attachments: # 1 Declaration of Matthew S. Shapanka, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Shapanka, Matthew) (Entered: 01/30/2017) |
| 01/30/2017 | 56 | | BRIEF in Opposition to 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* filed by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 01/30/2017) |
| 02/01/2017 | 57 | | NOTICE of Change of Address/Contact Information by Susan Begesse Prose (Prose, Susan) (Entered: 02/01/2017) |
| 02/10/2017 | 58 | | Exhibits in Support of 55 Brief in Opposition to Motion, *corrected version of Doc. 55−2 (Ex. A)* by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 02/10/2017) |

| 02/13/2017 | 59 | | REPLY to Response to 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Prose, Susan) (Entered: 02/13/2017) |
|---|---|---|---|
| 02/13/2017 | 60 | | REPLY to Response to 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* filed by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 02/13/2017) |
| 02/17/2017 | 61 | | MINUTE ENTRY for Motions Hearing held before Magistrate Judge Scott T. Varholak on 2/17/2017. This matter is before the Court regarding Defendants Motion to Dismiss [Doc. No. 31, filed 7/27/2016] and Defendants Motion to Stay Discovery and to Vacate the Scheduling Conference and Related Deadlines [Doc. No. 34, filed 8/5/2016]. The Court will be issuing its recommendation to Judge Moore on the Motion to Dismiss. Hearing concluded. FTR: STV – C205. (morti, ) (Entered: 02/17/2017) |
| 02/23/2017 | 62 | | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re denying 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Federal Bureau of Prisons, The; denying 34 MOTION to Stay *Discovery and to Vacate the Scheduling Conference and Related Deadlines* filed by Federal Bureau of Prisons, The, by Magistrate Judge Scott T. Varholak on 2/23/2017. (slibi, ) (Entered: 02/23/2017) |
| 02/23/2017 | 63 | | Utility Setting/Resetting Deadlines/Hearings: **Scheduling Conference set for 4/10/2017 09:00 AM** in Courtroom C205 before Magistrate Judge Scott T. Varholak pursuant to 62 . Text Only Entry (slibi, ) (Entered: 02/24/2017) |
| 03/06/2017 | 64 | | Unopposed MOTION for Extension of Time to *File Objections to and an Appeal of the Recommendation and Order Issued by the United States Magistrate Judge [Doc. 62]* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 03/06/2017) |
| 03/06/2017 | 65 | | ORDER: Defendant's motion for extension of time (ECF No. 64) is GRANTED. Defendant shall have until March 16, 2017 to file any objection/appeal. No further extension will be granted under ANY circumstances. SO ORDERED by Judge Raymond P. Moore on 3/6/2017. (Text Only Entry ) (rmsec ) (Entered: 03/06/2017) |
| 03/16/2017 | 66 | | OBJECTION to 62 Report and Recommendations filed by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Prose, Susan) (Entered: 03/16/2017) |
| 03/16/2017 | 67 | | OBJECTION/Appeal of Magistrate Judge Decision to District Court re 62 Report and Recommendations, *[Appeal of Order Denying Motion to Stay Discovery]* by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 03/16/2017) |
| 03/20/2017 | 68 | | MOTION for Protective Order *Pursuant to Fed. R. Civ. P. 26(c) and to Vacate the Scheduling Conference* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1)(Prose, Susan) (Entered: 03/20/2017) |
| 03/20/2017 | 69 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM regarding <u>68</u> MOTION for Protective Order *Pursuant to Fed. R. Civ. P. 26(c) and to Vacate the Scheduling Conference* filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 3/20/2017. (Text Only Entry) (rmsec) (Entered: 03/20/2017) |
| 03/20/2017 | 70 | | ORDER. This matter is before the Court on <u>68</u> Defendant's Motion for Entry of a Protective Order Pursuant to Fed. R. Civ. P. 26(c) and to Vacate the Scheduling Conference (the "Motion"). Defendant requests that the Court issue a protective order prohibiting Plaintiff from pursuing merits–related discovery "until the Court issues a final order on [Defendant's] motion to dismiss this case for lack of subject–matter jurisdiction." [#68 at 1] Similarly, Defendant requests that no scheduling conference be conducted until the Court issues its final order on the motion to dismiss. [Id.] Defendant's Motion thus seeks the same relief sought in its previously denied Motion to Stay Discovery and to Vacate the Scheduling Conference (the "Motion to Stay"). [#34] Accordingly, the Court DENIES the Motion for the same reasons articulated in the Court's Order denying Defendant's Motion to Stay. [#62] To the extent Defendant contends that Plaintiff's discovery requests are overly broad or unduly burdensome, Defendant may challenge those requests by complying with this Court's discovery dispute procedures set forth in this Court's Civil Practice Standards, available on the Court's website. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/20/2017. Text Only Entry (stvlc1, ) (Entered: 03/20/2017) |
| 03/28/2017 | <u>71</u> | | **VACATED and STRICKEN** ORDER rejecting <u>62</u> Recommendation of the Magistrate Judge, denying as moot <u>67</u> Defendant's Appeal of Order Denying Motion to Stay, granting <u>31</u> Defendant's Motion to Dismiss for Failure to State a Claim, denying as moot <u>34</u> Defendant's Motion to Stay. Entered by Judge Raymond P. Moore on 3/28/2017. (cpear) Modified to show vacated and stricken pursuant to <u>81</u> order on 8/14/2017 (cthom, ). (Entered: 03/28/2017) |
| 03/28/2017 | <u>72</u> | | **VACATED** FINAL JUDGMENT pursuant to <u>71</u> Order. Entered by the Clerk of the Court on 3/28/2017. (cpear) Modified to vacate pursuant to Order 74 to on 3/30/2017 (cthom, ). (Entered: 03/28/2017) |
| 03/29/2017 | <u>73</u> | | MOTION to Vacate *Judgment* by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 03/29/2017) |
| 03/29/2017 | 74 | | ORDER granting <u>73</u> Motion to Vacate <u>73</u> MOTION to Vacate *Judgment*, <u>72</u> Judgment. This matter comes before the Court with the filing of the motion to vacate. Although plaintiff states that the motion to vacate is opposed, the Court agrees with the dates set forth in the motion, and thus, GRANTS the requested relief. The Court also will allow plaintiff until April 4, 2017 to file a response in order to address the Court's March 28, 2017 Order. Defendant may then have until April 11, 2017 to file any reply. No further briefing will be allowed. Nor will any extension to these deadlines be allowed. The Judgment <u>72</u> is VACATED and the case is re–opened until plaintiff's response is resolved. So Ordered by Judge Raymond P. Moore on 3/29/2017. Text Only Entry (rmlc2) (Entered: 03/29/2017) |
| 03/29/2017 | | | Case reopened pursuant to Order 74 by Judge Raymond P. Moore on 3/29/2017. Text Only Entry (cthom, ) (Entered: 03/30/2017) |

| 04/03/2017 | 75 | | MINUTE ORDER. Pursuant to the parties' agreement, the Scheduling Conference set for 4/10/2017 09:00 AM is VACATED. A Status Conference is set for 6/5/2017 10:00 AM in Courtroom C205 before Magistrate Judge Scott T. Varholak, by Magistrate Judge Scott T. Varholak on 4/03/2017. Text Only Entry (stvlc1, ) (Entered: 04/03/2017) |
| 04/04/2017 | 76 | | RESPONSE to Objection to 62 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 31 MOTION to Dismiss for Failure to State a Claim MOTION to Dismiss for Lack of Jurisdiction filed by Federal Bureau of Prisons, The, 34 MOTION to Stay *Discovery and t filed by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 04/04/2017)* |
| 04/04/2017 | 77 | | RESPONSE to 67 Objection/Appeal of Magistrate Judge Decision *Denying Motion to Stay Discovery* filed by Plaintiff Prison Legal News. (Shapanka, Matthew) (Entered: 04/04/2017) |
| 04/11/2017 | 78 | | REPLY to 71 Order on Report and Recommendations,, Order on Appeal of Magistrate Judge Decision to District Court,, Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Stay, by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 04/11/2017) |
| 04/11/2017 | 79 | | REPLY to 71 Order on Report and Recommendations,, Order on Appeal of Magistrate Judge Decision to District Court,, Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion to Stay, *(Reply in Support of Discovery Order)* by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 04/11/2017) |
| 05/25/2017 | 80 | | MINUTE ORDER. The Status Conference set for 6/5/2017 10:00 AM is VACATED to be reset, if necessary, after resolution of Plaintiff's response to the Court's March 28, 2017 Order, by Magistrate Judge Scott T. Varholak on 5/25/2017. Text Only Entry (stvlc1, ) (Entered: 05/25/2017) |
| 08/14/2017 | 81 | | ORDER DENIES 31 Motion to Dismiss and 34 Motion to Stay and ADOPTS 62 the R&R to the extent consistent with this Order and REJECTS defendant's 66 objections to the R&R. 71 Order is VACATED and the Clerk is instructed to STRIKE the same from the record. ORDERED by Judge Raymond P. Moore on 8/14/2017. (cthom, ) (Entered: 08/14/2017) |
| 08/18/2017 | 82 | | NOTICE of Entry of Appearance by Marcy Elizabeth Cook on behalf of Federal Bureau of Prisons, TheAttorney Marcy Elizabeth Cook added to party Federal Bureau of Prisons, The(pty:dft) (Cook, Marcy) (Entered: 08/18/2017) |
| 08/18/2017 | 83 | | MINUTE ORDER. Per the request of the parties, this matter is set for a Scheduling Conference on 9/08/2017 11:00 AM in Courtroom C203 before Magistrate Judge Scott T. Varholak. The parties shall submit their joint proposed scheduling order on or before 9/06/2017. SO ORDERED, by Magistrate Judge Scott T. Varholak on 8/18/2017. Text Only Entry (stvlc1, ) (Entered: 08/18/2017) |
| 09/06/2017 | 84 | | Proposed Scheduling Order *(Filed Jointly by Plaintiff and Defendant)* by Plaintiff Prison Legal News. (Kiehl, Stephen) (Entered: 09/06/2017) |
| 09/06/2017 | 85 | | Unopposed MOTION for Leave to *File an Answer to the Complaint Out of Time* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1, # 2 Proposed Order (PDF Only))(Prose, Susan) (Entered: 09/06/2017) |

| 09/06/2017 | 86 | | MEMORANDUM regarding 85 Unopposed MOTION for Leave to *File an Answer to the Complaint Out of Time* filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 9/6/2017. (Text Only Entry) (rmsec ) (Entered: 09/06/2017) |
|---|---|---|---|
| 09/06/2017 | 87 | | ORDER granting 85 Defendant's Motion Requesting Permission to File an Answer to the Complaint Out of Time. The Clerk of Court is directed to file Defendant's Answer to Complaint [#85–1]. SO ORDERED, by Magistrate Judge Scott T. Varholak on 9/06/2017. Text Only Entry (stvlc1, ) (Entered: 09/06/2017) |
| 09/06/2017 | 88 | | ANSWER to 1 Complaint, by Federal Bureau of Prisons, The.(jgonz, ) (Entered: 09/07/2017) |
| 09/08/2017 | 89 | | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Scott T. Varholak on 9/8/2017. Discovery due by 4/9/2018. Dispositive Motions due by 5/14/2018. Final Pretrial Conference set for 7/9/2018 09:30 AM in Courtroom C203 before Magistrate Judge Scott T. Varholak. FTR: STV – C203. (morti, ) (Entered: 09/08/2017) |
| 09/08/2017 | 90 | | SCHEDULING ORDER: by Magistrate Judge Scott T. Varholak on 9/8/17. (morti, ) (Entered: 09/08/2017) |
| 09/22/2017 | 91 | | NOTICE of Entry of Appearance by Masimba Maxwell Mutamba on behalf of Prison Legal NewsAttorney Masimba Maxwell Mutamba added to party Prison Legal News(pty:pla) (Mutamba, Masimba) (Entered: 09/22/2017) |
| 12/13/2017 | 92 | | NOTICE of Entry of Appearance by Terra White Fulham on behalf of Prison Legal NewsAttorney Terra White Fulham added to party Prison Legal News(pty:pla) (Fulham, Terra) (Entered: 12/13/2017) |
| 01/23/2018 | 93 | | NOTICE of Entry of Appearance by Alyson Rose Sandler on behalf of Prison Legal NewsAttorney Alyson Rose Sandler added to party Prison Legal News(pty:pla) (Sandler, Alyson) (Entered: 01/23/2018) |
| 01/23/2018 | 94 | | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 93 Notice of Entry of Appearance filed by attorney Alyson Sandler. The document is incorrectly formatted, still having fillable form fields not converted to PDF. **DO NOT REFILE THE DOCUMENT. Action to take** – future documents must be filed pursuant to D.C.COLO.LCivR 10.1 (Text Only Entry) (cthom, ) (Entered: 01/23/2018) |
| 02/02/2018 | 95 | | Joint MOTION to Amend/Correct/Modify 90 Scheduling Order by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 02/02/2018) |
| 02/02/2018 | 96 | | MEMORANDUM regarding 95 Joint MOTION to Amend/Correct/Modify 90 Scheduling Order filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 2/2/2018. (Text Only Entry) (rmsec ) (Entered: 02/02/2018) |
| 02/02/2018 | 97 | | ORDER granting 95 Joint Motion to Amend the Scheduling Order to Extend Four Remaining Discovery Deadlines. The fact discovery deadline is extended until 3/09/2018. The deadline for the disclosure of affirmative experts is extended until 3/23/2018 and the deadline for the disclosure of rebuttal experts |

| | | | |
|---|---|---|---|
| | | | is extended until 4/06/2018. The discovery deadline is extended until 4/18/2018. SO ORDERED, by Magistrate Judge Scott T. Varholak on 2/02/2018. Text Only Entry (stvlc1, ) (Entered: 02/02/2018) |
| 02/26/2018 | 98 | | NOTICE of Entry of Appearance by Clay C. Cook on behalf of Federal Bureau of Prisons, TheAttorney Clay C. Cook added to party Federal Bureau of Prisons, The(pty:dft) (Cook, Clay) (Entered: 02/26/2018) |
| 03/09/2018 | 99 | | NOTICE of Entry of Appearance by Kaitlin Brianne Turner on behalf of Federal Bureau of Prisons, TheAttorney Kaitlin Brianne Turner added to party Federal Bureau of Prisons, The(pty:dft) (Turner, Kaitlin) (Entered: 03/09/2018) |
| 03/12/2018 | 100 | | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 99 Notice of Entry of Appearance filed by attorney Kaitlin Brianne Turner. **DO NOT REFILE THE DOCUMENT. Action to take –** counsel must submit a change of contact request through the Attorney Services Portal Account pursuant to D.C.COLO.LAttyR 5(c) and 3.5 of the Electronic Case Filing Procedures (Civil cases). (Text Only Entry) (athom, ) (Entered: 03/12/2018) |
| 03/23/2018 | 101 | | Unopposed MOTION to Withdraw as Attorney by Plaintiff Prison Legal News. (Kiehl, Stephen) (Entered: 03/23/2018) |
| 03/23/2018 | 102 | | MEMORANDUM regarding 101 Unopposed MOTION to Withdraw as Attorney filed by Prison Legal News. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 3/23/2018. (Text Only Entry) (rmsec ) (Entered: 03/23/2018) |
| 03/23/2018 | 103 | | ORDER granting 101 Motion for Withdrawal of Appearance. Attorney Stephen William Kiehl is relieved of any further representation of Plaintiff. The Clerk of Court is instructed to terminate Attorney Kiehl as counsel of record, and to remove his name from the electronic certificate of mailing. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/23/2018. Text Only Entry (stvlc1, ) (Entered: 03/23/2018) |
| 05/14/2018 | 104 | | MOTION for Partial Summary Judgment by Plaintiff Prison Legal News. (Attachments: # 1 Plaintiff's Statement of Undisputed Material Facts, # 2 Declaration of Alyson R. Sandler, # 3 PLN Index of Exhibits, # 4 Ex 1 – Scheduling Order, # 5 Ex 2 – January 2010 Rejection Notice, # 6 Ex 3 – June 2010 Rejection Notice, # 7 Ex 4 – October 2011 Rejection Notice, # 8 Ex 5 – October 2011 Issue of PLN, # 9 Ex 6 – November 2011 Rejection Notice, # 10 Ex 7 – November 2011 Issue of PLN, # 11 Ex 8 – Def.'s 2d Suppl. Resp. to Pl.'s Interrog., # 12 Ex 9 – Inmate Appeal of October and November 2011 Issues, # 13 Ex 11 – June 2012 Rejection Notice, # 14 Ex 12 – November 2012 Rejection Notice, # 15 Ex 13 – February 2013 Rejection Notice, # 16 Ex 14 – February 2013 Issue of PLN, # 17 Ex 15 – Def's Resp. to Pl.'s Requests for Admissions, # 18 Ex 16 – Rezaq v. Nalley, # 19 Ex 17 – April 2013 Rejection Notice, # 20 Ex 18 – April 2013 Issue of PLN, # 21 Ex 19 – Al–Owhali v. Holder, # 22 Ex 20 – July 2013 Rejection Notice, # 23 Ex 21 – July 2013 Issue of PLN, # 24 Ex 22 – Palma–Salazar v. Davis, # 25 Ex 23 – September 2013 Rejection Notice, # 26 Ex 24 – April 2014 Rejection Notice, # 27 Ex 25 – Listing of ADX Electronic Law Library Content, # 28 Ex 26 – Collins Dep. (Excerpt), # 29 Ex 27 – Letter from ADX to P. Swanson |

| | | | |
|---|---|---|---|
| | | | (2015–09–15), # <u>30</u> Ex 28 – Dunkelberger Dep. (Excerpt), # <u>31</u> Ex 29 – Berkebile Depo (Excerpt), # <u>32</u> Ex 30 – Def.'s 3d Supp. Resp. to Pl.'s Interrog., # <u>33</u> Ex 31 – Suppl. Decl. of Jack Fox, # <u>34</u> Ex 32A – September 2013 Issue of PLN (Part 1 of 2), # <u>35</u> Ex 32B – September 2013 Issue of PLN (Part 2 of 2), # <u>36</u> Ex 33 – Chapman Dep. I (Excerpt), # <u>37</u> Ex 34 – ADX Institution Supplement 5266C.11, # <u>38</u> Ex 35 – Def.'s 1st Supp. Resp. to Pl.'s Interrog., # <u>39</u> Ex 36 – Def.'s Resp. to Pl.'s 2d Interrog., # <u>40</u> Ex 37 – Def.'s Mot. to Dismiss, # <u>41</u> Ex 38 – Chapman Decl., # <u>42</u> Ex 39 – Complaint)(Fulham, Terra) (Entered: 05/14/2018) |
| 05/14/2018 | <u>105</u> | | RESTRICTED DOCUMENT – Level 1: EXHIBIT 10 to <u>104</u> Motion fr Partial Summary Judgment by Plaintiff Prison Legal News.. (Fulham, Terra) (Modified on 5/15/2018 edited to add the name of the document)(evana, ). (Entered: 05/14/2018) |
| 05/14/2018 | <u>106</u> | | MOTION for Summary Judgment by Defendant Federal Bureau of Prisons, The. (Attachments: # <u>1</u> Exhibit Statement of Undisputed Facts, # <u>2</u> Exhibit 1, Chapman Declaration, # <u>3</u> Exhibit 2, Wright Deposition Excerpt, # <u>4</u> Exhibit 3, Matevousian Declaration, # <u>5</u> Exhibit 4, Collins Declaration, # <u>6</u> Exhibit 5, Kelley Declaration)(Prose, Susan) (Entered: 05/14/2018) |
| 05/29/2018 | <u>107</u> | | Unopposed MOTION for Leave to Restrict by Defendant Federal Bureau of Prisons, The. (Attachments: # <u>1</u> Exhibit 1 – Redacted Docket Entry 105, # <u>2</u> Proposed Order (PDF Only))(Prose, Susan) (Entered: 05/29/2018) |
| 05/30/2018 | 108 | | ORDER granting <u>107</u> Motion for Leave to Restrict. SO ORDERED by Judge Raymond P. Moore on 5/30/2018. (Text Only Entry ) (rmsec ) (Entered: 05/30/2018) |
| 06/04/2018 | <u>109</u> | | RESPONSE to <u>106</u> MOTION for Summary Judgment filed by Plaintiff Prison Legal News. (Attachments: # <u>1</u> PLN's Resp. to Def.'s Statement of Facts, # <u>2</u> Declaration of Alyson R. Sandler, # <u>3</u> PLN Opp'n to MSJ Exhibit List, # <u>4</u> Ex. 6 – Email from S. Prose to S. Kiehl, Jan. 17, 2018, # <u>5</u> Ex. 8 – Payne Dep., # <u>6</u> Ex. 9 – Institution Supplement 5266.10C, # <u>7</u> Ex. 10 – Institution Supplement 5266.10D, # <u>8</u> Ex. 11 – Institution Supplement FLM 5266.11A, # <u>9</u> Ex. 12 – Institution Supplement 5266.11B, # <u>10</u> Ex. 13 – Davis Dep., # <u>11</u> Ex. 14 – Berkebile Dep., # <u>12</u> Ex. 15 – Kuta Dep., # <u>13</u> Ex. 16 – Stamper Dep., # <u>14</u> Ex. 17 – Def.'s 6th Supp. Priv. Log, # <u>15</u> Ex. 20 – Chapman Dep. I, # <u>16</u> Ex. 21 – January 2010 Issue (Excerpt), # <u>17</u> Ex. 22 – June 2012 Issue (Excerpt), # <u>18</u> Ex. 23 – April 2014 Issue (Excerpt), # <u>19</u> Ex. 24 – Letter from S. Prose to S. Kiehl, Dec. 7, 2017, # <u>20</u> Ex. 25 – Expert Report of Mark Collins (Excerpt), # <u>21</u> Ex. 26 – Institution Supplement 5266.11D, # <u>22</u> Ex. 27 – Def.'s 1st Supp. Resp. to Pl.'s 2d Interrog., # <u>23</u> Ex. 28 – Def's 2d Supp. Disclosures)(Fulham, Terra) (Entered: 06/04/2018) |
| 06/04/2018 | <u>110</u> | | (RESTRICTED DOCUMENT – Level 1) Exhibit 7 by Plaintiff Prison Legal News.. (Attachments: # <u>1</u> ECF No. 109, Ex. 18 – Fox Dep., # <u>2</u> ECF No. 109, Ex. 19 – Collins Dep.)(Fulham, Terra) Modified to add title on 6/5/2018 (cthom, ). (Entered: 06/04/2018) |
| 06/04/2018 | <u>111</u> | | RESPONSE to <u>104</u> MOTION for Partial Summary Judgment filed by Defendant Federal Bureau of Prisons, The. (Attachments: # <u>1</u> Exhibit BOP's Response, Additional Facts, & Supporting Evidence, # <u>2</u> Exhibit 1, Chapman Declaration, # <u>3</u> Exhibit 2, Kelley Declaration, # <u>4</u> Exhibit 3, Matevousian |

| | | | |
|---|---|---|---|
| | | | Declaration, # 5 Exhibit 4, Collins Declaration, # 6 Exhibit 5, Second Collins Declaration, # 7 Exhibit 6, Dunkelberger Deposition Excerpts)(Prose, Susan) (Entered: 06/04/2018) |
| 06/18/2018 | 112 | | Unopposed MOTION for Leave to Restrict by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only), # 2 Exhibit 1, Doc. 110 (redacted), # 3 Exhibit 2, Doc. 110–1 (redacted), # 4 Exhibit 3, Doc. 110–2 (redacted))(Prose, Susan) (Entered: 06/18/2018) |
| 06/18/2018 | 113 | | REPLY to Response to 104 MOTION for Partial Summary Judgment filed by Plaintiff Prison Legal News. (Attachments: # 1 Exhibit PLN's Reply to Def.'s Resp. and Add'l Facts and Supporting Evidence)(Shapanka, Matthew) (Entered: 06/18/2018) |
| 06/18/2018 | 114 | | REPLY to Response to 106 MOTION for Summary Judgment filed by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Exhibit 1. Reply – Defendant's Statement of Undisputed Material Facts, # 2 Exhibit 2, Chapman Deposition (Excerpts), # 3 Exhibit 3 – Rule 30(b)(6) Objections)(Prose, Susan) (Entered: 06/18/2018) |
| 06/19/2018 | 115 | | ORDER granting 112 Motion for Leave to Restrict. SO ORDERED by Judge Raymond P. Moore on 6/19/2018. (Text Only Entry ) (rmsec ) (Entered: 06/19/2018) |
| 06/27/2018 | 116 | | Unopposed MOTION for Extension of Time to *Submit a Proposed Final Pretrial Order* by Defendant Federal Bureau of Prisons, The. (Attachments: # 1 Proposed Order (PDF Only))(Prose, Susan) (Entered: 06/27/2018) |
| 06/28/2018 | 117 | | MEMORANDUM regarding 116 Unopposed MOTION for Extension of Time to *Submit a Proposed Final Pretrial Order* filed by Federal Bureau of Prisons, The. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 6/28/2018. (Text Only Entry) (rmsec ) (Entered: 06/28/2018) |
| 06/28/2018 | 118 | | ORDER granting 116 Motion for Extension of Time to File. The parties shall submit a proposed Final Pretrial Order on or before July 3, 2018. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/28/2018. Text Only Entry (stvlc2, ) (Entered: 06/28/2018) |
| 07/03/2018 | 119 | | Proposed Pretrial Order by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 07/03/2018) |
| 07/09/2018 | 120 | | MINUTE ENTRY for Final Pretrial Conference held before Magistrate Judge Scott T. Varholak on 7/9/2018. FTR: STV – C203. (morti, ) (Entered: 07/09/2018) |
| 07/09/2018 | 121 | | FINAL PRETRIAL ORDER by Magistrate Judge Scott T. Varholak on 7/9/18. (morti, ) (Entered: 07/09/2018) |
| 07/09/2018 | 122 | | ORDER Setting Case for Trial. 3 day Bench Trial set for 3/5/2019 at 09:00 AM in Courtroom A 601 before Judge Raymond P. Moore. Trial Preparation Conference set for 2/1/2019 at 01:30 PM in Courtroom A 601 before Judge Raymond P. Moore. ORDERED by Judge Raymond P. Moore on 7/9/2018. (cthom, ) Modified to correct text on 7/9/2018 (cthom, ). (Entered: 07/09/2018) |

| 09/10/2018 | 123 | | Unopposed MOTION to Withdraw as Attorney by Plaintiff Prison Legal News. (Shapiro, David) (Entered: 09/10/2018) |
|---|---|---|---|
| 09/10/2018 | 124 | | MEMORANDUM regarding 123 Unopposed MOTION to Withdraw as Attorney filed by Prison Legal News. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 9/10/2018. (Text Only Entry) (rmsec ) (Entered: 09/10/2018) |
| 09/10/2018 | 125 | | ORDER granting 123 Motion for Withdrawal of Appearance. Attorney David M. Shapiro is relieved of any further representation of Plaintiff. The Clerk of Court is instructed to terminate Attorney Shapiro as counsel of record, and to remove his name from the electronic certificate of mailing. SO ORDERED, by Magistrate Judge Scott T. Varholak on 9/10/2018. Text Only Entry (stvlc1, ) (Entered: 09/10/2018) |
| 10/25/2018 | 126 | 18 | ORDER denying as moot 104 Motion for Partial Summary Judgment and granting 106 Motion for Summary Judgment. Entered by Judge Raymond P. Moore on 10/25/2018. (cpear) (Entered: 10/25/2018) |
| 10/25/2018 | 127 | 31 | FINAL JUDGMENT pursuant to 126 Order. Entered by the Clerk of the Court on 10/25/2018. (cpear) (Entered: 10/25/2018) |
| 11/08/2018 | 128 | | Proposed Bill of Costs by Defendant Federal Bureau of Prisons, The. (Prose, Susan) (Entered: 11/08/2018) |
| 11/21/2018 | 129 | | MOTION to Stay *Proceedings on Defendant's Bill of Costs Pending Appeal* by Plaintiff Prison Legal News. (Attachments: # 1 Proposed Order (PDF Only))(Sandler, Alyson) (Entered: 11/21/2018) |
| 11/23/2018 | 130 | | ORDER granting 129 Motion to Stay. Briefing and resolution of Defendant's Bill of Costs is stayed until the conclusion of any appeals in this matter. SO ORDERED by Judge Raymond P. Moore on 11/23/2018. (Text Only Entry ) (rmsec ) (Entered: 11/23/2018) |
| 11/28/2018 | 131 | | NOTICE of Bill of Costs Hearing Date by Clerk. The hearing date of Dec. 18, 2018 scheduled on Defendant's Bill of Costs – Docket No. 128 is hereby VACATED. The Clerk requests the parties to re–file the bill of costs or file an original bill of costs – depending on the outcome of the appeal – using the Proposed Bill of Costs docket event in the CM/ECF system. Entered by Clerk on Nov. 28. 2018. (ebutl) (Entered: 11/28/2018) |
| 12/21/2018 | 132 | 32 | NOTICE OF APPEAL as to 126 Order on Motion for Partial Summary Judgment, Order on Motion for Summary Judgment, 127 Judgment by Plaintiff Prison Legal News (Filing fee $ 505, Receipt Number 1082–6451962) (Sandler, Alyson) (Entered: 12/21/2018) |

Case No. 1:15-cv-02184-RM-STV   Document 133-1 filed 12/21/18   USDC Colorado   pg 18
Case 1:15-cv-02184-RM-STV   Document 126   Filed 10/25/18   Page 1 of 15
of 34

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 15-cv-02184-RM-STV

PRISON LEGAL NEWS,

     Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,

     Defendant.

---

## ORDER

---

This matter comes before the Court on Defendant's motion for summary judgment (ECF No. 106); Plaintiff's opposition to the motion (ECF No. 109); and Defendant's reply (ECF No. 114). For the reasons stated below, the motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE as MOOT.

## I. Introduction

Plaintiff Prison Legal News ("PLN") produces *Prison Legal News*, a monthly magazine designed to help inmates navigate the criminal justice system, and sends it to subscribing inmates, including several at the Administrative Maximum Facility ("ADX") in Florence, Colorado. ADX is administered by Defendant the Federal Bureau of Prisons ("BOP"). Per BOP regulations, inmates may receive publications like *Prison Legal News* unless they are "detrimental to the security, good order, or discipline of the institution or . . . might facilitate criminal activity." 28 C.F.R. § 540.71(b). BOP regulations further require that "the Warden shall review the individual publication prior to the rejection of that publication." *Id.* § 540.71(c).

Case No. 1:15-cv-02184-RM-STV   Document 133-1   filed 12/21/18   USDC Colorado   pg 19
Case 1:15-cv-02184-RM-STV   Document 126   Filed 10/25/18   Page 2 of 15
of 34

"Where a publication is found unacceptable, the Warden shall promptly advise the inmate in writing of the decision and the reasons for it," *id.* § 540.71(d), and provide the sender of the unacceptable publication with a copy of the rejection letter, *id.* § 540.71(e).  Publishers and inmates can both appeal rejection decisions.

Between January 2010 and April 2014, the BOP refused to deliver eleven issues of *Prison Legal News* to prisoners at ADX.  The BOP notified inmates of the rejections by letter, stating that the issues were rejected, at least in part, because of references to BOP inmates and staff members.  This is referred to as the "name-alone practice."  The letters did not explain how such references were detrimental to the security of ADX.  The BOP asserts that copies of the rejection letters were mailed to PLN, but PLN alleges that it never received one of the letters and that some of them were not received until six to nine months after the rejections.  PLN appealed four of the rejections, but the BOP's Regional Director upheld them without additional explanation.  In response to further inquiry by PLN, the Regional Director explained that one issue was rejected because it contained information on BOP inmates and that "[s]pecific inmate names, location housed, case details, and other information may pose a security concern." (ECF No. 1-6 at 2.)

The name-alone practice remained in place until after PLN filed this lawsuit in October 2015.  The lawsuit prompted the BOP to reevaluate the previously rejected issues, and it decided to deliver them to inmates who were still at ADX in March 2017.  The name-alone practice was formally and expressly abolished in the BOP's December 2017 supplement to its policy on incoming publications.

Case No. 1:15-cv-02184-RM-STV   Document 133-1   filed 12/21/18   USDC Colorado   pg 20
Case 1:15-cv-02184-RM-STV   Document 126   Filed 10/25/18   Page 9 of 15
of 34

## II. Procedural History

### A. PLN's Complaint

PLN filed its complaint in October 2015, asserting the BOP violated its First Amendment

rights by censoring protected speech ("Claim One"); violated its Fifth Amendment rights by

failing to provide timely and adequate notice of the rejections ("Claim Two"); and violated the

Administrative Procedure Act ("APA") by acting arbitrarily and capriciously ("Claim Three").

The gist of Claim One is that the BOP of should not have considered an issue of PLN's

magazine detrimental to the security of ADX simply because it contained information about a

BOP inmate or staff member, particularly when that information was already known to inmates

or available to them or the public through other means. PLN also challenges the BOP's policy of

rejecting issues of *Prison Legal News* in their entirety, rather than redacting portions that were

deemed unacceptable. The gist of Claim Two is that the BOP failed to provide timely and

adequate notification to PLN about the rejections. PLN alleges that it received some of the

rejection letters six to nine months after the publications were rejected and in one instance never

received a letter. PLN also alleges that none of the letters adequately explained how the content

of its magazine was detrimental to the security of ADX. Claim Three reiterates the same basic

allegations as an ADA claim.

PLN seeks a declaration that the BOP's conduct violated the First and Fifth Amendments

and the APA; injunctive relief compelling the BOP to deliver the rejected issues and any future

issues "absent a legitimate penological interest supported by specific facts" (ECF No. 1 at 16);

injunctive relief compelling the BOP to provide, if any future issues are censored, "timely,

individualized, specific, and detailed notice that includes an explanation of why the article(s) or

page(s) in question are subject to censorship under 28 C.F.R. § 540," (*id.*); and costs and attorney

fees.

### B. The BOP's Motion to Dismiss

In July 2016, the BOP moved to dismiss the complaint, arguing that changes to its policy

on incoming publications rendered part of Claim One moot and that the voluntary-cessation

exception to the mootness doctrine did not apply.  According to the BOP, the February 2016

supplement abolished the name-alone practice, established enhanced review procedures before a

publication could be rejected, and instituted additional training for BOP staff regarding the

review procedures.  Rejections were reduced significantly under the revised policy, and the BOP

had declared its intention that the name-alone practice would not be reinstated.  Once the eleven

previously rejected issues were reviewed under the revised policy, they were accepted and

delivered to those inmates still at ADX.  Thus, the BOP contended, it had done everything it

could do to address PLN's complaint, and PLN was no longer suffering from an actual injury

that could be redressed by a favorable decision.  The BOP also argued PLN failed to state a

claim regarding the BOP's practice of rejecting publications in their entirety rather than

redacting unacceptable portions or removing pages.  The BOP contended that the Supreme Court

upheld a similar practice in *Thornburgh v. Abbott*, 490 U.S. 401, 418-19 (1989) ("[T]he

administrative inconvenience of [tearing out the rejected portions of a publication] is . . . a factor

to be considered and adds additional support to the District Court's conclusion that petitioners

were not obligated to adopt it.").

With respect to Claim Two, the BOP argued that PLN failed to state a due-process claim

because it had in fact received notice and an opportunity to be heard regarding each of the

rejections.  The BOP asserted that in accordance with its administrative procedures, it had mailed

rejection letters to PLN shortly after it delivered them to the inmates, and it argued that PLN's unsupported assertions that one of them was never received and that others were not received until six to nine months after the rejections were not entitled to the presumption of truth.  PLN was informed by inmates about the rejection for which it allegedly did not receive a letter; therefore, it had actual notice of the rejection.  The BOP also pointed out that with respect to four of the notices, PLN had availed itself of the opportunity to be heard by appealing to the Regional Director.  Although PLN was not satisfied with the outcome of these appeals, the BOP contended that the requirements of due process were met.

The BOP argued that the reasons for dismissing the constitutional claims also supported dismissing Claim Three, which was brought under the APA.

### C.  Denial of the BOP's Motion

The Court concluded that the BOP's reliance on its revised policy on incoming publications was misplaced because "the February 2016 supplement change[d] very little if anything about ADX's treatment of incoming publications."  (ECF No. 81 at 8.)   The case was not moot, the Court ruled, because the revised policy did not actually eliminate the name-alone practice or address a core concern of PLN's complaint—that issues of *Prison Legal News* had been deemed "detrimental to the security, good order, or discipline of the institution" under § 540.71(b) simply because they included the names of BOP inmates or staff members.  Nor did the February 2016 supplement change the way a publisher would be notified if a publication was rejected.  Indeed, it was "entirely silent on the subjects of timeliness of notice and providing reasons for a rejection."  (ECF No. 81 at 12.)  In light of the shortcomings of the February 2016 supplement, the Court concluded it did not moot PLN's claims.

Case No. 1:15-cv-02184-RM-STV   Document 133-1   filed 12/21/18   USDC Colorado   pg 23
Case 1:15-cv-02184-RM-STV   Document 126   Filed 10/25/18   Page 6 of 15
of 34

The Court also ruled that the claims were not moot because the voluntary-cessation

exception to the mootness doctrine applied. *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209,

1214 (10th Cir. 2015) ("A plaintiff's claim is not rendered moot by the voluntary cessation of a

challenged practice which the defendant is free to resume at any time."). Although the BOP had

reevaluated the previously rejected issues under its revised policy and delivered them to inmates

who were still at ADX, the Court noted that this occurred only after PLN filed the lawsuit.

Moreover, despite PLN's earlier appeals of the rejections, the BOP had twice declined to make

any changes to its procedures or policies. As a result, the BOP was not entitled to a presumption

of good faith. Further, the BOP had not met its burden of establishing that the February 2016

supplement had completely and irrevocably eradicated the effects of the alleged violations of

PLN's rights or that its challenged practices could not reasonably be expected to recur.

### D. The BOP's Motion for Summary Judgment

The BOP filed an answer (ECF No. 88) in September 2017 and then its motion for

summary judgment (ECF No. 106) in May 2018. The BOP now asserts that PLN's claims are

mooted by the December 2017 supplement to its policy on incoming publications. Through its

current warden, the BOP has declared its intention to maintain the new policy going forward.

Pertinent paragraphs of that policy are quoted in part below, with portions that were added since

the February 2016 supplement in italics:

> B. The receiving [Correctional Systems Officer] will review all incoming
> publications for potentially objectionable content in accordance with 28 C.F.R.
> § 540.70 *et seq.* If content is preliminarily deemed objectionable by the receiving
> CSO, the objectionable incoming publication will be forwarded to the Special
> Investigative Services (SIS) department for additional review in accordance with
> 28 C.F.R. § 540.70 et seq. SIS staff will review each individual incoming
> publication and, if rejection is recommended, prepare a letter for the Warden's
> signature. *All recommended rejection letters must notate, in writing, specific
> objectionable pages and content, as well as the national policy and Code of Federal
> Regulations citation.*

Case No. 1:15-cv-02184-RM-STV   Document 133-1   filed 12/21/18   USDC Colorado   pg 24
Case 1:15-cv-02184-RM-STV   Document 126   Filed 10/25/18   Page 7 of 15
of 34

> C.  *An incoming publication at the ADX may not be rejected solely because it discusses an ADX or [BOP] inmate, or BOP staff member.  When a publication identifies and discusses an ADX or BOP inmate, or BOP staff member, SIS staff must conduct an individualized assessment of each such incoming publication, taking into account specific information about the inmate or staff member, the content of the article, how that information may affect institutional security at the ADX, and include an evaluation of the factors in 28 C.F.R. § 540.70(b).  Staff should rely upon his/her correctional experience, using sound correctional judgment, in making this individualized assessment.*

> . . . .

> G.  *When an incoming publication is rejected, the Warden will promptly advise the inmate and publisher in writing of the decision and the reason(s) for it.  The notice must contain reference to the specific article(s) or material(s) considered objectionable, including page references and quotes from the incoming publication.  The Warden will advise the publisher or sender that the publisher may obtain independent review of the rejection by writing to the Regional Director within 20 days of the rejection letter.  Ordinarily, the rejection notice will be mailed to the publisher within ten business days from the Warden's signature date.*

(ECF No. 106-2 at 20-21.)

The BOP's motion is fully briefed, as is PLN's motion for partial summary judgment

(ECF No. 104).

## III.  Summary Judgment and Mootness

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.*  "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (brackets and quotation

Case No. 1:15-cv-02184-RM-STV Document 133-1 filed 12/21/18 USDC Colorado pg 25
Case 1:15-cv-02184-RM-STV Document 126 Filed 10/25/18 Page 8 of 15
of 34

omitted). "Unsupported conclusory allegations . . . do not create a genuine issue of fact." *In re Grandote Country Club Co.*, 252 F.3d 1146, 1149 (10th Cir. 2001).

Before reaching the merits of this case, however, we must consider the jurisdictional question of mootness. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Ind*, 801 F.3d at 1213 (quotation omitted). When a lawsuit is filed, a plaintiff must demonstrate "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). However, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhrman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (quotation omitted).

Voluntary cessation is an exception to the mootness doctrine. "A plaintiff's claim is *not* rendered moot by the voluntary cessation of a challenged practice which the defendant is free to resume at any time." *Ind*, 801 F.3d at 1214 (emphasis added). "Voluntary cessation *may* moot litigation, however, if . . . (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (quotation omitted). "The defendant bears the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* (brackets and quotation omitted).

## IV. Discussion

This case has evolved in three important ways since the Court's denial of BOP's motion for summary judgment. First, the BOP issued the December 2017 supplement to its policy on

Case No. 1:15-cv-02184-RM-STV  Document 133-1 filed 12/21/18  USDC Colorado  pg 26
Case 1:15-cv-02184-RM-STV  Document 126  Filed 10/25/18  Page 9 of 15
of 34

incoming publications.  That supplement directly addresses the core concerns of PLN's complaint in ways that the February 2016 supplement was found to be lacking.  Second, the matter is before the Court on a motion for summary judgment.  As such, the Court need not accept as true factual allegations in PLN's complaint that are not supported by evidence in the record.  *See In re Grandote Country Club*, 252 F.3d at 1150 ("To withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." (quotation omitted)).  Third, PLN has crystalized its position that it is bringing only "*as-applied* claims under the First and Fifth Amendments."  (ECF No. 109 at 18.)

### A.  Claim One

Paragraph C of the December 2017 supplement (quoted above in full) proscribes the rejection of a publication "solely because it discusses an ADX or [BOP] inmate, or BOP staff member."  (ECF No. 106-2 at 21, ¶ C).  The December 2017 supplement expressly ends the name-alone practice, and there is no evidence that the name-alone practice persisted beyond December 2017.  Less clear is the extent to which the practice was phased out while the February 2016 supplement was still in effect.  The previously rejected issues of *Prison Legal News* were delivered to inmates who were still at ADX in March 2017.  There is no evidence that any of those issues could be rejected under the December 2017 supplement, which, like the February 2016 supplement, continues to allow the rejection of a publication that is detrimental to the security of ADX.  *See* § 540.71(b).  "[A] plaintiff's continued susceptibility to injury must be reasonably certain; a court will not entertain a claim for injunctive relief where the allegations take it into the area of speculation and conjecture."  *Jordan*, 654 F.3d at 1024 (brackets and quotation omitted).  Because the previously rejected issues have been delivered and the BOP's

policy going forward has changed, PLN's as-applied challenge to the BOP's allegedly improper rejection of them can proceed no further.

PLN contends that the effects of the rejections have not been completely and irrevocably eradicated by the elimination of the name-alone practice, but it has not shown that it faces a credible threat that its publications will be improperly rejected on some other basis. *See Jordan*, 654 F.3d at 1024 ("[A] court will not entertain a claim for injunctive relief where the allegations take it into the area of speculation and conjecture." (brackets and quotation omitted)). PLN also contends that the BOP's policy may be changed by a future warden. But "that possibility does not breathe life into an otherwise moot case." *Brown v. Buhman*, 822 F.3d 1151, 1175 (10th Cir. 2016). The prospect that the BOP will resume censoring the PLN's magazine under the name-alone practice or for some other unspecified and improper reason is speculative and remote. *See id.* at 1176.

To the extent PLN contends that the BOP's practice of rejecting issues *Prison Legal News* in their entirety violates its rights, all of the previously rejected issues have issues have been delivered, so it cannot meet the injury-in-fact requirement. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). PLN has not identified any continuing, present adverse effects associated with this practice. Therefore, Claim One is now moot.

### B. Claim Two

Some of PLN's allegations with respect to this claim, though sufficient to withstand the BOP's motion to dismiss, are insufficient to withstand BOP's motion for summary judgment. First, although PLN alleges that it did not receive a rejection letter regarding the BOP's rejection

Case No. 1:15-cv-02184-RM-STV   Document 126   filed 12/21/18   USDC Colorado   pg 28
Case 1:15-cv-02184-RM-STV   Document 133-2   Filed 10/25/19   Page 11 of 19
of 34

of the November 2011 issue of *Prison Legal News*, it does not cite any evidence to support this

allegation. The record includes a copy of the letter, which states it was sent to PLN. The lack of

evidence supporting PLN's contention, along with the presumption of regularity that attaches to

administrative procedures, *see, e.g.*, *Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004),

compels the Court to conclude that PLN has not carried its burden of showing a genuine issue of

material fact with respect to this issue. And in any event, PLN concedes that it received actual

notice of the rejection from subscribing inmates who did receive rejection letters.

Second, PLN's allegation regarding to the six-to-nine-month delay in receiving rejection

letters also lacks evidentiary support. The BOP states that in accordance with its administrative

procedures, the letters were mailed to PLN either in the same month as the date of publication or

within the following month. The BOP further states that it "is without knowledge or information

sufficient to form a belief as to the date on which [PLN] received the rejection notices or the

reasons that may have caused any delay." (ECF No. 88 at 8, ¶ 38.) Again, PLN's unsupported

allegation is insufficient to overcome the presumption of regularity that attaches to

administrative procedures, *see Yuk*, 355 P.3d at 1232, and the Court declines to accept it as true

at this stage of the litigation.

Paragraph G of the December 2017 supplement provides that rejection notices will

ordinarily be sent to the publisher within ten business days after a publication is rejected. This

appears to shore up a key deficiency in the BOP's policy identified by the Court in its denial of

the BOP's motion to dismiss. PLN has not shown that this addition to the BOP's policy is

insufficient to satisfy its due-process concerns stemming from its as-applied challenge to the

BOP's rejection of eleven issues of its magazine. *See Rio Grande Silvery Minnow v. Bureau*

*of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) ("The crucial question [when determining

whether a claim is moot] is whether granting a *present* determination of the issues offered will have some effect in the real world." (quotation omitted)).

With respect to the whether the BOP provided adequate reasons for rejecting the eleven issues, PLN has not shown that the December 2017 supplement did not moot those concerns. With its decision to deliver the previously rejected issues, the BOP effectively rescinded the rejection letters. Because the rejection letters are no longer pending and the BOP has modified its policy on notifying publishers about rejections, there is no basis to conclude that PLN's continued susceptibility to injury is reasonably certain. Moreover, paragraphs E and G require added specificity for recommendations for rejection, which must contain "specific objectionable pages and the national policy cite," (*id.* at ¶ E), and the rejection notices themselves, which must contain "reference to the specific article(s) or material(s) considered objectionable, including page references and quotes from the incoming publication," (*id.* at ¶ G). The Court concludes the BOP has carried its burden to show that there is no reasonable possibility that the alleged violations will recur. Accordingly, this claim, too, is now moot.

### C. Claim Three

In light of the Court's conclusion that PLN's constitutional claims are now moot, PLN has not shown the BOP acted arbitrarily or capriciously. Therefore, the APA claim is also moot.

**V.  Conclusion**

The BOP's motion for summary judgment (ECF No. 106) is GRANTED and the case is DISMISSED WITHOUT PREJUDICE as MOOT.  PLN's pending motion for partial summary judgment (ECF No. 104) is DENIED as MOOT.

DATED this 25th day of October, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

Case No. 1:15-cv-02184-RM-STV   Document 127   filed 12/20/18   USDC Colorado   pg 31
Case 1:15-cv-02184-RM-STV   Document 133-1   Filed 10/25/18   Page 1 of 1
of 34

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   15-cv-02184-RM-STV

PRISON LEGAL NEWS,

     Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,

     Defendant.

---

## FINAL JUDGMENT

---

     In accordance with the orders filed during the pendency of this case, and pursuant

to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order entered by Judge Raymond P. Moore on October 25, 2018, it is

ORDERED that judgment is entered in favor of Defendant and against Plaintiff.   It is

FURTHER ORDERED that, within 14 days of the entry of this Order, Defendant may

have its costs by filing a Bill of Costs with the Clerk of the Court in accordance with the

procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed

by the Clerk of the Court.   It is

     FURTHER ORDERED that this case is closed.

     Dated this 25th day of October, 2018.

                  FOR THE COURT:
                  JEFFREY P. COLWELL


                  By:   s/C. Pearson
                      C. Pearson, Deputy Clerk

Case No. 1:15-cv-02184-RM-STV  Document 133-1  Filed 12/21/18  USDC Colorado  pg 32
Case 1:15-cv-02184-RM-STV  Document 132  Filed 12/21/18  Page 1 of 3
of 34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-CV-02184-RM-STV

PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,

      Plaintiff,

      v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

## NOTICE OF APPEAL

---

      Notice is hereby given that Plaintiff Prison Legal News hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Court's Order granting summary judgment to Defendant Federal Bureau of Prisons (Dkt. No. 126) and the Final Judgment (Dkt. No. 127), both entered in this action on the 25th day of October, 2018.

Case No. 1:15-cv-02184-RM-STV Document 132 Filed 12/21/18 USDC Colorado pg 33
Case 1:15-cv-02184-RM-STV Document 132 Filed 12/23/18 Page 2 of 10
of 34

DATED: December 21, 2018.

Sabarish Neelakanta
Masimba Mutamba
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Email:
sneelakanta@humanrightsdefensecenter.org
mmutamba@humanrightsdefensecenter.org

*Of Counsel:*

Elliot Mincberg
Washington Lawyers' Committee for Civil
Rights & Urban Affairs
11 Dupont Circle NW
Suite 400
Washington, DC 20036
Telephone: (202) 319-1000
Email: elliot_mincberg@washlaw.org

Respectfully submitted,

*s/ Alyson R. Sandler*

Steven D. Zansberg
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 376-2409
FAX: (303) 296-3956
E-mail: zansbergs@ballardspahr.com

Peter A. Swanson
Terra W. Fulham
Matthew S. Shapanka
Alyson R. Sandler
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
FAX: (202) 662-6291
E-mail: pswanson@cov.com
        tfulham@cov.com
        mshapanka@cov.com
        asandler@cov.com

*Attorneys for Plaintiff Prison Legal News*

Case No. 1:15-cv-02184-RM-STV    Document 132-1    Filed 12/21/18    USDC Colorado    pg 34
Case 1:15-cv-02184-RM-STV    Document 133    Filed 12/21/18    USDC Colorado    Page 3 of 34
of 34

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018 I served the foregoing by electronic mail, pursuant to consent received under Federal Rule of Civil Procedure 5(b)(2)(e), upon:

Susan Prose
Marcy Cook
Assistant United States Attorney
U.S. Attorney's Office for the District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
Susan.Prose@usdoj.gov
Marcy.Cook@usdoj.gov

Clay Cook
Kaitlin Turner
Federal Correctional Complex-Florence
Legal Services
P.O. Box 8500
5880 State Highway 67 South
Florence, CO 81226
c2cook@bop.gov
k1turner@bop.gov

*Counsel for Defendant Bureau of Prisons*

                                        *s/ Alyson R. Sandler*
                                        Alyson R. Sandler

                                        *Attorney for Prison Legal News*